FILED
SCRANTON
OCT 08 2026
PER ____________
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ERIC D. BARTELS, Appellant
v.
JILL E. DURKIN, Appellee

Civil Action No. 3:26-cv-02620-KM
(Mehalchick, J.)

**MOTION FOR LIMITED JUDICIAL NOTICE AND LIMITED CONSIDERATION OF SPECIFIED BANKRUPTCY FILINGS**

Appellant Eric D. Bartels moves under Federal Rule of Bankruptcy Procedure 8013 and Federal Rule of Evidence 201 for limited notice and consideration of the filings identified below. The request concerns the appeal from the September 11, 2026 retention order, Bankruptcy Doc. 181. It does not seek a stay, discovery relief, or review of a different order.

## I. The specific records and requested uses

1. Exhibit A is the six-page main document at Bankruptcy Doc. 199, filed September 17, 2026. The Trustee called a Rule 2004 examination of Bartels "forthcoming," but immediately acknowledged that no examination motion had been filed. Paragraph 16 likewise anticipates examinations without reporting a filed request. Ex. A at A-2, A-5. Both parts of that position must be considered together.

2. Notice is requested of the Trustee's stated position, not of a completed examination or inevitable future process. The statement bears on the announced investigative connection to Bartels and any continuing-controversy argument. It cannot retroactively create standing or show error from information unavailable when retention was approved. The pre-order connection is addressed independently in Bankruptcy Doc. 156 ¶¶ 28, 33 and the September 10 hearing transcript at 7:9–13 (Doc. 202).

3. Exhibit B is the signed, one-page order at Bankruptcy Doc. 206, entered October 1, 2026. It denied the Trustee's motion to enforce the automatic stay, Doc. 152, without prejudice after no stipulation or request to relist was filed. Notice is requested only to give the accurate subsequent procedural posture. The order neither approved Malak's joinder nor decided the merits of a co-plaintiff proposal. It does not establish that such a proposal remains pending.

4. Exhibit C contains selected public filings from *Luxury Time Global, LLC v. Peter Malak*, Adv. No. 5:25-ap-00047-MJC: docket excerpts showing entries 15–24 (C-1–C-2); the filed first amended complaint, Doc. 15 (C-3–C-10); the conditional consent stipulation, Doc. 16 (C-11); and the dismissal order, Doc. 22 (C-12). The supplemental designation, Bankruptcy Doc. 197 at 2, identified the relationship between this history and the proposed cooperation arrangement.

5. The requested notice is exact and limited: Doc. 15 alleged insider status and control; Doc. 16 conditioned consent on dismissal without prejudice upon conversion; the docket records the September 9, 2025 proceeding and treats the stipulation as moot; and Doc. 22 dismissed the adversary proceeding without prejudice. Ex. C at C-1–C-2, C-6–C-7, C-11–C-12. These are notice of filed positions and disposition, not findings that Malak was an insider, received avoidable transfers, or remains liable on a presently viable claim.

6. This sequence supplies procedural context for the co-plaintiff and discovery discussion already recorded at the August 25, 2026 hearing. Doc. 201, Tr. 19:12–24, 21:9–14, 21:22–24. Appellant does not ask this Court to decide Malak's liability or infer that cooperation itself was disqualifying. Nor does designation alone establish that these separate-adversary materials were considered in the retention ruling. No new tort, threat, tax, or business-misconduct evidence is offered by this motion.

**II. The governing limits support this narrow request**

7. Rule 201 permits notice of facts accurately ascertainable from sources whose accuracy cannot reasonably be questioned, at any stage, with an opportunity to be heard. Fed. R. Evid. 201(b)(2), (c)(2), (d), (e). The attached court filings identify their case, docket number, filing date, and text. Appellant requests notice of their existence, stated positions, and procedural disposition—not the truth of disputed allegations.

8. *Indian Palms* distinguishes those uses from using filed allegations to resolve disputed merits facts. *In re Indian Palms Assocs., Ltd.,* 61 F.3d 197, 203–06 (3d Cir. 1995). The requested use preserves that distinction. *Gilbert* also confirms that designation does not entitle a party to include every bankruptcy filing, especially where material could not have formed the basis of the decision under review. *In re Gilbert*, 120 F.4th 114 (3d Cir. 2024), No. 23-2944, slip op. at 16–18 (Oct. 24, 2024).

9. Docs. 199 and 206 postdate retention. Appellant therefore does not characterize them as evidence accidentally omitted from the pre-order merits record under Rule 8009(e)(2). Questions about what occurred below are reserved to the bankruptcy court under Rule 8009(e)(1); remaining record questions fall under Rule 8009(e)(3). This motion seeks a limited notice ruling, not a finding that the retention judge considered these later filings or every item in Exhibit C.

