FILED
SCRANTON
OCT [illegible]8 202[illegible]
PER ____
DEPUTY CLERK

# EXHIBIT A

Bankruptcy Case No. 5:25-bk-00912-MJC
Doc. 199, filed September 17, 2026

Main document, all six pages.
The unsigned proposed order and service attachment are omitted.

Requested use: the Trustee's stated position, including both her description of an anticipated examination and her express acknowledgment that no examination motion had been filed.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Luxury Time Global, LLC | : | Case No. **5:25-bk-00912-MJC** |
| | : | |
| Debtor | : | |

**OBJECTION OF CHAPTER 7 TRUSTEE JILL E. DURKIN TO MOTION OF ERIC DAVID BARTELS FOR STAY UNDER BANKRUPTCY RULE 8007**

Jill E. Durkin, Chapter 7 Trustee (the "**Trustee**") for the estate of Luxury Time Global, LLC (the "**Debtor**"), by her undersigned counsel, files this Objection to the Motion of Eric David Bartels ("**Bartels**") for a Stay Pending Appeal under Bankruptcy Rule 8007(a) and Other Relief [ECF No. 185] (the "**Stay Motion**") and in support thereof, states as follows:

## PRELIMINARY STATEMENT

Following numerous objections by Bartels and a hearing, the Court entered its Order [ECF No. 181] (the "**Retention Order**") Granting Trustee's Amended Application to Employ Special Counsel [ECF No. 151] (the "**Amended Application**"). Bartels immediately filed an appeal of the Retention Order and also filed the Stay Motion.

The Court must deny the Stay Motion. The Court should also deny further attempts by Bartels to run up the Trustee's expenses and rule that Bartels cannot file further replies or sur-replies.

First, just as Bartels lacked standing to objection to the Amended Application, Bartels lacks standing to appeal the Retention Order. Second, Bartels is unlikely to prevail on appeal. Third, the appeal is taken in bad faith: the continuous litigation efforts and attempts to stall the Trustee's efforts to perform her statutory duties are a bad faith effort by Bartels to delay and interfere with the Trustee carrying out her duties, and is unreasonably running up fees and expenses of the Estate

and impairing the Trustee's efforts to undertake investigations and litigation relative to voidable transfers and fraudulent conveyances. Fourth and finally, the Stay Motion is not seeking relief under Rule 8007(a): it is seeking a prospective injunction to set procedures for the Trustee's forthcoming Rule 2004 examination of Bartels. Notably, no such Rule 2004 motion has been filed. If and when it is filed, it will comply the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure. Thus, the Stay Motion is seeking relief for a matter not yet existing.

This completely frivolous filing must be overruled and the relief denied. Further, given the obvious bad faith in operation here, the Court should also deny further attempts by Bartels to run up the Trustee's expenses and rule that Bartels cannot file further replies or sur-replies.

## BACKGROUND

1. On April 2, 2025 (the "**Petition Date**"), the Debtor filed the above-captioned case as a small business Chapter 11 case.

2. By Order dated August 22, 2025 [ECF No. 92], this case was converted to a chapter 7 case on the Motion of the Office of the United States Trustee [ECF No. 42] (the "**Motion to Convert**").

3. In support of the Motion to Convert, on July 8, 2025, Nicole Watson, a Bankruptcy Auditor employed by the Office of the United States Trustee for the Middle District of Pennsylvania and assigned to review the above-captioned case (the "**Auditor**") filed a Declaration in Support of the Motion to Convert [ECF No. 73] (the "**Declaration**"), stating that Bartels had participated in millions of dollars of gambling transactions involving property of the estate. *See* Declaration at ¶¶ 12-13.

4. The Trustee has a duty to investigate the financial affairs of the Debtor, and to collect and reduce to money property of the estate, which includes bringing avoidance actions under Chapter 5 of the Bankruptcy Code. Retention of special counsel as soon as possible was necessary to enable the Trustee to carry out those duties. Given the extent of the improper transfers, which will take some time to unwind, prompt commencement of investigations and litigation related to the transfers is critical.

5. On July 15, 2026, the Trustee filed her Application to Employ Special Counsel [ECF No. 147] (the "**First Application**") and on July 24, 2026, the Trustee filed an Amended Application to retain Tucker Arensberg, P.C. and Gendler & Gendler, PLLC on a contingent fee basis, *nunc pro tunc* [ECF No. 151] (the "**Amended Application**"), revising the First Application.

6. Bartels filed an objection [ECF No. 148] to the First Application, a "Renewed and Supplemental" objection to the Amended Application [ECF No. 153], a Sur-Reply to the Trustee's Reply [ECF No. 156] and a further Objection and Response [ECF No. 171] (collectively, the "**Objections**").

7. The Trustee responded to these Objections and the Court held hearings on the Amended Application and Objections on September 10, 2026.

