FILED
SCRANTON
OCT [illegible] 2026
PER ______ DEPUTY CLERK

# EXHIBIT C

Luxury Time Global, LLC v. Peter Malak
Adversary No. 5:25-ap-00047-MJC

C-1-C-2: Docket excerpts, entries 15-24
C-3-C-10: Filed first amended complaint, Doc. 15 (all 8 pages)
C-11: Conditional consent stipulation, Doc. 16
C-12: Dismissal order, Doc. 22

* * * The first three pages of the five-page docket are omitted.
The excerpt begins with entry 15 and continues through entry 24.
The administrative PACER transaction receipt on C-2 is omitted.
Other adversary documents and complaint exhibits are not included.
Legacy appendix labels are removed; ECF footers are retained.

Requested use: filed allegations, positions, and procedural history.
No finding of insider status, liability, or present claim viability
is requested.

| | | |
|---|---|---|
| 08/21/2025 | 15<br>(18 pgs; 3 docs) | First Amended Complaint Filed by C. Stephen Gurdin Jr on behalf of Luxury Time Global LLC against PETER MALAK (RE: related document(s)1). (Attachments: # 1 Exhibit redlined amended complaint # 2 Exhibit the payments) (Gurdin, C.) (Entered: 08/21/2025) |
| 08/21/2025 | 16<br>(1 pg) | Stipulation *upon consent pursuant to F.R.B.P. 7015(a)(2)* Filed by C. Stephen Gurdin Jr on behalf of Luxury Time Global LLC (RE: related document(s)15). (Gurdin, C.) (Entered: 08/21/2025) |
| 08/25/2025 | 17<br>(2 pgs; 2 docs) | Notice setting hearing. Request submitted to BNC for mailing. (RE: related document(s)16). Hearing scheduled for 8/26/2025 at 11:00 AM at Max Rosenn US Courthouse, 197 South Main Street, Courtroom 2, Wilkes-Barre, PA 18701. (McHugh, Michael) (Entered: 08/25/2025) |
| 08/26/2025 | 18 | **Proceeding Memo for hearing scheduled on: 08/26/2025**<br>**MATTER:** Motion to Dismiss Adversary Proceeding# 3 with Prejudice filed by Peter Malak<br>**APPEARANCES:** C. Stephen Gurdin, Jr., Esq. (by remote appearance), David J. Harris, Esq.<br>**DISPOSITION:** Hearing called and continued. Record made.<br>**HEARING Scheduled for 09/09/2025 at 11:00 AM at U.S. Courthouse, 197 S. Main St. Wilkes-Barre, PA.** (Ratchford, Patricia) (Entered: 08/26/2025) |
| 08/26/2025 | 19 | **Proceeding Memo for hearing scheduled on: 08/26/2025**<br>**MATTER:** Stipulation upon consent pursuant to F.R.B.P. 7015(a)(2) filed by the Debtor # 16<br>**APPEARANCES:** C. Stephen Gurdin, Jr., Esq. (by remote appearance), David J. Harris, Esq.<br>**DISPOSITION:** Hearing called and continued. Record made.<br>**HEARING Scheduled for 09/09/2025 at 11:00 AM at U.S. Courthouse, 197 S. Main St. Wilkes-Barre, PA.** (Ratchford, Patricia) (Entered: 08/26/2025) |
| | 20 | **Proceeding Memo for hearing scheduled on: 09/09/2025**<br>**MATTER:** Motion to Dismiss Adversary Proceeding with Prejudice filed by Defendant, Peter Malak # 3<br>**APPEARANCES:** C. Stephen Gurdin, Esq.; David Harris, Esq.; Jill E. Durkin, Esq.<br>**DISPOSITION:** Hearing Held. Order to be entered Granting the Motion to Dismiss Adversary without Prejudice. Record |

