IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Wilkes-Barre)

| | |
|---|---|
| In re: | : |
| Luxury Time Global, LLC | : Case No. **5:25-bk-00912-MJC** |
| Debtor | : |

## TRUSTEE'S AMENDED APPLICATION TO EMPLOY SPECIAL COUNSEL

Jill E. Durkin (the "Trustee"), the chapter 7 Trustee of the bankruptcy estate of LUXURY TIME GLOBAL, LLC (the "Debtor"), hereby submits to the Court this amended application (the "Application") seeking authority to retain Tucker Arensberg, P.C. and Gendler & Gendler, PLLC (collectively, the "Firms") as counsel to the Trustee pursuant to 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure. This Amended Application revises the Application filed at Doc. 147 to correct some typographical errors including an incorrect percentage in paragraph 22 of the Application, an incorrect effective date in the Wherefore clause and the omission of the word "interests" in paragraph 15. This Amended Application also states that the Firms commenced working as of the date of the filing of the Original Application on July 15, 2026. A redline of this Amended Application to the Application is attached hereto.

The Verified Statement of Beverly Weiss Manne (the "Manne Statement") filed at Doc. 147-1 is again attached as "Exhibit A," hereto.

## JURISDICTION

1. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue for these proceedings and this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This Application is made pursuant to Sections 327(e) and 328 of the United States Bankruptcy Code.

## BACKGROUND

5. On April 2, 2025 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

6. On August 22, 2025, the Court converted this case to proceed under Chapter 7 of the United States Bankruptcy Code, and the Trustee was appointed as the Chapter 7 trustee.

## RELIEF REQUESTED

7. The Trustee seeks authority from this Court to retain the Firms, upon the terms and conditions set forth herein, for the limited purpose of providing representation and counsel in connection with the investigation, prosecution, and recovery of assets through litigation concerning avoidable transfers and related claims, including, without limitation, claims arising under the Trustee's avoidance powers, including preferences under 11 U.S.C. § 547, fraudulent transfers under 11 U.S.C. § 548, and the Trustee's "strong-arm" powers under 11 U.S.C. § 544, together with matters related thereto (collectively, the "Litigation Matters").

8. The Court has power to authorize the retention of the Firms, pursuant sections 327(a), 327(c), and 328(a) of the United States Bankruptcy Code, which provide in relevant part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.

> [. . .]
>
> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments...

**A. <u>The Firms' Qualifications</u>**

9. The Trustee has engaged the Firms to serve as special bankruptcy counsel in connection with this chapter 7 case, and the Firms are well qualified to so serve, for at least the following reasons:

(a) The Firms collectively employ close to 100 attorneys admitted to practice before the courts of various jurisdictions throughout the United States;

(b) The Firms have diverse practice groups with expertise in virtually all areas of law that may be significant in this case, including, *inter alia,* insolvency and creditors' rights, commercial litigation, banking and financial services, employee benefits, corporate finance, labor and employment, and real estate.

(c) Further, the Firms' insolvency and creditors' rights attorneys possess recognized expertise in bankruptcy and restructuring matters and have been actively involved in many major local and national bankruptcy cases. *See* Manne Statement ¶ 2.

(d) The Firms have the necessary background to deal effectively with the full range of potential legal issues and problems that the Trustee may encounter in the context of this chapter 7 case. *See* Manne Statement ¶ 3 & 4.

(e) The Firms have entered appearances on behalf of Orafi, Inc., the largest unsecured creditor in this case with claims in excess of One Million Dollars, and therefore are familiar with this bankruptcy, the Debtor, and the facts underlying various potential claims such that the Firms' assistance would be materially helpful to the Trustee.

10. Accordingly, the Trustee believes that the Firms are well qualified to represent her in pursuing the interests of the various creditors in this chapter 7 case.

11. Additionally, because the Firms possess independent knowledge of this bankruptcy action and the relevant facts surrounding same, the Trustee believes that the administrative cost to the Estate will be reduced as compared to bringing in a new law firm.

