## VERIFIED STATEMENT OF BEVERLY WEISS MANNE

Beverly Weiss Manne, under penalty of perjury, states:

1. I am a shareholder in the firm of Tucker Arensberg, P.C. ("Tucker"), which maintains offices for the practice of law at 1500 One PPG Place, Pittsburgh, Pennsylvania 15222 and 300 Corporate Center Drive, Suite 200, Camp Hill, PA 17011.

2. For purposes of the Litigation Matters described herein as well as other matters related to this bankruptcy case, Tucker has affiliated itself with Gendler & Gendler, PLLC (referred to herein, collectively with Tucker, as the "Firms"), whose mailing address is PO Box 450135 Sunrise, Florida 33345 and who has independent knowledge of certain facts surrounding this bankruptcy matter and related litigation.

3. I submit this verified statement pursuant to Federal Bankruptcy Rule 2014 in support of the Trustee's Application to Employ Special Counsel (the "Application"), filed contemporaneously herewith by the Chapter 7 Trustee appointed in this case (the "Trustee").

4. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness would testify competently thereto.[1]

### A. The Firms' Qualifications

5. The Firms are well qualified to serve as the Trustee's counsel in this chapter 7 case for at least the following reasons:

(a) The Firms collectively employ over 100 attorneys admitted to practice before the courts of various jurisdictions throughout the United States;

(b) The Firms have diverse practice groups with expertise in virtually all areas of law that may be significant in this case, including, *inter alia,* insolvency and

[1] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at the Firms and are based on information provided to me by them.

creditors' rights, commercial litigation, banking and financial services, employee benefits, corporate finance, labor and employment, and real estate.

(c) Further, the Firms' insolvency and creditors' rights attorneys possess recognized expertise in bankruptcy and restructuring matters and have been actively involved in many major local and national bankruptcy cases.

(d) The Firms have the necessary background to deal effectively with the full range of potential legal issues and problems that the Trustee may encounter in the context of this chapter 7 case.

(e) The Firms have entered appearances on behalf of Orafi, Inc., the largest unsecured creditor in this case with claims in excess of One Million Dollars, and therefore are familiar with this bankruptcy, the Debtor, and the facts underlying various potential claims such that the Firms' assistance would be materially helpful to the Trustee.

6. The Firms have the necessary background to deal effectively with the full range of potential legal matters that the Trustee may encounter in the context of this chapter 7 case.

7. The Trustee has engaged the Firms to serve as its special bankruptcy counsel in connection with this chapter 7 case. Attached hereto and incorporated herein by reference as "**Exhibit A**" is a copy of the Engagement Letter sent to the Trustee and dated July 14, 2026 and accepted by the Trustee on July 15, 2026.

8. The Firms have assembled a highly qualified team of attorneys to service the Trustee during this chapter 7 case. I, along with Justin Gendler from Gendler & Gendler, PLLC and Kasey Bolton from Tucker Arensberg, P.C. will coordinate and lead the representation of the Trustee in this case.

9. The Firms' attorneys have extensive experience in reorganization and insolvency matters, including the representation of debtors, committees, lenders, and trade creditors in cases throughout the United States.

10. All attorneys who will work on this matter have read and are fully familiar with the Bankruptcy Code and the Bankruptcy Rules, and the Local Rules of this Court, and are sufficiently competent to handle all foreseeable matters on behalf of the Trustee.

**B. <u>Services to be Provided by The Firms</u>**

11. The Trustee anticipates that the Firms will:

(a) Attend meetings and negotiate with representatives of the Trustee and other parties in interest and advise and consult on the conduct of this case;

(b) Investigate, file, and prosecute litigation on behalf of the Trustee, including but not limited to, as may be applicable: avoidance, preference, fraudulent transfer, and director/officer actions;

(c) Preparing pleadings, motions, discovery requests, subpoenas, responses, briefs, and other litigation papers;

(d) Conducting written discovery, document review, depositions, witness preparation, retention of experts and expert coordination, and fact development;

(e) Appearing in state courts, federal courts, arbitration forums, mediation proceedings, and administrative tribunals, as appropriate;

(f) Negotiating settlements, stipulations, tolling agreements, and consensual resolutions;

(g) Enforcing judgments, pursuing recoveries, and implementing settlement agreements.

(h) Representing the Trustee at hearings and other proceedings related hereto;

(i) Assisting the Trustee in analyzing the Debtor's pre- and post-petition relationships with creditors, equity interest holders, and other parties in interest;

(j) Performing such other legal services as may be required and are deemed to be in the interests of the Trustee, in accordance with the Trustee's powers and duties as set forth in the Bankruptcy Code.

12. The Firms' independent knowledge of the Debtor's affairs will be a significant asset to the Trustee as the bankruptcy estate is administered.

13. Subject to this Court's approval of the Application, the Firms are ready and willing to render the necessary professional services as attorneys for the Trustee.

**C. <u>Disinterestedness of The Firms</u>**

14. The Firms currently represent Orafi, Inc., the largest unsecured creditor in these bankruptcy proceedings with a claim valued at over One Million Dollars.

15. The interests of the Trustee and that creditor in maximizing the return to unsecured creditors are aligned. The Firms will not represent that creditor in connection with litigation being brought by the Trustee in this Chapter 7 case.

16. That creditor has waived any actual or potential conflict and provided informed consent to enable the Firms to represent the Trustee.

