**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Luxury Time Global, LLC | : | Case No. **5:25-bk-00912-MJC** |
| | : | |
| Debtor | : | |

**TRUSTEE JILL E. DURKIN'S OBJECTION AND RESPONSE TO SUR-REPLY OF ERIC DAVID BARTELS REGARDING TRUSTEE'S AMENDED APPLICATION TO EMPLOY SPECIAL COUNSEL**

Jill E. Durkin, Chapter 7 Trustee (the "**Trustee**") for the estate of Luxury Time Global, LLC (the "**Debtor**") files this Objection and Response to *Eric David Bartels' Limited Sur-Reply to Trustee's Reply* [ECF No. 163] (the "**Sur-Reply**") regarding the Trustee's *Amended Application to Employ Special Counsel* [ECF No. 151] (the "**Amended Application**").

## PRELIMINARY STATEMENT

This case, originally a chapter 11, was converted to a chapter 7 at the behest of the Office of the United States Trustee ("**UST**"). The request for conversion was buoyed in part by the report from the UST's auditor detailing improper transfers of estate funds by the principal of the Debtor, Eric David Bartels ("**Bartels**"). The Trustee now seeks to employ special counsel to assist her in the investigation and collection of monies due to the estate as a result of voidable transactions. Most if not all of the voidable transfers in question were directed and authorized by Bartels.

Bartels is not a creditor in the case. Given his insider status, Bartels likely is not a good faith transferee. The estate is insolvent, so Bartels has no right to be heard as equity on the Amended Application. Yet Bartels, and Bartels alone, has objected to the Trustee retaining special counsel. The Objections impinge on the Trustee's carrying out of her duties. Moreover, there is simply no theory under which Bartels has any standing in this case to object to the Trustee's application to retain special counsel.

Bartels' objections must be disregarded and overruled. The Court should enter an order authorizing retention of special counsel on a contingent fee basis, *nunc pro tunc* to when the original Application to Employ was filed.

**BACKGROUND**

1. On April 2, 2025 (the "**Petition Date**"), the Debtor filed the above-captioned case as a small business Chapter 11 case.

2. By Order dated August 22, 2025 [ECF No. 92], this case was converted to a chapter 7 on the Motion of the Office of the United States Trustee [ECF No. 42] (the "**Motion to Convert**").

3. In support of the Motion to Convert, on July 8, 2025, Nicole Watson, a Bankruptcy Auditor employed by the Office of the United States Trustee for the Middle District of Pennsylvania and assigned to review the above-captioned case (the "**Auditor**") filed a Declaration in Support of the Motion to Convert [ECF No. 73] (the "**Declaration**").

4. On July 24, 2026, the Trustee filed an amended application to retain Tucker Arensberg, P.C. and Gendler & Gendler, PLLC (collectively, the "**Firms**") on a contingent fee basis, *nunc pro tunc* [ECF No. 151] (the "**Amended Application**"), revising the first application to employ the Firms filed on July 14, 2026 [ECF No. 147] (the "**First Application**").

5. Bartels has filed an objection [ECF No. 148] to the First Application, a "Renewed and Supplemental" objection to the Amended Application [ECF No. 153] (the "**Renewed Objection**"), and, most recently, a Sur-Reply to the Trustee's Reply [ECF No. 156] to the Renewed Objection (collectively the "**Objections**"), seeking to derail the Trustee's efforts to obtain special counsel under the guise of having "cause" to intervene in the Amended Application under Bankruptcy Rule 2018.

6. The Trustee has a duty to investigate the financial affairs of the Debtor, and to collect and reduce to money property of the estate, which includes bringing avoidance actions under Chapter 5 of the Bankruptcy Code. Retention of special counsel as soon as possible is necessary to enable the Trustee to carry out those duties. Given the extent of the improper transfers, which will take some time to unwind, prompt commencement of investigations of, and litigation related to, the transfers is critical.

## ARGUMENT

### I. Bartels Lacks Standing to Object to the Amended Application.

7. Bartels argues he is permitted to be heard on the Amended Application by virtue of Bankruptcy Rule 2018. That is simply incorrect, and an effort to do an end run around 11 U.S.C. § 327(c).

8. Section 327(c) "expressly and unambiguously limits standing to object to a retention . . . to other creditors or the United States trustee." *In re Team Sys. Int'l, LLC*, 2024 Bankr. LEXIS 232, at *6 (Bankr. D. Del. 2024). Equity security holders and defendants to fraudulent conveyance actions lack standing to object to an application to retain professionals under 11 U.S.C. § 327. Id. at *6-10.

