# Exhibit "A"

# ORDER AUTHORIZING TUCKER ARENSBERG, P.C. AND GENDLER & GENDLER, PLLC AS SPECIAL COUNSEL FOR TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. **5:25-bk-00912-MJC** |
| Luxury Time Global, LLC | : | |
| | : | Chapter 7 |
| Debtor | : | |

**ORDER AUTHORIZING TUCKER ARENSBERG, P.C. AND GENDLER & GENDLER, PLLC AS SPECIAL COUNSEL FOR TRUSTEE**

Upon consideration of the Amended Application (the "Application") of Jill E. Durkin, Trustee (the "Trustee") **[ECF 151]**, for authority to employ Tucker Arensberg, P.C. and Gendler & Gendler, PLLC (the "Firms") *effective nunc pro tunc to* July 15, 2026, to serve as Special Counsel in connection with this case, and considering those certain Objections and Renewed Objections of Eric David Bartels' (collectively the "Bartels Objections") and the Trustee's responses thereto, and it appearing that Tucker Arensberg, P.C. and Gendler & Gendler, PLLC are attorneys duly admitted to practice in this Court, and the Court being satisfied that said attorneys represent no interest adverse as Attorney for the Trustee of the estate of the Debtor in the matters upon which it is to be engaged and that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the estate; the terms set forth in the Application are reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, and the case is one justifying the employment of attorneys on a contingent fee basis, it is hereby **ORDERED** that:

1. The Amended Application is **GRANTED.**

2. The Bartel Objections are overruled.

3. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2016-1, the Trustee is authorized to employ and retain Tucker Arensberg, P.C. and Gendler & Gendler, PLLC as Special Counsel to the Trustee on the terms set forth in the Application and engagement agreement, *nunc pro tunc* as of the date of the Application, July 15, 2026. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. The Firms shall be compensated in accordance with sections 328 and 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court. Further, in accordance with Sections 328(a) and 330 of the Bankruptcy Code, the Firms shall be entitled to receive a Contingency Fee (the "Contingency Fee") calculated as a percentage of any gross amounts recovered, whether by judgment, settlement, mediation, arbitration award, negotiated resolution, sale of claims, insurance proceeds, or otherwise (collectively, "Recoveries") equal to (1) 35% of any Recoveries obtained prior to the filing of a lawsuit, arbitration, or other formal proceeding, and (2) forty percent (40%) of any Recoveries obtained after the filing of a lawsuit, arbitration, or other formal proceeding.

5. Applications for approval of compensation shall include a detailed summary of the services provided, the calculation of the requested compensation, and an itemization for any expense reimbursements requested and final approval of such fee applications shall be subject to the standards set forth in Section 328(a) of the Bankruptcy Code.

6. The Trustee and the Firms are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

8. To the extent the Application or the Manne Declaration are inconsistent with this Order, the terms of this Order shall govern.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: ___________________, 2026

BY THE COURT:

______________________________
MARK J. CONWAY
U.S. BANKRUPTCY JUDGE