FILED (EDSS)
**August 26, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(WILKES-BARRE)**

In re:
**LUXURY TIME GLOBAL, LLC**
Debtor.

Chapter 7
Case No. 5:25-bk-00912-MJC
Matter: Docs. 151, 153, 156, 163, 170, 171 & 171-1

ERIC DAVID BARTELS,
Movant,

v.

**JILL E. DURKIN, CHAPTER 7 TRUSTEE,**
Respondent.

## MOTION OF ERIC DAVID BARTELS FOR LEAVE TO FILE A LIMITED RESPONSE TO DOCUMENTS 171 AND 171-1

Eric David Bartels ("Bartels"), appearing pro se solely in his individual capacity, respectfully moves under Federal Rules of Bankruptcy Procedure 9013 and 9014 for leave to file the Limited Response attached as Exhibit A to the Trustee's Objection and Response [Doc. 171] and the materially revised proposed order [Doc. 171-1]. Bartels's expressly captioned Alternative Motion for Leave to Be Heard Under Rule 2018(a) is already pending at Document 153. This Motion neither duplicates nor enlarges that request. It asks only that the Court accept a confined response to matters newly or materially expanded after the Court-authorized briefing at Document 163. Bartels seeks no discovery, continuance, general intervention, control over estate litigation, or additional briefing.

### BACKGROUND

1. The Trustee filed the Amended Application to Employ Special Counsel [Doc. 151]. Bartels filed a Renewed and Supplemental Objection [Doc. 153]; the Trustee replied [Doc. 156]; and, pursuant to the Court's August 4, 2026 Order [Doc. 160], Bartels filed a Court-authorized Limited Sur-Reply [Doc. 163].

2. The Trustee's Reply identifies Document 153 as an "Alternative Motion for Leave to Be Heard Under Fed. R. Bankr. P. 2018(a)" and addresses that request on the merits. Doc. 156 at 1 & ¶¶ 20–29. No renewed Rule 2018 motion is necessary. Bartels asks the Court to decide that pending request at the September 10 hearing on the complete record.

3. On August 24, 2026, after that authorized sequence, the Trustee filed Document 171 and a four-page revised proposed retention order at Document 171-1. The employment hearing remains scheduled for September 10, 2026.

4. Document 171 materially expands the record by asserting as fact that Bartels knew LTG was insolvent when transfers occurred, labeling him an "initial transferee," the "master of the transfers," and the "maker and taker of fraudulent transfers," and invoking § 550(b)(1) and good-faith authorities to support those unadjudicated assertions. It also quotes Team Systems without the decision's limiting phrase "in these circumstances" and applies that quotation categorically to Bartels's pending Rule 2018(a) request.

5. Document 171-1 is not the one-page form submitted with the Amended Application. The revised form expressly approves compensation under § 328(a), defines a 35%/40% fee against

"gross amounts" recovered, provides that final fee review will be governed by § 328(a), and makes the order control over inconsistent language in the Application or Manne Declaration. Those operative provisions warrant a confined opportunity to respond before entry. See Fed. R. Bankr. P. 9021.

6. Exhibit A is limited to those new or materially clarified matters. It offers no testimony or new factual exhibit, repeats no generalized objection to the Trustee's selection of counsel, requests no postponement, and was submitted promptly—two days after Documents 171 and 171-1.

## ARGUMENT

### I. RULES 9013 AND 9014 AUTHORIZE THE COURT TO PERMIT THIS CONFINED RESPONSE.

7. A request for an order must be made by written motion, and the motion must state its grounds and requested relief with particularity. Fed. R. Bankr. P. 9013(a)–(b). In a contested matter, "[n]o response is required unless the court orders otherwise." Fed. R. Bankr. P. 9014(a). Bartels therefore seeks leave rather than filing an additional merits response unilaterally.

8. Limited leave is appropriate because Document 171 asks the Court to overrule Bartels's filed objections while adding definitive accusations that were neither adjudicated nor presented through testimony. Allegations in a brief are not evidence. If resolution of a disputed material factual issue becomes necessary in this contested matter, testimony must be taken as in an adversary proceeding and the Federal Rules of Evidence apply. Fed. R. Bankr. P. 9014(d), 9017. Exhibit A preserves that boundary; it does not ask this Court to decide any avoidance claim.

