FILED (EDSS)
**August 26, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

In re:
**LUXURY TIME GLOBAL, LLC**
Debtor.

Chapter 7
Case No. 5:25-bk-00912-MJC
Matter: Docs. 151, 153, 156, 163, 170 –172 & 171-1

ERIC DAVID BARTELS,
Movant,

vs.

**JILL E. DURKIN, CHAPTER 7 TRUSTEE,**
Respondent.

**MOTION OF ERIC DAVID BARTELS FOR LEAVE TO FILE A LIMITED RESPONSE TO DOCUMENTS 171 AND 171-1**

Eric David Bartels ("Bartels"), appearing pro se solely in his individual capacity, respectfully moves under Federal Rules of Bankruptcy Procedure 9013 and 9014 for leave to file the Limited Response attached hereto as Exhibit A, addressing the Trustee's Objection and Response [Doc. 171] and the materially revised proposed order [Doc. 171-1]. Bartels's expressly captioned Alternative Motion for Leave to Be Heard Under Rule 2018(a) is already pending at Document 153. This Motion does not renew or enlarge that request. It asks only that the Court accept a confined response to matters newly or materially expanded after the Court-authorized briefing at Document 163. Bartels seeks no discovery, continuance, general intervention, control over estate litigation, or further briefing beyond Exhibit A absent order.

**BACKGROUND**

1. The Trustee filed the Amended Application to Employ Special Counsel [Doc. 151]. Bartels filed a Renewed and Supplemental Objection [Doc. 153]; the Trustee replied [Doc. 156]; and, pursuant to the Court's August 4, 2026 Order [Doc. 160], Bartels filed a Court-authorized Limited Sur-Reply [Doc. 163].

2. The Trustee's Reply identifies Document 153 as an "Alternative Motion for Leave to Be Heard Under Fed. R. Bankr. P. 2018(a)" and addresses that request on the merits. Doc. 156 at 1 & ¶¶ 20–29. No renewed Rule 2018 motion is necessary. Bartels asks the Court to decide that pending request at the September 10 hearing on the complete record.

3. On August 24, 2026, after that authorized sequence, the Trustee filed Document 171 and a four-page filing containing a three-page revised proposed retention order at Document 171-1. The employment hearing remains scheduled for September 10, 2026.

4. Document 171 materially expands the record by asserting as fact that Bartels knew LTG was insolvent when transfers occurred, labeling him an "initial transferee," the "master of the transfers," and the "maker and taker of fraudulent transfers," and invoking § 550(b)(1) and good-faith authorities to support those unadjudicated assertions. It also applies Team Systems categorically to Bartels's pending Rule 2018(a) request.

5. Document 171-1 is not the one-page form submitted with the Amended Application. The revised form expressly approves compensation under § 328(a), defines a 35%/40% fee against "gross amounts" recovered, provides that final fee review will be governed by § 328(a), and

makes the order control over inconsistent language in the Application or Manne Declaration. Because those provisions materially alter the proposed relief after the authorized briefing, the Court should exercise its Rule 9014(a) case-management authority to allow a confined response before entry.

6. Exhibit A is limited to those new or materially clarified matters. It offers no testimony or new factual exhibit, repeats no generalized objection to the Trustee's selection of counsel, requests no postponement, and was submitted promptly—two days after Documents 171 and 171-1.

## ARGUMENT

### I. RULES 9013 AND 9014 AUTHORIZE THE COURT TO PERMIT THIS CONFINED RESPONSE.

7. A request for an order must be made by written motion, and the motion must state its grounds and requested relief with particularity. Fed. R. Bankr. P. 9013(a)–(b). In a contested matter, "[n]o response is required unless the court orders otherwise." Fed. R. Bankr. P. 9014(a). Bartels therefore seeks leave rather than filing an additional merits response unilaterally.