## III. Relief requested

10. Appellant requests that the Court: (a) take notice of the filing, stated positions, and procedural disposition identified in paragraphs 1–6; (b) permit references in appellate briefing only for those stated, relevant purposes; and (c) preserve all objections to relevance, preservation, standing, evidentiary use, and the merits. Each exhibit is a severable request. If a requested use is rejected, the appeal may be evaluated on the properly reviewable record without that material.

The parties may address the requested uses under Rule 8013 and Rule 201(e). Appellant does not seek an extension of the briefing deadline, adjudication of the withdrawn notice/stay request, or a ruling on sanctions. No allegation in these exhibits is tendered as an adjudicated fact merely because it was filed.

Respectfully submitted,

Signature: ______________________

Eric D. Bartels, Appellant, pro se
6 Dickinson Close
Moosic, PA 18507
(570) 479-7141 | edb5020@gmail.com

Date: 10/8/2026

**CERTIFICATE OF CONCURRENCE REQUEST**

Pursuant to Local Rule 7.1, I certify that I sought concurrence as recorded below.

Each entry reports the actual response or no response as of the stated date and time.

**Jill E. Durkin, Appellee/Trustee**
Request date/method: ______________________________
Response/status and as-of date: ______________________

**Joseph P. Schalk, for the United States Trustee**
Request date/method: ______________________________
Response/status and as-of date: ______________________

**Beverly Weiss Manne, Tucker Arensberg, P.C.**
Request date/method: ______________________________
Response/status and as-of date: ______________________

**Justin Gendler, Gendler & Gendler, PLLC**
Request date/method: ______________________________
Response/status and as-of date: ______________________

**David J. Harris, counsel to Peter Malak**
Request date/method: ______________________________
Response/status and as-of date: ______________________

**C. Stephen Gurdin, Jr., counsel to the Debtor**
Request date/method: ______________________________
Response/status and as-of date: ______________________

**Lisa M. Doran, counsel to ORAFI, Inc.**
Request date/method: ______________________________
Response/status and as-of date: ______________________

Date: 10/8/2026 Signature: [signature]

**CERTIFICATE OF COMPLIANCE**

Under Rules 8013(f)(3)(A) and 8015(h), I certify that this motion contains 889 words by computer-generated count, including the caption, headings, and signature block, and excluding these certificates and the accompanying exhibits and proposed order. It is prepared in 14-point proportionally spaced serif type, with double-spaced argument.

Date: 10/8/2026 Signature: ____________________

**CERTIFICATE OF USE OF GENERATIVE AI**

OpenAI ChatGPT (Codex) assisted in drafting and formatting this motion, its certificates, the separate proposed order, and the exhibit index, dividers, labels, and assembly. The reproduced court documents are source documents, not AI-authored filings.

Pursuant to paragraph 8 of the Bankruptcy Appeal Practice Order, I certify that a person has checked the accuracy of all AI-assisted portions of these filings, including all citations and legal authority.

Person who performed the accuracy check: Eric Brunstad
Date: 10/8/2026 Signature: ____________________

**CERTIFICATE OF SERVICE**

I certify that on 10/8/2026, I served true and correct copies of this motion, Exhibits A-C, and the separate proposed order by depositing them in the United States mail, first-class postage prepaid, addressed as follows: Asked for email service concurrent due to size.

| | |
|---|---|
| Jill E. Durkin, Appellee/Trustee<br>401 Marshbrook Road<br>Factoryville, PA 18419 | Joseph P. Schalk, Esq.<br>Office of the United States Trustee<br>1501 North 6th Street, Box 302<br>Harrisburg, PA 17102 |
| Beverly Weiss Manne, Esq.<br>Tucker Arensberg, P.C.<br>1500 One PPG Place<br>Pittsburgh, PA 15222 | Justin Gendler, Esq.<br>Gendler & Gendler, PLLC<br>P.O. Box 450135<br>Sunrise, FL 33345 |
| David J. Harris, Esq.<br>67-69 Public Square, Suite 700<br>Wilkes-Barre, PA 18701 | C. Stephen Gurdin, Jr., Esq.<br>67-69 Public Square, Suite 501<br>Wilkes-Barre, PA 18701-2512 |
| Lisa M. Doran, Esq.<br>Doran & Doran, P.C.<br>69 Public Square, Suite 700<br>Wilkes-Barre, PA 18701 | |

Signature: ______________________
Eric D. Bartels