8. On September 11, 2026, this Court issued its Order of Court at ECF No. 181 (the "**Order**") whereby the Court, *inter alia*, (i) granted the Trustee's Amended Application, (ii) overruled the Bartels' Objections, and (iii) dismissed Bartels' motions for leave to file additional replies and sur-replies as moot.

9. Bartels then filed an appeal [ECF No. 182] and the Motion to Stay [ECF No. 185] stating:

> Bartels does not seek to halt estate administration, stay special counsel's employment generally, prevent service of process, stop litigation, or restrict work not directed to

> him. Because no compulsory process has yet been served on him, he requests only a seven-day notice protocol before compelled testimony or production from him.

Motion to Stay, p. 1.

10. The Court has scheduled a hearing on the Motion for Stay for September 22, 2026 at 11:00 a.m. [ECF No. 188].

## ARGUMENT

### I. Bartels Does Not Meet Any of the Criteria for a Stay under Bankruptcy Rule 8007(a).

11. This Court has discretion to grant a stay on such terms as are just, pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure. The moving party must make particular showings in order for a stay to be imposed. Specifically, the movant must demonstrate: (1) he is likely to prevail on the merits of the appeal; (2) he will suffer irreparable injury if the stay is denied; (3) the other party will not be substantially harmed by the stay; and (4) the public interest will be served by the granting of the stay. *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 565 (3d Cir. 2015).

12. Bartels cannot and does not meet the criteria for a stay. First, he lacked standing to object to the Amended Application and also lacks standing to appeal the Retention Order. The standing requirement in bankruptcy appeals is more restrictive than the "case or controversy" standing requirement of Article III. *Travelers Insurance Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995). The ability of the Trustee to employ counsel to investigate causes of action which could possibly include him does not make him a "person aggrieved" by the Retention Order. Indeed, "[s]tanding has thus been denied to marginal parties involved in bankruptcy proceedings who, even though they may be exposed to some potential harm incident to the bankruptcy court's order, are not 'directly affected' by that order." *Id.*

13. Bartels is not likely to prevail on appeal, as the entry of the Retention Order was based upon a proper reading of the Bankruptcy Code and Bankruptcy Rules and was within the sound discretion of this Court. Bartels has failed to make even a minuscule showing to demonstrate irreparable injury. Finally, Bartels has not shown any public interest in having a stay granted.

14. Accordingly, a stay pending appeal cannot be granted.

**II. The Stay Motion Seeks Relief When There is No Case or Controversy with Respect to the Relief Sought.**

15. Bartels does not appear to be asking for a stay pending appeal; the "Stay" Motion asks for relief other than a stay pursuant to Bankruptcy Rule 8007. Indeed, the "Stay" Motion seeks to limit prospective actions by the Trustee relative to potential Rule 2004 examinations and seeks relief limiting what the Trustee may do relative to Bartels with respect to a Rule 2004 exam by establishing a protocol for 2004 examinations.

16. While the Trustee anticipates conducting Rule 2004 examinations as part of the investigative process, no motion to conduct a Rule 2004 examination, as required by the Bankruptcy Rules, has yet been brought.

17. Bartels' request for prospective relief when there is no "case or controversy" is improper and should be denied. *See e.g., Yori v. Ruiz (In re Ruiz),* Nos. 12-11687-JAD, 335, 2019 Bankr. LEXIS 2731, at *1-2 (Bankr. W.D. Pa. Aug. 26, 2019) (a motion to compel did not raise a 'case or controversy' for purposes of adjudication and was dismissed) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.")).

18. Absent a case or controversy, this Court has no authority to issue the relief sought by Bartels in the Stay Motion, and the Court must decline to grant the relief sought.

19. It is also proper for the Court to disregard any further filings by Bartels related to the Stay Motion, given that the Stay Motion itself likely violates Bankruptcy Rule 9011 as it has no basis in fact or law.

WHEREFORE, Trustee prays this Court to overrule, deny and dismiss the Stay Motion in its entirety and the Trustee further prays the Court grant the Trustee such other and further relief as this Court deems just and proper.

DATED: September 17, 2026

Respectfully submitted,

**TUCKER ARENSBERG, P.C.**

*/s/ Beverly Weiss Manne*
Beverly Weiss Manne, Esq.
PA ID No. 34545
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-594-5525
Email: bmanne@tuckerlaw.com

George A.R. Balchunas, Esq.
PA ID No. 338421
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-594-5526
Email: gbalchunas@tuckerlaw.com

Kasey D. Bolton, Esq.
PA I.D. No. 321169
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011
Phone: 717- 234-4121
Email: kbolton@tuckerlaw.com

Justin G. Gendler, Esq.
Gendler & Gendler
PO Box 450135
Fort Lauderdale Florida 3345-0135
Phone: 954-728-4569
Email: jgendler@gendlerlawyers.com.

SPECIAL COUNSEL TO JILL E. DURKIN, CHAPTER 7 TRUSTEE