| | | |
|---|---|---|
| 09/10/2025 | | Made.<br>(Price, Lyndsey) (Entered: 09/10/2025) |
| 09/10/2025 | 21 | **Proceeding Memo for hearing scheduled on: 09/09/2025**<br>**MATTER:** Stipulation upon consent pursuant to F.R.B.P. 7015(a)(2) filed by the Debtor # 16<br>**APPEARANCES:** C. Stephen Gurdin, Jr., Esq; David J. Harris, Esq.; Jill E. Durkin, Esq.<br>**DISPOSITION:** Hearing Held. Stipulation is dismissed as moot, per the dismissal of the Adversary Proceeding. IT IS SO ORDERED on 09/09/2025. /s/ Mark J. Conway. Record made.<br>(Price, Lyndsey) (Entered: 09/10/2025) |
| 09/15/2025 | 22<br>(2 pgs; 2 docs) | Order Granting Motion to Dismiss Adversary Proceeding 5:2025-ap-47-MJC (RE: related document(s)3). Close/Dismiss Adversary Proceeding after 9/29/2025. (McHugh, Michael) (Entered: 09/15/2025) |
| 09/17/2025 | 23<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)22). Notice Date 09/17/2025. (Admin.) (Entered: 09/18/2025) |
| 10/03/2025 | 24 | Adversary Proceeding 5:25-ap-47 Dismissed. (McHugh, Michael) (Entered: 10/03/2025) |

* * * Administrative PACER transaction receipt omitted.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

INRE:

LUXURY TIME GLOBAL LLC
EIN 5429 redacted

Debtor-in-Possession

CHAPTER 11
CASE NO 5:25-bk-00912

Adversary No. 5:25-ap- MJC

Preference Transfers
11 U.S.C. 547(b),550, 502(d)

LUXURY TIME GLOBAL LLC

Plaintiff

v.

PETER MALAK

Defendant

**AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

Pursuant to 11 U.S.C. §547(b), Fed.R.Bank.P. 7001,7003, 7015(a)(2)

Plaintiff Luxury Time Global LLC (the Debtor, the Plaintiff, Plaintiff) brings the instant Complaint to Avoid and Recover Preferential Transfers made by Plaintiff to Peter Malak(the Defendant, Defendant) prior to the filing of the Debtor's petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code,

U.S.C. § 101 et seq (the Bankruptcy Code)

## JURDISDITION AND VENUE

1. This is an adversary proceeding pursuant to Fed. R. Bank. P. 7001,7003 and §547(b), 550 of the Bankruptcy Code to recover avoidable transfers made by the Debtor to the Defendant.
2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334.
3. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C.§157(b(2)(F).
4. This District is the proper venue for this proceeding pursuant to 28 U.S.C. §1409.

## PARTIES

5. Plaintiff, the Debtor, is a limited liability company having office and place of business at 6 Dickson Close, Moosic, PA 18507.

6. Upon information and belief, the Defendant is an adult individual having places of business and or a registered agent who may be served at the following address:

a. 6 Bredder Court, Elmwood Park, New Jersey 07407

BACKGROUND

7. The Debtor filed for relief pursuant to Subchapter V of the Bankruptcy Code on April 2, 2025 (the Petition Date).

8. Among other things the Debtor was vested with the estate's right to avoid and recover preferential transfers made by Debtor pursuant to Bankruptcy Code § 547.

PAYMENTS BY THE DEBTOR

9. The Debtor made payments to the Defendant totaling Five Hundred Eighty-One Thousand Six hundred and Eighty-Nine($581,689) Dollars in the manner, amounts and on the dates as more particularly set forth in Exhibit 2+ attached hereto.

CLAIMS FOR RELIEF

10. The following causes of action are asserted against the Defendant herein without prejudice to any rights the Debtor may have or which this Court may grant to Debtor to assert additional causes of action or allegations based on facts

disclosed in the documents or other information made available to Debtor in the future or developed as a result of discovery or otherwise.

COUNT 1

RECOVERY OF AVOIDABLE PREFERENCE PAYMENTS

11. Plaintiff restates and incorporates by reference herein the allegations contained in paragraphs 1 through 10 herein.

12. The payments identified in Exhibit 2 attached hereto (the Payments) constitute transfers of property of the Debtor to or for the benefit of the Defendant, who was a creditor of the Debtor and an insider of the Debtor as defined in 11 U.S.C.§101(30).

13. The Payments were made for or on account of antecedent debts allegedly owed by the Debtor to the Defendant.

14. Each payment reduced the amount owed to the Defendant without any benefit to other creditors of the same class.

15. The vast sums provided by the Defendant to the Debtor provided the Defendant the ability to and actual control of significant and substantial business activities of the Debtor all when the Debtor was in great need of such funding to carry out its business operations as well as to maximize its profits.

16. The Debtor was presumptively and actually insolvent at the time of the Payments.

17. The Payments were made between ninety days(90) days and one year prior to the Petition Date.

18. By virtue of the Payments, the Defendant received more than he would have received if the Debtor's estate had been liquidated under Chapter 7 , the Payments had not occurred and the Defendant had received the payments of the debt to the extent permitted by the Bankruptcy Code.