**B. <u>Services to be Provided by The Firms</u>**

12. The professional services anticipated to be rendered by the Firms will include, among other things:

(a) Attend meetings and negotiate with representatives of the Trustee and other parties in interest and advise and consult on the conduct of this case;

(b) Investigate, file, and prosecute litigation on behalf of the Trustee, including but not limited to, as may be applicable: avoidance, preference, fraudulent transfer, and director/officer actions;

(c) Preparing pleadings, motions, discovery requests, subpoenas, responses, briefs, and other litigation papers;

(d) Conducting written discovery, document review, depositions, witness preparation, retention of experts and expert coordination, and fact development;

(e) Appearing in state courts, federal courts, arbitration forums, mediation proceedings, and administrative tribunals, as appropriate;

(f) Negotiating settlements, stipulations, tolling agreements, and consensual resolutions;

(g) Enforcing judgments, pursuing recoveries, and implementing settlement agreements;

(h) Representing the Trustee at hearings and other proceedings related hereto;

(i) Assisting the Trustee in analyzing the Debtor's pre- and post-petition relationships with creditors, equity interest holders, and other parties in interest;

(j) Performing such other legal services as may be required and are deemed to be in the interests of the Trustee, in accordance with the Trustee's powers and duties as set forth in the Bankruptcy Code.

*See* Manne Statement ¶ 6.

13. The Firms have advised the Trustee that they are ready and willing to render the necessary professional services described herein. *See* Manne Statement ¶ 7. The Firms commenced work as of July 15, 2026 when the original Application was filed at Doc. 147.

**C. <u>Disinterestedness of The Firms</u>**

14. To the best of the Trustee's knowledge, information, and belief, based on and except as set forth in the Manne Statement, the Firms do not represent any interest adverse to the Trustee, the creditors or other parties in interest in connection with this chapter 7 case and constitute a "disinterested person," as that term is defined in Section 101(14) of the United States Bankruptcy Code and to the extent required by Bankruptcy Rule 2014.

15. The Trustee acknowledges that the Firms have represented and/or currently represent Orafi, Inc., the largest unsecured creditor in this case. The Trustee submits that such representation does not, standing alone, disqualify the Firms from employment under section 327(c) of the Bankruptcy Code because that creditor's interests and the Trustee's interests are presently aligned with respect to the investigation and pursuit of estate claims for the benefit of unsecured creditors generally. The Firms will not represent Orafi in connection with any litigation brought by the Trustee, will not represent the Trustee in any matter adverse to Orafi absent further disclosure and appropriate relief, and the Trustee will retain conflicts counsel if any estate claim against that creditor is identified.

16. Further, to the best of the Trustee's knowledge, information, and belief, and except as disclosed in the Manne Statement and any supplemental verified statement, the Firms do not hold or represent any interest adverse to the estate with respect to the Litigation Matters and are disinterested persons within the meaning of section 101(14) of the Bankruptcy Code to the extent required by section 327(a).

17. As set forth in the Manne Statement, the Firms have assessed, and will continue to assess, client relationships to ensure that they do not hold or represent any interest adverse to the estate with respect to the Litigation Matters and will disclose on an ongoing basis any relationship that may bear upon their disinterestedness.

18. To the extent that the Trustee becomes involved in any litigation that is directly adverse to a current client of the Firms, the Firms will either obtain consent of the client to represent the Trustee in such litigation or the Trustee will engage conflicts counsel. *See* Manne Statement ¶ 10.

**D. <u>Compensation of The Firms</u>**

19. As compensation for the services to be rendered in connection with the Litigation Matters, the Trustee proposes to retain the Firms on a contingency fee basis, subject to the Court's "improvident" review under section 328(a) of the Bankruptcy Code.

20. The Trustee believes that a contingency fee arrangement is reasonable, appropriate, and in the best interests of the estate because it aligns the Firms' compensation with actual recoveries obtained for the benefit of the estate, preserves estate liquidity during this Bankruptcy Case, and avoids the burden of substantial hourly fees and expenses in connection with inherently uncertain litigation outcomes.

21. Under the proposed engagement, the Firms shall be entitled to receive a contingency fee (the "Contingency Fee") calculated as a percentage of any gross amounts recovered, whether by judgment, settlement, mediation, arbitration award, negotiated resolution, sale of claims, insurance proceeds, or otherwise (collectively, "Recoveries"),[1] with the applicable percentage determined based upon the procedural stage at which the applicable Litigation Matter is resolved.