17. The Firms are not aware of any potential causes of action against the Creditor. But in the event any such action needs to be brought, the Trustee will bring such an action herself, or with conflicts counsel.

18. To the best of my knowledge, information and belief, and other than as set forth herein, the Firms do not hold or represent any interest adverse to the estate with respect to the Litigation

Matters and are "disinterested persons" as that term is defined in Bankruptcy Code section 101(14), to the extent required by section 327(a) and Bankruptcy Rule 2014.

19. Further, to the best of my knowledge, information, and belief, and other than as stated herein, the shareholders and associates of the Firms do not have any connection with the Debtor or its estate, its creditors, the United States Trustee, or any person employed in the office of the United States Trustee, any United States District Judge or United States Bankruptcy Judge for the Middle District of Pennsylvania, or any other party in interest, or their respective attorneys and accountants.

20. The Firms have conducted conflicts checks, through a search of its client database regarding connections with the Debtor, creditors, and other parties in interest (collectively, the "Potential Parties in Interest"). A search of the Firms' client database is designed to reveal any representation of, or potential conflict with the entity searched or any known subsidiary or affiliate. A list of Potential Parties in Interest that were the subject of the Firms' conflicts search is attached hereto as **"Schedule 1."** This search was as complete as possible under the circumstances, but the Firms recognize that additional parties in interest or additional information regarding such parties in interest may surface during the course of this Chapter 7 case. As further information or further parties becomes known or based upon appearances in this case, the Firms will supplement their disclosures as necessary or appropriate.

21. To the extent that the Trustee becomes involved in any litigation that is directly adverse to any client of the Firms, the Firms will either obtain consent of the client to represent the Trustee in such litigation or the Trustee will engage conflicts counsel.

22. Set forth on **"Schedule 2,"** attached hereto and incorporated herein by reference, are the connections with Potential Parties in Interest revealed by the investigations described above.

The conflicts check and general inquiry revealed that certain of the Potential Parties in Interest or their subsidiaries or affiliates are currently or were previously clients of the Firms in matters not related to this chapter 7 case, other than as set forth herein. All such relationships discovered through the conflicts search as of the date of this Verified Statement are set forth on Schedule 2.

23. To the best of my knowledge as of the date of this Verified Statement, the Firms do not represent the entities listed on Schedule 2 in any matters adverse to the interests of the Trustee. The Firms' representations of the clients identified in Schedule 2 consist of representations in transactional or litigation matters not related in any way to the Debtor or to this Chapter 7 case.

24. To the best of my knowledge, neither the Firms nor any of the Firms' attorneys are or were a creditor, an equity holder, or an insider of the Debtor.

25. Because all other representations disclosed herein are unrelated to the Debtor's case, I believe that no such representation constitutes a conflict with the Firms' representation of the Trustee or will likely create a conflict in the future.

26. Without obtaining waivers or consents where necessary or appropriate, the Firms will not represent the Trustee in an adversary proceeding or contested matter against any current client. In addition, the Firms will not represent any client on any matter involving the Trustee while retained as the Trustee's counsel in this case. In the event such a matter arises, the Trustee intends to retain appropriate conflicts counsel.

27. To the best of my knowledge, no attorneys at the Firms now are or ever were a director, officer, or employee of the Debtor.

28. The Firms will maintain an ongoing inquiry regarding the Parties in Interest and, if appropriate, will file promptly with the Court any supplemental disclosure that becomes necessary.

29. In view of the foregoing, I believe that the Firms are a "disinterested person" within the meaning of Bankruptcy Code Section 101(14), and to the extent required by section 1103(b) and Bankruptcy Rule 2014.

**CONCLUSION**

30. Based upon the information available to me, and except as otherwise described herein, the Firms hold no interest adverse to the Trustee, the Debtor, its estate or its creditors as to the matters in which they are to be employed other than the representation of the Trustee.

31. I believe that the Firms are a "disinterested person" as defined in the Bankruptcy Code.

32. I am not aware of any reason why the Firms cannot act as attorneys for the Trustee. The foregoing constitutes the statement of the Firms pursuant to Sections 327(a), 327(c), and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1.

Dated: July 15, 2026

Beverly Weiss Manne, Esq

COMMONWEALTH OF PENNSYLVANIA :
: ss
COUNTY OF ALLEGHENY :

Subscribed, sworn to and acknowledged before me by Beverly Weiss Manne, a shareholder of Tucker Arensberg, P.C. on this 15th th day of July 2026

Notary Public

The foregoing has been reviewed and accepted by:

/s/ Jill E. Durkin

Jill Durkin, Chapter 7 Trustee

Commonwealth of Pennsylvania - Notary Seal
Stacey L. Sims, Notary Public
Allegheny County
My commission expires March 8, 2028
Commission number 1239784
Member, Pennsylvania Association of Notaries

Schedule 1: Potential Parties in Interest that were the subject of the Firms' conflicts search

Windcreek-PA online casino,
BetRivers,
Sugar House online casino,
Fanatics Sportsbook,
Bet365,
Pointsbet PA,
Caesars Sportsbook,
Fanduel,
Mohegan Sun casino,
Parx Casino- Bensalem,
Jackpot City online casino,
Eric David Bartels

Schedule 2 Clients involved in the Case (other than ORAFI)

None