9. While a court may permit an *interested entity* to intervene generally or in any specified matter for cause, Fed. R. Bankr. P. 2018(a), no such cause exists here and Bartels is not an interested party for purposes of the Bankruptcy Rules.

10. Bartels is not a creditor. He did not file a proof of claim. Bartels is a potential defendant because of his actions in transferring assets of the estate. While he might be a transferee of a voidable transaction, it is unlikely that he is a good faith transferee since the transactions were

undertaken by him when he knew the estate was insolvent. The fact that he will likely be sued does not give him standing to object to the Amended Application.

11. Bartels avers that he requests limited participation under Rule 2018(a), but asks the Court to "deny the Amended Application . . . deny nunc pro tunc or other retroactive approval [of the Trustee's retention of the Firms] . . . [and] decline to enter the proposed order at Document 151-3 [granting the Application to Employ]." *See* Renewed Objection, ¶ 46.

12. Fed. R. Bankr. P. 2018(a) provides that an interested entity may be permitted to intervene in a specified matter "after hearing on such notice as the court orders and for cause" but Bartels has not established cause for the Court to permit him to intervene or that he is an "interested party".

13. The Sur-Reply says nothing new. Bartels does not show "cause" and he is not entitled to "limited leave to be heard under Rule 2018(a)" with respect to the Amended Application, and even if he were, such "limited" leave to be heard cannot possibly extend to requesting that the Court deny the Amended Application.

14. While Bartels is the sole member of the Debtor, the Debtor's estate is insolvent. The total value of the Debtor's assets are $2,501.00, and the total value of the Debtor's liabilities are $2,280,519.61. *See* Official Form 205, Summary of Assets and Liabilities for Non-Individual [ECF No. 25]. As such, Bartels lacks an economic interest as an equity security holder of the Debtor in the Trustee's retention of the Firms.

15. Bartels has no economic or similar interest in the completeness of the Trustee's disclosures under Fed. R. Bankr. P. 2014(a)(2) (the "**Rule 2014 Disclosures**"), the adequacy of the proposed protocols set forth in the Amended Application and proposed order attached thereto [ECF No. 151-3] (the "**Proposed Order**") for identifying and managing potential conflicts of interest,

retroactive approval of the Trustee's retention of the Firms, or any other issue raised in the Renewed Objection. These interests are adequately represented by the Trustee and the UST. Comments made by the UST were taken into consideration for the Amended Application.

16. Additionally, Bartels' status as a potential defendant for his role in the voidable transactions does not confer upon him even a potential contingent claim, let alone good faith transferee status.

17. A "person is not a good faith transferee, if he has knowledge sufficient to put him on inquiry notice of possible insolvency or if he has knowledge of the transferor's unfavorable financial condition at the time of the transfer." *Grant v. Podes (In re O'Connell),* 119 Bankr. 311, 317 (Bankr. M.D. Fla. 1990); *Armstrong v. Ketterling (In re Anchorage Marina, Inc.),* 93 Bankr. 686, 693 (Bankr. D. N.D. 1988); R*ansier v. McFarland (In re McFarland),* 170 B.R. 613, 627 (Bankr. S.D. Ohio 1994).

18. Bartels knew that Debtor was insolvent. As stated in *In re KB Toys, Inc.*, 470 B.R. 331, 343 (Bankr. D. Del. 2012), "courts have found that a transferee is not a good faith transferee if he knows of a debtor's financial difficulties and the likelihood of bankruptcy." *Id.* at 343. As the Court in *Enron* stated:

> ...a transferee does not act in good faith when such transferee has knowledge of a debtor's unfavorable financial condition or bankruptcy filing at the time of transfer, or information that an investigation of the underlying transaction could take place to alert him the risks of the transfer.

*Enron Corp. v. Ave. Special Situations Fund II, LP (In re Enron Corp.*), 340 B.R. 180, 209 (Bankr. S.D.N.Y. 2006).

19. Moreover, while a good faith transferee can have a defense under 11 U.S.C. § 550(b)(1), the "good faith" defense of section 550(b) does not apply to the "initial transferee" of

the debtor or the "entity for whose benefit such transfer was made." *See In re Bullion Res. of N. Am.*, 922 F.2d 544, 547 (9th Cir. 1991).