9. Orderly procedure favors allowing a concise answer before the Court is asked to rely on new factual matter or enter new operative language. Bartels does not contend that every reply creates an automatic right to another brief; the request rests on the particular content of Documents 171 and 171-1.

### II. THE RESPONSE WILL ASSIST THE COURT IN DECIDING THE RULE 2018(a) REQUEST ALREADY PENDING AT DOCUMENT 153.

10. Rule 2018(a) permits the Court, after such notice and hearing as it orders and for cause, to allow an interested entity to participate "in any specified matter." Bartels invoked that specified-matter authority in Document 153. The Trustee answered it in Document 156, and Document 171 asks the Court to deny it. The issue is already joined for the September 10 hearing.

11. The proposed Limited Response does not seek general intervention, discovery, authority to direct the Trustee, immunity from any claim, or appellate standing. It addresses only Document 171's materially expanded assertions and Document 171-1's revised operative language so the Court can decide the pending Rule 2018 request and employment application on an accurate record.

12. The practical effect is concrete. Document 171 calls Bartels "a potential defendant," states that he "will likely be sued," and identifies him as "the subject of potential claims." Doc. 171 ¶¶ 10, 21. The effect is no longer merely prospective: on August 24, the Firms filed Document 170 as "PROPOSED SPECIAL COUNSEL"; on August 25, Document 172 records Kasey Bolton's in-person and Beverly Weiss Manne's remote appearances in the stay matter directed at the Malak action, where Bartels is the principal defendant. The revised order would retroactively authorize employment during that activity, overrule his objections, and approve the Firms' contingent compensation.

13. Section 327(c) does not establish a categorical bar to the pending confined request. *In re Team Systems International, LLC*, No. 22-10066 (CTG), 2024 Bankr. LEXIS 232, at *6 (Bankr. D. Del. Feb. 1, 2024), slip op. at 3–4, held that § 327(c) governs who may object "on account of" counsel's representation of a creditor and limits standing "in these circumstances." Document 171 quotes the next sentence while omitting that limitation. Bartels acknowledges that *Team Systems* would present a substantial obstacle if his sole contention were disqualification merely because the Firms represent ORAFI. That is not the relief sought here. A complete copy accompanies this filing as Attachment 1.

14. Controlling authority rejects an absolute noncreditor bar where retention itself directly affects rights or process. *Century Indemnity Co. v. Congoleum Corp. (In re Congoleum Corp.)*, 426 F.3d 675, 685–87 (3d Cir. 2005), permitted noncreditor insurers to challenge special-counsel retention under materially more extraordinary facts because retention could directly affect their rights and the integrity of the process. Bartels cites *Congoleum* only to confirm the Court's discretion—not as creating automatic standing. Rule 2018 participation supplies an opportunity to be heard, not a vote or veto. Cf. *Truck Insurance Exchange v. Kaiser Gypsum Co.*, 602 U.S. 268, 284 (2024).

15. The Trustee and United States Trustee do not represent Bartels's separate interest in ensuring that an employment order does not adjudicate his defenses in the Malak action or any future avoidance proceeding. That observation does not impugn either fiduciary. It explains why a no-merits reservation is personal, nonduplicative, and properly confined.

## III. LEAVE WILL NOT PREJUDICE THE TRUSTEE OR DELAY THE HEARING.

16. The exact proposed response is attached; it presents legal argument on the existing docket; and it requests neither evidence nor delay. The Trustee will have approximately two weeks to address it at the scheduled hearing. Bartels agrees that no further written submission should be filed concerning Exhibit A absent further order.

17. If the Court declines to accept a separate written response, Bartels alternatively requests that the Court not treat the disputed accusations in Document 171 as evidence or findings and permit a confined oral response at the September 10 hearing, subject to the Court's ruling on the pending Rule 2018(a) request.

## REQUEST FOR RELIEF

WHEREFORE, Bartels respectfully requests an order: (1) granting leave to file Exhibit A as a Limited Response to Documents 171 and 171-1 and deeming it filed upon entry of the order; (2) providing that Bartels's Rule 2018(a) request in Document 153 remains for decision at the September 10 hearing; (3) allowing the Trustee to address Exhibit A at that hearing, with no further written briefing absent order; (4) providing that this procedural leave does not determine standing, party status, appellate rights, or the merits of any avoidance claim or defense; (5) confirming that this Motion does not expand the limited Rule 2018 relief already requested in Document 153; and (6) granting such other narrowly tailored procedural relief as is just.