8. Limited leave is appropriate because Document 171 asks the Court to overrule Bartels's filed objections while adding definitive accusations that were neither adjudicated nor supported in Document 171 by testimony or evidence. Unverified assertions in that brief do not themselves establish the disputed facts. See Jersey Cent. Power & Light Co. v. Township of Lacey, 772 F.2d 1103, 1109–10 (3d Cir. 1985). If resolution of a disputed material factual issue becomes necessary in this contested matter, Rule 9014(d), subject to the parties' agreement otherwise, and Rule 9017 govern the evidentiary process. Exhibit A preserves that boundary; it does not ask this Court to decide any avoidance claim.

9. Orderly procedure favors allowing a concise answer before the Court is asked to rely on new factual matter or enter new operative language. Bartels does not contend that every reply creates an automatic right to another brief; the request rests on the particular content of Documents 171 and 171-1.

### II. THE RESPONSE WILL ASSIST THE COURT IN DECIDING THE RULE 2018(a) REQUEST ALREADY PENDING AT DOCUMENT 153.

10. Rule 2018(a) permits the Court, after such notice and hearing as it orders and for cause, to allow an interested entity to participate "in any specified matter." Bartels invoked that specified-matter authority in Document 153. The Trustee answered it in Document 156, and Document 171 asks the Court to deny it. The issue is already joined for the September 10 hearing.

11. The proposed Limited Response does not seek general intervention, discovery, authority to direct the Trustee, immunity from any claim, or appellate standing. It addresses only Document 171's materially expanded assertions and Document 171-1's revised operative language so the Court can decide the pending Rule 2018 request and employment application on an accurate record.

12. The practical effect is concrete. Document 171 calls Bartels "a potential defendant," states that he "will likely be sued," and identifies him as "the subject of potential claims." Doc. 171 ¶¶ 10, 21. The effect is no longer merely prospective: earlier on August 24, Document 170 was filed under a signature block identifying the Firms as "PROPOSED SPECIAL COUNSEL"; on August 25, Document 172 records appearances by Tucker Arensberg attorneys Kasey Bolton and Beverly Weiss Manne in the stay matter directed at the Malak action, where Bartels is a

named defendant. The revised order would authorize employment during that activity, overrule his objections, and expressly approve the Firms' contingent compensation under § 328(a).

13. Section 327(c) does not establish a categorical bar to the pending confined request. *In re Team Systems International, LLC*, No. 22-10066 (CTG), 2024 Bankr. LEXIS 232, at *6 (Bankr. D. Del. Feb. 1, 2024), slip op. at 3–4, holds that § 327(c) limits who may object when the objection rests on counsel's representation of a creditor. Bartels acknowledges that *Team Systems* would present a substantial obstacle if his sole contention were disqualification merely because the Firms represent ORAFI. It did not address Rule 2018(a), a later materially revised § 328 order, or whether an employment order may adjudicate unfiled claims. Bartels does not invoke Rule 2018 to renew ORAFI disqualification. A complete copy accompanies this filing as Attachment 1.

14. *Century Indemnity Co. v. Congoleum Corp. (In re Congoleum Corp.)*, 426 F.3d 675, 685–87 (3d Cir. 2005), recognized appellate standing for noncreditor insurers where retention directly affected their rights and the integrity of the process. Its facts were materially more extraordinary. Bartels cites *Congoleum* only as persuasive support for matter-specific participation under Rule 2018—not as creating automatic standing under § 327(c). If granted, that participation would supply an opportunity to be heard, not a vote or veto.

15. The Trustee and United States Trustee do not represent Bartels's separate interest in ensuring that an employment order does not adjudicate his defenses in the Malak action or any future avoidance proceeding. That observation does not impugn either fiduciary. It explains why a no-merits reservation is personal, nonduplicative, and properly confined.

## III. LEAVE WILL NOT PREJUDICE THE TRUSTEE OR DELAY THE HEARING.

16. The exact proposed response is attached; it presents legal argument on the existing docket; and it requests neither evidence nor delay. The Trustee will have approximately two weeks to address it at the scheduled hearing. Bartels agrees that no further written submission should be filed concerning Exhibit A absent further order.