19. The Payments constitute avoidable preferences pursuant to Section 547 of Bankruptcy Code.

COUNT II

TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C.§550

20. Plaintiff restates and incorporates by reference herein the allegations contained in paragraphs 1 through 19 herein.

21. Defendant was the initial transferee of the Payments or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Payments were made.

22. Unless otherwise determined after a trial, pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover from Defendant the sum of Five Hundred Eighty-One Thousand Six hundred and Eighty-Nine($581,689) Dollars plus interest thereon to the date of payment and the costs of this action.

COUNT III

TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)

23. The Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs I through 22 above.

24..Defendant was the initial transferee of the Payments or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Payments were made.

25. Pursuant to 11 U.S.C. § 502(d), any claims of Defendant against the Debtor must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the Avoidable Transfers, plus interest thereon and costs.

WHEREFORE, the Plaintiff respectfully requests that this court grant judgment as follows:

(a) Declare the Payments to be avoidable preferences and award judgment against the Defendant in the amount indicated;

(b) Award pre-judgment and post-judgment interest;

(c) Pursuant to 11 U.A.C. §502(d), disallow any claim of Defendant against Debtor; and

(d) Grant such other and additional relief to the Plaintiff as may be just and proper.

Respectfully submitted

_/s/ C. Stephen Gurdin, Jr.

C. STEPHEN GURDIN, JR., ESQUIRE
67-69 Public Square, Suite 501
WILKES-BARRE PA 18701-2512
Phone (570) 826-0481 fax (570) 822-7780
e-mail Stephen@gurdinlaw.com
Attorney ID 01860
General counsel for Debtor in Possession

Email: stephen@gurdinlaw.com
Additional email, paralegal: michelle@gurdinlaw.com

IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

INRE:

LUXURY TIME GLOBAL LLC

EIN 5429 redacted

CHAPTER 11

CASE NO 5:25-00912
Adversary No. 25-ap-00047-MJC

Debtor-in-Possession

## STIPULATION OF CONSENT TO AMEND COMPLAINT AND EXTEND THE TIME TO RESPOND

- C. Stephen Gurdin, Jr, Esq. counsel to Plaintiff Luxury Time Global LLC and David J. Harris, Esq. counsel to Peter Malak Defendant hereby consent to the filing of an Amended Complaint by Plaintiff and extend the time for Defendant to Respond to the Amended Complaint to twenty-one(21) days following service upon Defendant's counsel or September 12, 2025, whichever is later, provided however, if the instant bankruptcy case is converted to a case under Chapter 7, such Amended Complaint shall be dismissed without prejudice.

/s/ C. Stephen Gurdin, Jr. Dated: August 19, 2025

C. STEPHEN GURDIN, JR., ESQUIRE
67-69 Public Square, Suite 501
WILKES-BARRE PA 18701-2512
Phone (570) 826-0481 fax (570) 822-7780
Email: stephen@gurdinlaw.com
General counsel to the Debtor in Possession
Additional email paralegal : michelle@gurdinlaw.com

[signature] Dated: August , 2025

DAVID J. HARRIS, ESQ.
67-69 Public Square STE 700
WILKES BARRE, PA 18701
Phone 570) 823-9400
Fax:570) 208-1400
Email:dh@lawofficeofdavidharris.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LUXURY TIME GLOBAL, LLC, | : | Chapter 11 |
| | : | Case No.: 05:25-bk-00912-MJC |
| | : | |
| Debtor | : | |

| | | |
|---|---|---|
| | : | |
| PETER MALAK, | : | Adversary No.: 05:25-ap-00047-MJC |
| | : | |
| Movant/Defendant | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| LUXURY TIME GLOBAL, LLC, | : | |
| | : | |
| | : | |
| Respondent/Plaintiff | : | |
| | : | |
| | : | |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

Upon consideration of the Defendant's Motion to Dismiss Adversary Proceeding ("Motion"), Doc. 3, filed on July 12, 2025, and there being no objection to the Motion, and following a hearing held on September 9, 2025, it is hereby

**ORDERED**, that Motion is **GRANTED** and the above-captioned Adversary Proceeding is hereby **DISMISSED** without prejudice.

By the Court,

Mark J. Conway, Bankruptcy Judge
Dated: September 15, 2025