22. Specifically, the Contingency Fee shall be equal to (1) 35% of any Recoveries obtained prior to the filing of a lawsuit, arbitration, or other formal proceeding, and (2) forty percent (40%) of any Recoveries obtained after the filing of a lawsuit, arbitration, or other formal proceeding.

23. The Firms may allocate fees between themselves pursuant to their co-counsel arrangement, subject to Court approval of compensation and reimbursement. No compensation received in connection with this case will be shared with any person or entity other than the Firms and their attorneys or professionals, and only as disclosed herein and permitted by applicable law.

[1] "Recoveries" include both any monetary sums and any nonmonetary benefits, non-cash equivalent property and other things of value received by the Client or its affiliates in connection with this Engagement. In calculating the Contingency Fee, the amount of the Recovery shall not be reduced by the amount of any related costs paid by the Client or advanced by the Firm as described below. In the event some or all of the Recovery includes property or other nonmonetary benefits, the fee calculation shall be based on the present cash value of the Recovery as determined by generally recognized accounting and appraisal standards.

24. The Trustee respectfully submits that the proposed contingency structure reflects market terms for comparable contingent litigation engagements and constitutes a sound exercise of the Trustee's business judgment.

25. In addition to any Contingency Fee, the Firms shall also be reimbursed for reasonable and necessary out-of-pocket expenses incurred in connection with the Litigation Matters in accordance with their engagement agreement and applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and any orders of the Court. If there are insufficient funds on hand from recoveries, the Firms shall receive an administrative expense for such costs which shall be paid as soon as recoveries are received from Litigation Matters or on a pro-rata basis with other administrative expenses if no recoveries are received.

26. The Firms will charge the Trustee for certain services provided and costs and expenses incurred in connection with the services provided. It is the policy of the Firms to charge their clients in all areas of practice for most expenses and costs incurred on behalf of a client and in connection with a client's case. Such expenses include, but are not limited to, travel expenses (mileage, parking, airfare, lodging, meals and ground transportation), delivery and courier services, express mail, computerized research tools such as LEXIS, WESTLAW and PACER, court costs and filing fees, court reporters, hearing transcripts, expert witnesses, and certain secretarial overtime expenses. The Firms will charge the Trustee for these costs and expenses consistent with charges generally made to the Firms' other clients. The Trustee shall not be personally liable for any such costs.

27. Except as set forth herein, (a) no commitments have been made or received by the Firms with respect to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code; and (b) there is no agreement or

understanding between the Firms and any other entity, other than a partner, associate or legal professional of the Firms, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

28. To the extent required, the Firms shall file appropriate applications for approval of compensation and reimbursement of expenses or otherwise seek approval of compensation pursuant to the terms of any order approving this Application, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

29. The Trustee respectfully submits that its fee arrangement with the Firms, as set forth above, is similar to fee arrangements that have been authorized in other Chapter 7 cases and is reasonable in light of industry practice, market rates, both in and out of chapter 7 proceedings, the Firms' experience in bankruptcy proceedings, and the scope of the work to be performed pursuant to their retention. The Trustee believes that, given the nature of the services to be provided, the fee structure is both fair and reasonable.

30. Based upon the foregoing, the Trustee believes that the employment of the Firms as her counsel would be appropriate and that the Firms are well qualified to represent the Trustee in these Litigation Matters.

31. The Trustee requests that the Firms' retention as counsel in connection with this chapter 7 case be approved *nunc pro tunc*, effective as of July 15, 2026.

**NO PRIOR REQUEST**

32. This Amended Application amends the previous request for the relief sought herein at Doc. 147, but other than that no other request has been made to this or any other Court.

WHEREFORE, the Applicant respectfully requests that the Court enter an order authorizing the Trustee to employ the Firms, *nunc pro tunc* to ***July 15, 2026,*** upon the terms outlined in this Application and grant such other relief as is just and proper.

Dated: July 24, 2026

Respectfully Submittted,
*/s/ Jill E. Durkin*
Jill E. Durkin, Esquire
Chapter 7 Trustee
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419
(570) 881-4158