20. Thus, if the estate recovers against Bartels on the multitude of fraudulent transfers made by and to him, since he is the initial transferee and/or he knew of Debtor's insolvency and was the master of the transfers made, he is and would not be a good faith transferee.

21. Bartels is the subject of potential claims that the Trustee has a fiduciary duty to investigate, making his effort to prevent or delay the Trustee from retaining special counsel inherently self-serving.

22. Moreover, given the magnitude in the amount and number of the transactions and transfers and transferees that need to be investigated, prompt retention of special counsel is critical.

**II. Approval of the Amended Application and Proposed General Retainer is Warranted, and a Supplement Disclosing Preapproval Services is Unnecessary.**

23. Bartels' argument that the Engagement Letter and Amended Application require clarification and demand for the Firms and/or Trustee to disclose "pre-approval services" lacks merit. First, it is clear from the Amended Application and proposed order attached thereto [ECF No. 151-3] (the "**Proposed Order**") that there will be no bills for pre-application filing work and that the Firms will be retained on a contingency structure; second, the Court has authority to allow the Firms' employment on a contingent fee basis under 11 U.S.C. § 328 (as opposed to 11 U.S.C. § 330), which provides that, after notice and a hearing, a trustee may employ a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."

24. As such, the "verified, nonprivileged supplement identifying the preapproval services, compensation sought for any estate Recovery connected to the July 24 filings; the 40%

recovery base; treatment of mixed recoveries and expenses; and the factual basis for any 'general retainer'" requested by Bartels is unnecessary.

25. Compensation of the Firms under the terms set forth in the Amended Application and Proposed Order will benefit the estate, because the Firms will not be entitled to receive its contingency fees unless the Firms are able to obtain recoveries on account of, inter alia, chapter 5 actions, and will only be reimbursed for out-of pocket expenses on a pro-rata basis with other administrative expenses if no recoveries are received. *See* Amended Application, ¶ 19-25.

26. Indeed, 11 U.S.C. § 328 makes it easier for the estate's trustee to hire counsel by allowing a bankruptcy court to pre-approve attorneys' fees using a contingent fee basis, rather than calculating hourly fees after the fact. *Riker, Danzig, Scherer, Hyland & Perretti LLP v. Official Comm. of Unsecured Creditors (In re Smart World Techs. LLC)*, 383 B.R. 869, 874 (S.D.N.Y. 2008).

27. Per the Amended Application, the percentage rate is tiered (35%/40%) in anticipation that some avoidable claims will require less work and will be settled without litigation, while others will require a significant input of time to investigate and prosecute Chapter 5 avoidance actions to judgment and recovery.

28. Moreover, the Trustee simply does not have enough funds to be able to pay special counsel on an hourly basis to investigate hundreds of transfers and to sue a multitude of transferees.

29. Further, Bartels is mistaken about what "general retainer" means. It is not a reference to a paid retainer with respect to hourly fees or even expenses. It refers to the retention being general to the enumerated tasks and actions the Firms may undertake.

30. To the extent that the Proposed Order does not clearly state that the retention and compensation is on a contingent fee basis as permitted under § 328, the Firms submit that the Court

should enter an order so stating. An amended version of the Proposed Order approving the retention and compensation of the Firms on a contingent fee basis is attached hereto as Exhibit "A".

## CONCLUSION

31. Bartels lacks standing to object to the Amended Application under 11 U.S.C. § 327(c) and is not entitled to leave to be heard under Rule 2018, because no cause exists to permit the maker and taker of fraudulent transfers to delay and exercise a veto over the Trustee's choice of counsel and the terms by which the Trustee employs that counsel. Bartels' objections also have no merit.

32. To the extent that Bartels' other objections and requests set forth in the Sur-Reply have not been addressed in this Objection and Response, such objections and requests were fully addressed in the Trustee's Reply [ECF No. 156] to the Renewed Objection, and no further response is necessary.

33. The Court should overrule the Bartels' Objections and enter the proposed Retention Order attached hereto as Exhibit "A".

WHEREFORE, Jill E. Durkin, Chapter 7 Trustee, respectfully requests that this Honorable Court overrule Bartel's Objections and grant the Amended Application, and the Trustee requests such other and further relief as this Court deems just and equitable.

Dated: August 24, 2026

Respectfully Submitted,
*/s/ Jill E. Durkin*

Jill E. Durkin, Esquire
Chapter 7 Trustee
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419
(570) 881-4158