Dated: August 26, 2026

Respectfully submitted,

**/s/ Eric D. Bartels**
**ERIC D. BARTELS, Pro Se | Solely in His Individual Capacity**
6 Dickinson Close, Moosic, PA 18507
570-479-7141 | edb5020@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

| | |
|---|---|
| In re:<br>**LUXURY TIME GLOBAL, LLC**<br>Debtor. | Chapter 7<br>Case No. 5:25-bk-00912-MJC<br>Matter: Docs. 151, 153, 156, 163, 170, 171 & 171-1 |

ERIC DAVID BARTELS,
Movant,

v.

**JILL E. DURKIN, CHAPTER 7 TRUSTEE,**
Respondent.

**EXHIBIT A — PROPOSED LIMITED RESPONSE OF ERIC DAVID BARTELS TO DOCUMENTS 171 AND 171-1**

Eric David Bartels ("Bartels"), appearing pro se solely in his individual capacity and pursuant to the Court's leave, submits this Limited Response to the Trustee's Objection and Response [Doc. 171] and revised proposed order [Doc. 171-1]. Documents 153 and 163 are preserved and not withdrawn. This Response addresses only the new merits accusations, the application of Team Systems to Rule 2018, the intervening preapproval activity, and the revised order's new operative terms. Bartels does not seek to choose the Trustee's counsel, control estate litigation, or obtain immunity from any properly pleaded claim.

## I. THE TRUSTEE'S OWN FILINGS ESTABLISH CAUSE FOR LIMITED RULE 2018 PARTICIPATION; TEAM SYSTEMS DOES NOT CREATE A UNIVERSAL BAR.

1. Rule 2018(a) allows the Court, for cause, to permit an interested entity to participate in a specified matter. The Local Rules define a "party in interest" as a person or entity "who may be affected by a bankruptcy proceeding" and state that the term "also includes a creditor." M.D. Pa. L.B.R. 9001-1(j). Bartels invokes the Court's matter-specific discretion—not creditor status or § 327(c)'s creditor-specific objection mechanism.

2. Document 171 itself establishes direct effect: it calls Bartels a potential defendant, says he will likely be sued, and states that the proposed Firms will investigate claims involving him. Doc. 171 ¶¶ 10, 21. The Firms then filed Document 170 and appeared at the August 25 hearing as proposed special counsel in a matter seeking to facilitate the Trustee's substitution in Malak v. Bartels. Docs. 170, 172. The proposed employment is therefore already intertwined with action directed at litigation in which Bartels is a defendant.

3. *Team Systems* held that § 327(c) "addresses who may object to the retention of counsel on account of that counsel's representation of a creditor" and limits standing "in these circumstances." 2024 Bankr. LEXIS 232, at *6; slip op. at 3–4 (emphasis added). Document 171 ¶ 8 omits "in these circumstances" when presenting the next sentence as categorical. *Team Systems* did not construe Rule 2018(a), did not consider a materially revised § 328 order, and did not authorize deciding an objector's avoidance liability inside an employment ruling.

4. *Team Systems* remains adverse and factually close in one respect: its objectors were equity holders and fraudulent-transfer defendants. Bartels therefore narrows his request to matters that do not depend solely on the Firms' representation of ORAFI: Rule 2014 disclosure,

the actual scope and effective date of employment, compensation terms under § 328, preapproval services, the wording of the order, and a reservation of unadjudicated merits. See *Congoleum*, 426 F.3d at 685–87. That participation can assist the Court without conferring a veto.

## II. THE EMPLOYMENT HEARING CANNOT BE USED TO ADJUDICATE AVOIDANCE CLAIMS AGAINST BARTELS.

5. Document 171 states as fact that the auditor found "improper transfers of estate funds"; that "[m]ost if not all" voidable transfers were directed by Bartels; that he acted while knowing LTG was insolvent; that he was an "initial transferee" and "master" of a "multitude of fraudulent transfers"; and that he is the "maker and taker of fraudulent transfers." Doc. 171 at 1 & ¶¶ 10, 20, 31. Document 170 at 2 similarly labels the alleged conduct "misuse and misappropriation" and "squandering." Neither brief is verified; neither identifies a particular transfer, date, account, amount, transferor, transferee, statutory theory, or value exchanged.