17. If the Court declines to accept a separate written response, Bartels alternatively requests that the Court not treat the disputed accusations in Document 171 as evidence or findings and permit a confined oral response at the September 10 hearing, subject to the Court's ruling on the pending Rule 2018(a) request.

## REQUEST FOR RELIEF

WHEREFORE, Bartels respectfully requests an order: (1) granting leave and accepting Exhibit A for consideration as his Limited Response to Documents 171 and 171-1; (2) providing that nothing in the order disposes of the Rule 2018(a) request in Document 153; (3) allowing the Trustee to address Exhibit A at the September 10 hearing, with no further written briefing absent order; (4) providing that this procedural leave does not determine standing, party status, appellate rights, or the merits of any avoidance claim or defense; (5) confirming that this Motion does not expand the limited Rule 2018 relief already requested in Document 153; and (6) granting such other narrowly tailored procedural relief as is just.

Dated: August 26, 2026

Respectfully submitted,
**/s/ Eric D. Bartels**

**ERIC D. BARTELS, Pro Se | Solely in His Individual Capacity**
6 Dickinson Close, Moosic, PA 18507
570-479-7141 | edb5020@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

| | |
|---|---|
| In re:<br>**LUXURY TIME GLOBAL, LLC**<br>Debtor. | Chapter 7<br>Case No. 5:25-bk-00912-MJC<br>Matter: Docs. 151, 153, 156, 163, 170 –172 & 171-1 |

ERIC DAVID BARTELS,
Movant,

vs.

**JILL E. DURKIN, CHAPTER 7 TRUSTEE,**
Respondent.

## EXHIBIT A — PROPOSED LIMITED RESPONSE OF ERIC DAVID BARTELS TO DOCUMENTS 171 AND 171-1

Eric David Bartels ("Bartels"), appearing pro se solely in his individual capacity and pursuant to the Court's leave, submits this Limited Response to the Trustee's Objection and Response [Doc. 171] and revised proposed order [Doc. 171-1]. Documents 153 and 163 are preserved and not withdrawn. This Response addresses only the new merits accusations, the application of Team Systems to Rule 2018, the intervening preapproval activity, and the revised order's new operative terms. Bartels does not seek to choose the Trustee's counsel, control estate litigation, renew his broader ORAFI objection, or obtain immunity from any properly pleaded claim.

### I. THE TRUSTEE'S OWN FILINGS ESTABLISH CAUSE FOR LIMITED RULE 2018 PARTICIPATION; TEAM SYSTEMS DOES NOT CREATE A UNIVERSAL BAR.

1. Rule 2018(a) permits the Court, for cause and after such notice and hearing as it orders, to allow an interested entity to participate "in any specified matter." Bartels invokes that discretionary, matter-specific mechanism—not creditor status or § 327(c)'s creditor-specific objection mechanism.

2. Document 171 itself establishes direct effect: it calls Bartels a potential defendant, says he will likely be sued, and states that he is the subject of potential claims the Trustee has a duty to investigate. Doc. 171 ¶¶ 10, 21. Earlier on August 24, Document 170 was filed under a signature block identifying the Firms as "PROPOSED SPECIAL COUNSEL." Document 172 records that Tucker Arensberg attorneys Kasey Bolton and Beverly Weiss Manne appeared at the August 25 hearing in the stay matter concerning the Malak action. The proposed employment is therefore already intertwined with action directed at litigation in which Bartels is a defendant.

3. *Team Systems* held that § 327(c) "addresses who may object to the retention of counsel on account of that counsel's representation of a creditor." 2024 Bankr. LEXIS 232, at *6; slip op. at 3–4. *Team Systems* did not construe Rule 2018(a), did not consider a materially revised § 328 order, and did not authorize deciding an objector's avoidance liability inside an employment ruling. Bartels does not invoke Rule 2018 to renew ORAFI disqualification; he seeks only the limited protections identified here.