6. Those labels assume every disputed element. The petition-date Form 205 is not an adjudication of insolvency at the time of each transfer or of Bartels's knowledge. Section 101(32) uses fair valuation; § 548(a)(1)(B)(ii)(I) asks whether the debtor was insolvent on the transfer date or became insolvent because of that transfer; and § 547(f)'s presumption applies only during the 90 days before the petition. A prepetition transaction also was not a transfer of "estate funds" when made merely because it might later be alleged avoidable; the estate arose when the case commenced. See 11 U.S.C. § 541(a).

7. Document 171 likewise collapses avoidability, transferee status, and defenses. Section 550(b)'s protection for a qualifying subsequent transferee does not decide whether Bartels was an initial or subsequent transferee, whether any transfer was avoidable, or whether § 548(c)'s separate good-faith-and-value protection or another defense applies. Those questions require an identified transaction and an evidentiary record.

8. A proceeding to recover money or property is ordinarily an adversary proceeding. Fed. R. Bankr. P. 7001(a). If a disputed material factual issue becomes necessary in this contested employment matter, Rule 9014(d) requires testimony in the same manner as an adversary proceeding. The Trustee may investigate and later plead any claim; she may not defeat Bartels's right to request limited participation by presuming the merits of that unfiled claim.

9. The Court should disregard the quoted characterizations as advocacy for purposes of employment and provide that no employment order constitutes a finding or has preclusive effect concerning any alleged transfer, estate-property status, insolvency, knowledge, intent, value, good faith, initial- or subsequent-transferee status, avoidability, fraud, liability, or defense.

## III. DOCUMENT 171 ANSWERS THE WRONG QUESTION: "PRE-APPLICATION BILLS" ARE NOT PREAPPROVAL SERVICES.

10. Bartels requested disclosure of "pre-approval services." Document 171 ¶ 23 answers that there will be no "bills for pre-application filing work." Those are different periods, and the reference to hourly bills is beside the point under a contingency arrangement. The Amended Application states that the Firms began work on July 15, 2026. Doc. 151 at 1 & ¶ 13. No employment order has been entered.

11. The intervening docket removes any doubt that substantive work continued before approval. On August 24, Beverly Weiss Manne, Kasey Bolton, and Justin Gendler filed the Trustee's response concerning the automatic stay and signed as "PROPOSED SPECIAL COUNSEL." Doc. 170 at 8. Manne signed its service certificate. Doc. 170-1 at 1. Document 172 records Bolton's in-person and Manne's remote appearances on August 25. That proceeding settled procedurally; it produced no merits finding concerning Bartels or any transfer.

12. This chronology matters to both authorization and compensation. Document 156 ¶ 47 says substitution or intervention in the preexisting Malak action is a "formal proceeding" that triggers the 40% tier. A statement that no hourly "bill" will issue does not disclose whether six weeks of preapproval work may be compensated indirectly through a percentage of a later recovery.

13. Before approving retroactive employment or § 328 terms, the Court should require a verified, nonprivileged chronology identifying the engagement and first-service dates; each material preapproval service and responsible professional; the matter and authority under which it was performed; and whether Doc. 152, Doc. 170, the Malak action, the August 25 appearance, or other preapproval activity triggers the 40% tier or will otherwise enter any compensation calculation.

## IV. THE EFFECTIVE-DATE RECORD MUST BE ACCURATE, AND POST-FACTO EMPLOYMENT REQUIRES FINDINGS.

14. The revised proposed order is internally inconsistent with the docket. Document 171 ¶ 4 says the First Application [Doc. 147] was filed July 14. The ECF record, the Amended Application, and Document 156 ¶ 5 identify July 15. Document 151 was filed July 24. Yet Document 171-1 recites that it adjudicates Document 151, calls it the "Application," and then calls July 15 "the date of the Application." Doc. 171-1 at 2–3 ¶ 3. July 14 was the engagement-letter date; the Trustee accepted it July 15.