4. *Team Systems* remains adverse and factually close in one respect: its objectors were equity holders and fraudulent-transfer defendants. Bartels's direct, nonduplicative concern is

narrower: an employment order should not adjudicate his defenses in pending or future litigation, and its authorization, effective-date, and § 328 terms should accurately address counsel's pre-order activity in litigation naming him. See *Congoleum*, 426 F.3d at 685–87. Bartels offers the remaining order-specific points only to assist the Court's independent retention review, without claiming an economic entitlement to dictate estate compensation or a veto over counsel.

## II. THE EMPLOYMENT HEARING CANNOT BE USED TO ADJUDICATE AVOIDANCE CLAIMS AGAINST BARTELS.

5. Document 171 states as fact that the auditor found "improper transfers of estate funds"; that "[m]ost if not all" voidable transfers were directed by Bartels; that he acted while knowing LTG was insolvent; that he was an "initial transferee" and "master" of a "multitude of fraudulent transfers"; and that he is the "maker and taker of fraudulent transfers." Doc. 171 at 1 & ¶¶ 10, 20, 31. Document 170 at 2 similarly labels the alleged conduct "misuse and misappropriation" and "squandering." Neither brief is verified. Neither identifies a particular transfer by date, account, amount, transferor, transferee, or value exchanged, or ties any identified transfer to a particular avoidance theory.

6. Those labels are advocacy, not adjudicated facts. The petition-date Form 205 does not establish insolvency on the date of any particular transfer or Bartels's contemporaneous knowledge. Avoidability, transferee status, good faith, value, and other defenses are transaction-specific questions requiring an identified transfer and an evidentiary record.

7. The Trustee may investigate and plead any claim she determines is warranted. But a proceeding to recover money or property is ordinarily an adversary proceeding, and disputed material facts may not be adjudicated inside this employment matter without the evidentiary process required by Rules 7001(a), 9014(d), and 9017.

8. The employment order should state simply that nothing in it adjudicates or determines any avoidance claim, alleged transfer, insolvency, knowledge, intent, value, good faith, transferee status, avoidability, fraud, liability, or defense involving Bartels or any other person.

## III. DOCUMENT 171 ANSWERS THE WRONG QUESTION: "PRE-APPLICATION BILLS" ARE NOT PREAPPROVAL SERVICES.

9. Bartels requested disclosure of "pre-approval services." Document 171 ¶ 23 answers that there will be no "bills for pre-application filing work." Those are different periods, and the reference to hourly bills is beside the point under a contingency arrangement. The Amended Application states that the Firms began work on July 15, 2026. Doc. 151 at 1 & ¶ 13. No employment order has been entered. Section 328(a) supplies a compensation framework subject to "the court's approval"; it does not itself authorize services performed before approval.

10. The intervening docket confirms that substantive work continued before approval. Document 170 was filed with a signature block listing Beverly Weiss Manne, Kasey Bolton, and Justin Gendler as "PROPOSED SPECIAL COUNSEL"; Manne signed the brief and its certificate of service. Doc. 170 at 8; Doc. 170-1 at 1. Document 172 records Bolton's in-person and Manne's remote appearances on August 25 and reports that the motion was "settled," with an agreed order, stipulation, or request to relist due within fourteen days. It records no merits finding concerning Bartels or any transfer.

11. This chronology matters to both authorization and compensation. Document 156 ¶ 47 says substitution or intervention in the preexisting Malak action is a "formal proceeding" that triggers the 40% tier. A statement that no hourly "bill" will issue does not disclose whether approximately six weeks of preapproval work may be compensated indirectly through a percentage of a later recovery.

12. Before fixing § 328 terms, the Trustee should clarify on the record whether any pre-order activity—including activity related to Documents 152 and 170, the Malak action, or the August 25 appearance—triggers the 40% tier or otherwise enters the recovery base. If the issue is not answered, the order should expressly reserve it for a fee application.