15. The Third Circuit permits post-facto employment only after the Court finds that the professional satisfied § 327 and would have been appointed initially, and that extraordinary circumstances justify reaching before approval. *In re Arkansas Co.,* 798 F.2d 645, 648–51 (3d Cir. 1986); *F/S Airlease II, Inc. v. Simon,* 844 F.2d 99, 105–08 (3d Cir. 1988). Prompt filing is favorable to the Trustee, but useful work and generalized urgency do not substitute for the required analysis.

16. Post-*Acevedo,* a court may still grant post-facto employment, but an order labeled nunc pro tunc may not create a filing date that did not occur. *Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano,* 589 U.S. 57, 65–66 (2020); *In re Young*, 646 B.R. 779, 784–89 (Bankr. W.D. Pa. 2022). *Young* denied a two-year reachback but approved employment from the application date. Here, July 15 is supportable only if the Court finds Doc. 147 was a complete Rule 2014 application despite its admitted percentage and effective-date errors; otherwise, July 24 or the date of a compliant supplement is the relevant date.

17. The order should state the actual chronology, avoid the fiction that Doc. 151 was filed July 15, and authorize no compensation—directly or through a contingent recovery—for work before the effective date. At minimum, compensation for preapproval services should be expressly reserved pending the verified chronology and the findings required by Arkansas and F/S Airlease.

## V. PARAGRAPH 8 CANNOT SILENTLY OVERRIDE THE VERIFIED RULE 2014 RECORD.

18. The original proposed order at Document 151-3 was one page. The new four-page order expressly fixes § 328 compensation, incorporates the engagement agreement, and then states: "To the extent the Application or the Manne Declaration are inconsistent with this Order, the terms of this Order shall govern." Doc. 171-1 ¶ 8. That clause invites an unsigned, party-drafted order to supersede the verified disclosures on which the Court must rely.

19. Current Rule 2014 requires specific facts concerning need, selection, services, compensation, and connections, and a verified statement from the proposed professional. Fed. R.

Bankr. P. 2014(a)(2)(A)–(F), (a)(3). The disclosure burden rests on the professional; good faith does not excuse incomplete disclosure, and the Court need not reconstruct conflicts from a scattered record. In re BH&P Inc., 949 F.2d 1300, 1317–18 (3d Cir. 1991). Paragraph 8 reverses that rule.

20. The record contains material inconsistencies that must be identified, not overridden: (a) Document 156 ¶ 49(1) defined "general retainer" as a limited upfront payment; Document 171 ¶ 29 now says it means retention "general to the enumerated tasks"; the engagement letter § 6 says the retainer was waived; (b) Document 171 gives the wrong First Application date; (c) Document 151 ¶ 4 invokes § 327(e), while ¶ 8 and the proposed order rely on § 327(a)/(c), though § 327(e) concerns an attorney who previously represented the debtor; (d) Document 171 ¶ 23 says § 328 operates "as opposed to" § 330, while proposed-order ¶ 4 invokes both and ¶ 5 makes final review subject to § 328; and (e) the engagement letter's limited stated matters and written-expansion requirement do not match the Application's broader "other legal services" language.

21. Paragraph 8 should be deleted. Any change should instead be stated in a verified supplement with notice. If the Court retains an inconsistency clause, it should provide that the most restrictive limitation controls and that no expansion of scope, compensation, or conflict protocol becomes effective without a supplemental Rule 2014 filing and further order.

## VI. EXPRESS § 328 APPROVAL MAKES THE UNDEFINED COMPENSATION TERMS MATERIAL NOW.

22. The gross-recovery and 35%/40% language was present in the Amended Application and engagement letter; Document 171-1 did not invent it. What is new is a proposed order that expressly declares the terms reasonable under § 328, reproduces them as operative relief, and makes final fee review subject to § 328. The difference matters because § 328 generally permits later alteration only if the approved terms prove improvident due to developments not capable of anticipation when fixed.

23. A contingency label does not make every rate, trigger, and recovery base reasonable. The Court must review those terms ex ante. *In re Federal-Mogul Global Inc.*, 348 F.3d 390, 397–408 (3d Cir. 2003). Conversely, only an order expressly and unambiguously approving specific § 328 terms constrains later review. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 260–62 (3d Cir. 1995). That makes precision now—not a later fee dispute—essential.