## IV. THE EFFECTIVE-DATE RECORD MUST BE ACCURATE, AND POST-FACTO EMPLOYMENT REQUIRES FINDINGS.

13. The revised proposed order is internally inconsistent with the docket. Document 171 ¶ 4 says the First Application [Doc. 147] was filed July 14. The ECF record, the Amended Application, and Document 156 ¶ 5 identify July 15. Document 151 was filed July 24. Yet Document 171-1 recites that it adjudicates Document 151, calls it the "Application," and then calls July 15 "the date of the Application." Doc. 171-1 at 2–3 ¶ 3. July 14 was the engagement-letter date; the Trustee accepted it July 15.

14. The Third Circuit permits post-facto employment only after the Court finds that the professional satisfied § 327 and would have been appointed initially, and that extraordinary circumstances justify the requested reachback. *In re Arkansas Co.*, 798 F.2d 645, 648–51 (3d Cir. 1986); *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 105–08 (3d Cir. 1988). At minimum, an effective date preceding a sufficient application requires those findings.

15. Post-*Acevedo*, a court may still grant post-facto employment, but an order labeled nunc pro tunc may not create a filing date that did not occur. *Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano*, 589 U.S. 57, 65–66 (2020); *In re Young*, 646 B.R. 779, 784–89 (Bankr. W.D. Pa. 2022). *Young* denied a two-year pre-application reachback but approved employment from the application date. Here, July 15 is the date Document 147 was filed. If the Court treats Document 147 as a sufficient Rule 2014 application despite its acknowledged errors, it may state that employment is effective July 15. Otherwise, any reachback to that date requires the findings mandated by *Arkansas* and *F/S Airlease*.

16. The order should state that Document 147 was filed July 15 and Document 151 amended it on July 24; it should not describe Document 151 itself as filed July 15. If July 15 is approved, the order should say "effective July 15" rather than use nunc pro tunc language that obscures the chronology. Compensation for work before the approved effective date should be reserved absent the required findings.

## V. PARAGRAPH 8 CANNOT SILENTLY OVERRIDE THE VERIFIED RULE 2014 RECORD.

17. The original proposed order at Document 151-3 was one page. Document 171-1 contains a three-page revised proposed order that expressly fixes § 328 compensation, incorporates the engagement agreement, and then states: "To the extent the Application or the Manne Declaration are inconsistent with this Order, the terms of this Order shall govern." Doc. 171-1 ¶ 8. A blanket supremacy clause obscures which verified disclosures remain operative and may expand relief beyond the verified record.

18. Current Rule 2014 requires specific facts concerning need, selection, services, compensation, and connections, and a verified statement from the proposed professional. Fed. R. Bankr. P. 2014(a)(2)(A)–(F), (a)(3). The applicant bears the disclosure burden; the Court need not search a scattered record for conflicts, and inadvertence does not excuse a material omission. In re BH&P Inc., 949 F.2d 1300, 1317–18 (3d Cir. 1991). Paragraph 8 should not substitute for identifying and correcting any material inconsistency in a verified Rule 2014 supplement.

19. The record contains material inconsistencies that must be identified, not overridden: (a) Document 156 ¶ 49(1) defined "general retainer" as a limited upfront payment; Document 171 ¶

29 now says it means retention "general to the enumerated tasks"; the engagement letter § 6 says the retainer was waived; (b) Document 171 gives the wrong First Application date; (c) Document 151 ¶ 4 invokes § 327(e), while ¶ 8 and the proposed order rely on § 327(a)/(c), though § 327(e) concerns an attorney who previously represented the debtor; (d) Document 171 ¶ 23 says § 328 operates "as opposed to" § 330, while proposed-order ¶ 4 invokes both and ¶ 5 makes final review subject to § 328; and (e) the Engagement Letter confines the contingent "Matter" to prepetition-payment avoidance claims and requires a written agreement for other matters, while Application ¶ 12(j) uses broader "other legal services" language.