24. The proposed terms leave foreseeable disputes unresolved. They apply to "any gross amounts" recovered through judgment, settlement, sale of claims, insurance, or "otherwise," without requiring material causation by authorized Firms' work. The Application's footnote includes noncash benefits and property received by the Trustee or "affiliates," without a court-approved valuation procedure. Costs are not deducted; mixed recoveries and work by other counsel are not allocated; the 40% tier may be triggered by a proceeding filed before approval or by someone else; and the incorporated engagement letter adds potential hourly compensation upon termination, interest, liens, collection costs, a future retainer, deferred-payment priority, and other terms not resolved by the proposed order.

25. The Court should either preserve full § 330 review or approve only defined § 328 terms. At minimum, "Recovery" should mean new cash or property actually received and retained by the estate primarily because of authorized, post-effective-date work; exclude preexisting estate assets, ordinary turnover, recoveries obtained by others, and unapproved noncash value; require court-approved allocation of mixed recoveries and actual documented expenses; and apply 40% only when the Firms themselves commence a materially necessary, identified proceeding after the effective date. The preexisting Malak action, Doc. 152, Doc. 170, and the August 25 hearing should not automatically trigger 40%.

## VII. THE ORDER MUST CONTAIN AN EFFECTIVE ORAFI CARVE-OUT FROM INCEPTION.

26. The Firms currently represent ORAFI, the estate's largest unsecured creditor, and cite knowledge gained through that relationship as a reason for selection and reduced cost. The Application promises no ORAFI-adverse representation and conflicts counsel "if any estate claim against that creditor is identified." Doc. 151 ¶¶ 15–18. That leaves the threshold review—whether ORAFI's claim or transactions should be investigated—without a defined independent decisionmaker, screen, information barrier, or handoff point.

27. Section 327(c) prevents disqualification solely because counsel represents a creditor; it does not erase § 327(a), Rule 2014, or the Court's independent review. An actual conflict requires disqualification, and a facially plausible substantial conflict must be resolved before retention rather than deferred through a conditional cure. *In re Pillowtex, Inc.*, 304 F.3d 246, 251 –54 (3d Cir. 2002). *Congoleum* likewise requires careful scrutiny where a purported special assignment is intertwined with the affected relationship. 426 F.3d at 689–93.

28. Any employment order should therefore: exclude the Firms and co-counsel from investigating, evaluating, advising on, negotiating, litigating, settling, or reviewing ORAFI's claim or any ORAFI transaction; assign the initial threshold review and all ORAFI decisions to the Trustee or properly retained, unconnected conflicts counsel; prohibit access to or use of ORAFI confidential information for the estate except as lawfully authorized; prohibit disclosure of estate information to ORAFI; exclude ORAFI recoveries, claim reductions, settlements, or allocations from the contingency base; and require prompt continuing Rule 2014 supplements and separate notice before any ORAFI waiver, release, or compromise. Paragraph 8 must not override those limitations.

## VIII. REQUESTED LIMITED RELIEF

WHEREFORE, Bartels respectfully requests that the Court: (1) consider this Limited Response without delaying the September 10 hearing; (2) decide the pending, matter-specific Rule 2018(a) request on the complete record; (3) treat the merits accusations as advocacy, not evidence or findings, and include an express no-merits and no-preclusion reservation; (4) strike paragraph 8 and require identified, verified corrections to the date, statutory basis, retainer explanation, scope, and review standard; (5) require the verified preapproval-services and compensation chronology, state an accurate effective date, and reserve compensation for unauthorized services; (6) preserve § 330 review or define narrowly every approved § 328 term and trigger; (7) impose the ORAFI carve-out and independent threshold-review protocol described above; and (8) grant such other narrowly tailored relief as is just.

Dated: August 26, 2026

Respectfully submitted,
**/s/ Eric D. Bartels**
**ERIC D. BARTELS, Pro Se | Solely in His Individual Capacity**
6 Dickinson Close, Moosic, PA 18507
570-479-7141 | edb5020@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

In re:
**LUXURY TIME GLOBAL, LLC**
Debtor.

Chapter 7
Case No. 5:25-bk-00912-MJC
Matter: Motion for Leave; Docs. 171 & 171-1

ERIC DAVID BARTELS,
Movant,

v.