20. Paragraph 8 should be deleted. Any material correction should instead be identified in a verified supplement with notice. If the Court retains an inconsistency clause, it should provide: "This Order controls only to the extent it imposes narrower terms; nothing in this Order expands the disclosed scope or compensation or supersedes any verified disclosure." Nothing in this Limited Response renews the broader ORAFI arguments preserved in Documents 153 and 163, but paragraph 8 should not override the express ORAFI limitations stated in Document 151.

## VI. EXPRESS § 328 APPROVAL MAKES THE UNDEFINED COMPENSATION TERMS MATERIAL NOW.

21. The gross-recovery and 35%/40% language was present in the Amended Application and engagement letter; Document 171-1 did not invent it. What is new is a proposed order that expressly declares the terms reasonable under § 328, reproduces them as operative relief, and makes final fee review subject to § 328. The difference matters because § 328 generally permits later alteration only if the approved terms prove improvident due to developments not capable of anticipation when fixed.

22. A contingency label does not make every rate, trigger, and recovery base reasonable. The Court must review those terms ex ante. *In re Federal-Mogul Global Inc.*, 348 F.3d 390, 397–408 (3d Cir. 2003). Conversely, only an order expressly and unambiguously approving specific § 328 terms constrains later review. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 260–62 (3d Cir. 1995). That makes precision now—not a later fee dispute—essential.

23. The proposed terms leave foreseeable disputes unresolved. They apply to "any gross amounts" recovered through judgment, settlement, sale of claims, insurance, or "otherwise." The Application's footnote includes noncash benefits and property received by the Trustee or "affiliates," without a court-approved valuation procedure. Costs are not deducted; mixed recoveries and work by other counsel are not allocated; and the 40% tier may be triggered by a proceeding filed before approval or by someone else.

24. The Court should decline express § 328 preapproval and preserve § 330 review unless the Trustee supplies definite terms. Alternatively, the Court should approve only the stated percentages and expressly reserve valuation, allocation, causation, expense treatment, and 40% trigger disputes for a fee application. The preexisting Malak action, Documents 152 and 170, and the August 25 hearing should not automatically resolve that trigger.

## VII. REQUESTED LIMITED RELIEF

WHEREFORE, Bartels respectfully requests that the Court: (1) consider this Limited Response without delaying the September 10 hearing; (2) decide the pending, matter-specific Rule 2018(a) request on the complete record; (3) treat the merits accusations as advocacy and state expressly that the employment order does not adjudicate any claim, allegation, or defense; (4) delete or narrow paragraph 8 and require the date, statutory basis, retainer explanation, scope, and review standard to be identified accurately in the verified record; (5) clarify or reserve whether pre-order activity triggers the 40% tier and state an accurate effective date; (6) decline

express § 328 preapproval or reserve the undefined compensation issues for a fee application; and (7) grant such other narrowly tailored relief as is just.

Dated: August 26, 2026

Respectfully submitted,

**/s/ Eric D. Bartels**
**ERIC D. BARTELS, Pro Se | Solely in His Individual Capacity**
6 Dickinson Close, Moosic, PA 18507
570-479-7141 | edb5020@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

In re:
**LUXURY TIME GLOBAL, LLC**
Debtor.

Chapter 7
Case No. 5:25-bk-00912-MJC
Matter: Motion for Leave; Docs. 171 & 171-1

ERIC DAVID BARTELS,
Movant,

vs.

**JILL E. DURKIN, CHAPTER 7 TRUSTEE,**
Respondent.

## CERTIFICATE OF SERVICE

I certify that on August 26, 2026, I served by first-class United States mail, postage prepaid, a true and correct copy of the Motion of Eric David Bartels for Leave to File a Limited Response to Documents 171 and 171-1; Exhibit A, the proposed Limited Response; Attachment 1, the Team Systems opinion; the proposed order; this Certificate of Service; and the Certificate of Use of Generative AI, upon the following:

**Jill E. Durkin, Esquire**
Chapter 7 Trustee
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419

**Kasey D. Bolton, Esquire**
Counsel for ORAFI, Inc.; Proposed Special Counsel
Tucker Arensberg, P.C.
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011