**JILL E. DURKIN, CHAPTER 7 TRUSTEE,**
Respondent.

## CERTIFICATE OF SERVICE

I certify that on August 26, 2026, I served by first-class United States mail, postage prepaid, a true and correct copy of the Motion of Eric David Bartels for Leave to File a Limited Response to Documents 171 and 171-1; Exhibit A, the proposed Limited Response; Attachment 1, the Team Systems opinion; the proposed order; and the Certificate of Use of Generative AI, upon the following:

**Jill E. Durkin, Esquire**
Chapter 7 Trustee
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419

**Kasey D. Bolton, Esquire**
Counsel for ORAFI, Inc.; Proposed Special Counsel
Tucker Arensberg, P.C.
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011

**ORAFI, Inc. d/b/a Timeless Jewelers**
17616 Collins Avenue
Sunny Isles Beach, FL 33160

**Kenneth G. Lau, Trial Attorney**
Counsel for Office of the United States Trustee
U.S. Department of Justice – U.S. Trustee Program
125 Ottawa Avenue NW, Suite 200R
Grand Rapids, MI 49503

**Beverly Weiss Manne, Esquire**
Counsel for ORAFI, Inc.; Proposed Special Counsel
Tucker Arensberg, P.C.
One PPG Place, Suite 1500
Pittsburgh, PA 15222

**Justin J. Gendler, Esquire**
Counsel for ORAFI, Inc.; Proposed Special Counsel
Gendler & Gendler, PLLC
P.O. Box 450135
Sunrise, FL 33345

**C. Stephen Gurdin, Jr., Esquire**
Counsel for Debtor
67-69 Public Square, Suite 501
Wilkes-Barre, PA 18701-2512

**Geff Blake, Esquire**
Counsel for Peter Malak
Blake & Walsh, LLC
436 Jefferson Avenue
Scranton, PA 18510

**David J. Harris, Esquire**
Counsel for Peter Malak
67-69 Public Square, Suite 700
Wilkes-Barre, PA 18701

Dated: August 26, 2026

Respectfully submitted,

**/s/ Eric D. Bartels**
**ERIC D. BARTELS, Pro Se | Solely in His Individual Capacity**
6 Dickinson Close, Moosic, PA 18507
570-479-7141 | edb5020@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(WILKES-BARRE)**

In re:
**LUXURY TIME GLOBAL, LLC**
Debtor.

Chapter 7
Case No. 5:25-bk-00912-MJC
Matter: Motion for Leave; Docs. 171 & 171-1

ERIC DAVID BARTELS,
Movant,

v.

**JILL E. DURKIN, CHAPTER 7 TRUSTEE,**
Respondent.

## CERTIFICATE OF USE OF GENERATIVE AI

Pursuant to General Order 2026-02 and Judge Mark J. Conway's published procedures concerning generative artificial intelligence, I certify as follows:

1. I used OpenAI's ChatGPT in preparing this filing.

2. ChatGPT assisted with organization, drafting, revision, issue spotting, legal-research leads, and citation formatting for the Motion for Leave, Exhibit A (the proposed Limited Response), the proposed order, the Certificate of Service, and this Certificate. Attachment 1, the official copy of In re Team Systems International, LLC, was not generated or altered by AI.

3. Before filing, I personally reviewed every AI-assisted portion, verified all factual assertions against the cited docket materials, checked every citation and legal authority, and corrected any inaccuracies. I adopt the filing as my own and remain solely responsible for its contents.

Dated: August 26, 2026

Respectfully submitted,
**/s/ Eric D. Bartels**
**ERIC D. BARTELS, Pro Se | Solely in His Individual Capacity**
6 Dickinson Close, Moosic, PA 18507
570-479-7141 | edb5020@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

| | |
|---|---|
| In re:<br>**LUXURY TIME GLOBAL, LLC**<br>Debtor. | Chapter 7<br>Case No. 5:25-bk-00912-MJC<br>Matter: Motion for Leave; Docs. 171 & 171-1 |

**ATTACHMENT 1**
**UNPUBLISHED AUTHORITY SUBMITTED PURSUANT TO M.D. PA. L.B.R. 9013-2(d)**

*In re Team Systems International, LLC,* No. 22-10066 (CTG), 2024 Bankr. LEXIS 232 (Bankr. D. Del. Feb. 1, 2024).

A complete copy of the seven-page unpublished opinion follows in the filing-ready PDF packet.



* * * Filed pp. 13-19 omitted; same opinion at App. 110-116. * * *