**ORAFI, Inc. d/b/a Timeless Jewelers**
17616 Collins Avenue
Sunny Isles Beach, FL 33160

**Kenneth G. Lau, Trial Attorney**
Counsel for Office of the United States Trustee
U.S. Department of Justice – U.S. Trustee Program
125 Ottawa Avenue NW, Suite 200R
Grand Rapids, MI 49503

**Beverly Weiss Manne, Esquire**
Counsel for ORAFI, Inc.; Proposed Special Counsel
Tucker Arensberg, P.C.
One PPG Place, Suite 1500
Pittsburgh, PA 15222

**Justin J. Gendler, Esquire**
Counsel for ORAFI, Inc.; Proposed Special Counsel
Gendler & Gendler, PLLC
P.O. Box 450135
Sunrise, FL 33345

**C. Stephen Gurdin, Jr., Esquire**
Counsel for Debtor
67-69 Public Square, Suite 501
Wilkes-Barre, PA 18701-2512

**Geff Blake, Esquire**
Counsel for Peter Malak
Blake & Walsh, LLC
436 Jefferson Avenue
Scranton, PA 18510

**David J. Harris, Esquire**
Counsel for Peter Malak
67-69 Public Square, Suite 700
Wilkes-Barre, PA 18701

**Luxury Time Global, LLC**
Debtor
6 Dickinson Close
Moosic, PA 18507

Dated: August 26, 2026

Respectfully submitted,

**/s/ Eric D. Bartels**
**ERIC D. BARTELS, Pro Se | Solely in His Individual Capacity**
6 Dickinson Close, Moosic, PA 18507
570-479-7141 | edb5020@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

In re:
**LUXURY TIME GLOBAL, LLC**
Debtor.

Chapter 7
Case No. 5:25-bk-00912-MJC
Matter: Motion for Leave; Docs. 171 & 171-1

ERIC DAVID BARTELS,
Movant,

vs.

**JILL E. DURKIN, CHAPTER 7 TRUSTEE,**
Respondent.

## CERTIFICATE OF USE OF GENERATIVE AI

Pursuant to General Order 2026-02 and Judge Mark J. Conway's published procedures concerning generative artificial intelligence, I certify as follows:

1. I used OpenAI's ChatGPT in preparing this filing.

2. ChatGPT assisted with organization, drafting, revision, issue spotting, legal-research leads, and citation formatting for the Motion for Leave, Exhibit A (the proposed Limited Response), the proposed order, the Certificate of Service, and this Certificate. Attachment 1, the official copy of In re Team Systems International, LLC, was not generated or altered by AI.

3. Before filing, I personally reviewed every AI-assisted portion, verified all factual assertions against the cited docket materials, checked every citation and legal authority, and corrected any inaccuracies. I adopt the filing as my own and remain solely responsible for its contents.

Dated: August 26, 2026

Respectfully submitted,
**/s/ Eric D. Bartels**
**ERIC D. BARTELS, Pro Se | Solely in His Individual Capacity**
6 Dickinson Close, Moosic, PA 18507
570-479-7141 | edb5020@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

| | |
|---|---|
| In re:<br>**LUXURY TIME GLOBAL, LLC**<br>Debtor. | Chapter 7<br>Case No. 5:25-bk-00912-MJC<br>Matter: Motion for Leave; Docs. 171 & 171-1 |

## ATTACHMENT 1
## UNPUBLISHED AUTHORITY SUBMITTED PURSUANT TO M.D. PA. L.B.R. 9013-2(d)

*In re Team Systems International, LLC,* No. 22-10066 (CTG), 2024 Bankr. LEXIS 232 (Bankr. D. Del. Feb. 1, 2024).

A complete copy of the seven-page unpublished opinion follows in the filing-ready PDF packet.



* * * Filed pp. 13-19 omitted; same opinion at App. 110-116. * * *