**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Luxury Time Global, LLC | : | Case No. **5:25-bk-00912-MJC** |
| | : | |
| Debtor | : | |

**TRUSTEE JILL E. DURKIN'S RESPONSE TO MOTIONS OF ERIC DAVID BARTELS FOR LEAVE TO FILE A LIMITED RESPONSE TO DOCUMENTS 171 AND 171-1**

Jill E. Durkin, Chapter 7 Trustee (the "**Trustee**") for the estate of Luxury Time Global LLC (the "**Debtor**") files this response to Eric David Bartels' ("**Bartels**") *Motions for Leave to File a Limited Response to Documents 171 and 171-1* [ECF Nos. 173 & 174] (the "**Motion(s)**").

## PRELIMINARY STATEMENT

In his Motions, Bartels requests that the Court grant him leave to file a response to an Objection and Response [ECF No. 171] (the "**Objection and Response**") to a Sur-Reply [ECF No. 163] (the "**Sur-Reply**") to a Reply [ECF No. 156] to a Renewed Objection [ECF No. 153] (the "**Renewed Objection**") to an Amended Application to Employ Special Counsel [ECF No. 151] (the "**Amended Application**"), amending a previous Application to Employ Special Counsel [ECF No. 147] (the "**First Application**"), to which Bartels also filed an Objection [ECF No. 148] on substantially the same grounds as the Renewed Objection [ECF No. 153].

It is unnecessary, and not in the interests of judicial economy, for the Court to review a further series of responses to responses to decide whether to grant the Amended Application.

First, Bartels lacks standing to object the Amended Application under 11 U.S.C. § 327(c) or cause to intervene under Fed. R. Bankr. P. 2018(a). Second, the most recent Bartels' Motions do not identify any new issues that were not already raised in Bartels' Sur-Reply and Renewed Objection that require further pleadings to be decided. The only arguably new issues that Bartels

identifies in the Motions and raises in the proposed limited responses attached thereto are (1) the Trustee's revision of the proposed order [ECF No. 171-1] (the "**Revised Proposed Order**") granting the Amended Application, and (2) the Trustee's allegations in the Objection and Response regarding Bartels' status as a transferor and transferee in the fraudulent transfers the Trustee seeks to employ special counsel to prosecute. As for the Trustee's revision of the proposed order granting the Amended Application, the Revised Proposed Order simply clarifies the terms of the Trustee's employment of special counsel. Bartels' Renewed Objection and Objection [ECF No. 147] to the Amended and First Application requested that the Court order the Trustee to do just that—clarify the terms of special counsel's employment.

The Trustee's accommodation of Bartels' request for clarification does not justify the filing of further pleadings on the Amended Application. As for the Trustee's allegations regarding Bartels' status as a transferor and transferee in certain voidable transactions, such allegations need not be finally litigated for the Court to decide whether to authorize employment of special counsel and were not raised to be adjudicated on the merits at this time, but to address issues related to Bartels' standing to object to the Amended Application.

The Court should not assist Bartels' meritless attempts to obstruct the Trustee's prosecution of the fraudulent transfers that were identified by the US Trustee to this Court in July of 2025. Accordingly, the Court should deny the Motions.

## BACKGROUND

1. On April 2, 2025 (the "**Petition Date**"), the Debtor filed the above-captioned case as a small business Chapter 11 case.

2. By Order dated August 22, 2025 [ECF No. 92], this case was converted to a chapter 7 on the Motion of the Office of the United States Trustee [ECF No. 42] (the "**Motion to Convert**").

3. In support of the Motion to Convert, on July 8, 2025, Nicole Watson, a Bankruptcy Auditor employed by the Office of the United States Trustee for the Middle District of Pennsylvania and assigned to review the above-captioned case (the "**Auditor**") filed a Declaration in Support of the Motion to Convert [ECF No. 73] (the "**Declaration**"), stating under penalty of perjury:

> [I]n each and every month from January 2024 to March 2025, Mr. Bartels engaged in numerous and repeated online gambling transactions, betting amounts varying from several hundred dollars to tens of thousands of dollars in wagers from Debtor's business checking account . . . [and] repeatedly transferred substantial amounts between Debtor's business bank accounts (ending in 9319, 8605, 4740 and 4757) and Mr. Bartels' various personal checking (ending in 9620 and 2425) and savings accounts (ending in 5435, 0091 and 4072), as well as to himself via Zelle or his CashApp.

*See* Declaration, ¶¶ 12-13.

4. On July 24, 2026, the Trustee filed an Amended Application to retain Tucker Arensberg, P.C. and Gendler & Gendler, PLLC (collectively, the "**Firms**") on a contingent fee basis, *nunc pro tunc* [ECF No. 151], revising the First Application.

5. Bartels has filed an objection [ECF No. 148] to the First Application, a "Renewed and Supplemental" objection to the Amended Application [ECF No. 153] (the "**Renewed Objection**"), a Sur-Reply to the Trustee's Reply [ECF No. 156] to the Renewed Objection (collectively the "**Objections**"), and now, the Motions for leave to file a Response to the Trustee's Objection and Response to the Sur-Reply, all seeking to derail the Trustee's efforts to retain special counsel under the guise of having "cause" to intervene in the Amended Application under Bankruptcy Rule 2018.

6. The Trustee has a duty to investigate the financial affairs of the Debtor, and to collect and reduce to money property of the estate, which includes bringing avoidance actions under Chapter 5 of the Bankruptcy Code. Retention of special counsel as soon as possible is necessary to enable the Trustee to carry out those duties. Given the extent of the improper transfers, which will take some time to unwind, prompt commencement of investigations of, and litigation related to, the transfers is critical.

**ARGUMENT**

**I. Bartels Lacks Standing to Be Heard on the Amended Application.**

7. Bartels once again argues he is permitted to be heard on the Amended Application by virtue of Bankruptcy Rule 2018. Again, this argument is a meritless effort to do an end run around 11 U.S.C. § 327(c).

8. Section 327(c) "expressly and unambiguously limits standing to object to a retention . . . to other creditors or the United States trustee." *In re Team Sys. Int'l, LLC*, 2024 Bankr. LEXIS 232, at *6 (Bankr. D. Del. 2024). Equity security holders and defendants to fraudulent conveyance actions lack standing to object to an application to retain professionals under 11 U.S.C. § 327. Id. at *6-10.

9. "It is 'a well-settled maxim that specific statutory provisions prevail over more general provisions.'" *In re Philadelphia Newspaper, LLC*, 599 F.3d 298, 306 (3d Cir. 2010) (quoting *In re Combustion Eng'g*, 391 F.3d 190, 237 n. 49 (3d Cir. 2004)). Accordingly, 11 U.S.C. § 327(c)'s specific restriction of standing to object to a trustee's application to employ professionals should prevail over Fed. R. Bankr. P. 2018(a) general provision allowing permissive intervention by interested parties in bankruptcy matters.

10. While a court may permit an *interested entity* to intervene generally or in any specified matter for cause, Fed. R. Bankr. P. 2018(a), no such cause exists here, and Bartels is not an interested party for purposes of the Bankruptcy Rules.

11. Bartels is not a creditor. He did not file a proof of claim. Bartels is a potential defendant because of his actions in transferring assets of the estate. The fact that he will likely be sued does not give him standing to object to the Amended Application.

12. Fed. R. Bankr. P. 2018(a) provides that an interested entity may be permitted to intervene in a specified matter "after hearing on such notice as the court orders and for cause" but Bartels has not established cause for the Court to permit him to intervene or that he is an "interested party."

13. The only authority Bartels cites to support his argument that he should be allowed to intervene on the Amended Application is *Century Indem. Co. v. Congoleum Corp. (In re Congoleum Corp.)*, 426 F.3d 675, 685 (3d Cir. 2005). But in *Congoleum*, the Third Circuit applied a jurisprudential rule that "limits appellate standing to persons or entities that are aggrieved by an order which diminishes their property, increases their burdens, or detrimentally affects their rights."

14. First, the proposed limited responses attached to the Motions (the "**Proposed Limited Responses**") are not appeals. Second, the Proposed Limited Responses do not establish that granting the Amended Application would diminish Bartels' property, increase his burdens, or detrimentally affect his rights.

15. Thus, even under the inapplicable standard Bartels cites to support his argument that he is entitled to intervene on Amended Application, Bartels does not have standing to intervene on the Amended Application.

**II. The Latest Motions and Proposed Limited Responses Attached to the Motions Raise No Issues Requiring Further Adjudication to Decide Whether to Authorize Employment of the Firms.**

16. Bartels argues in the Proposed Limited Responses that (1) the hearing on the Amended Application cannot be used to adjudicate avoidance claims against Bartels, (2) that the Objection and Response do not adequately address Bartels' objections to retroactive approval of the Firms' employment, and (3) the Revised Proposed Order should not be approved.

17. First, the Trustee did not raise Bartels' status as a transferor and transferee of fraudulent transfers so that the hearing on the Amended Application could be used to adjudicate the Trustee's forthcoming avoidance claims against Bartels. The Revised Proposed Order granting the Amended Application does not contain any findings regarding Bartels' status as a transferor and transferee of fraudulent transfers. The Trustee raised Bartels' status as a transferor and transferee of fraudulent transfers to address issues related to Bartels' standing to object to the Amended Application. As such, granting the Amended Application, overruling Bartles' Renewed Objection, and entering the Revised Proposed Order would not have any preclusive effect in the Trustee's forthcoming avoidance actions against Bartels.

18. Second, there is no reason for the Court to grant Bartels leave to further argue the merits of retroactive approval of employment of the Firms. Bartels has thoroughly argued his position on the issue of retroactive approval of employment of the Firms in the Renewed Objection and Sur-Reply and the Proposed Limited Responses add no new substance to Bartels' arguments on that issue. The Court already granted Bartels leave to supplement his arguments on that issue once and need not do so again.

19. Third, Bartels' argues in the Proposed Limited Responses that the Revised Proposed Order (1) should not include a term stating that the terms of the Order override any inconsistencies

with Amended Application or the Declaration of Beverly Weiss Manne (the "**Declaration**") attached thereto, (2) "leave(s) foreseeable disputes unresolved" on the issue of the trigger of the 40% contingency fee, and (3) should contain a "carve-out" limiting the Firms involvement in Orafi-related matters.

20. Paragraph 8 of the Revised Proposed Order ("**Paragraph 8**") does not "override" the Trustee and the Firms' duties under Fed. R. Bankr. P. 2014. It simply provides that if the terms the Firms' employment set forth Revised Proposed Order conflict with the terms the Firms' employment set forth in Amended Application or the Declaration, the terms of the Revised Proposed Order shall govern. Because Bartels' objection to Paragraph 8 rests on a patent misunderstanding or deliberate mischaracterization of the effect of the Paragraph 8, the Court need not grant Bartels leave to be heard on his objection to Paragraph 8.

21. The conditions that "trigger" the Firms' 40% are adequately set forth in the Revised Proposed Order and need not be specified in pedantic detail to address every possible contingency that might arise in connection with the settlement and/or litigation of the Trustee's avoidance claims. Moreover, under 11 U.S.C. § 330, payment of the Firms' fees will require a separate application and hearing before it can be approved. Whether the 40% "trigger" applies to certain recoveries can be adjudicated at that time.

22. Finally, Bartels has already repeatedly argued that any order approving the Trustee's employment of the Firms should contain the "carve-out" limiting the Firms involvement in Orafi-related matters. The Proposed Limited Objections add no new substance to these arguments, and the issue does not require a further pleading to be adjudicated.

## CONCLUSION

23. Bartels lacks standing to object to the Amended Application under 11 U.S.C. § 327(c), is not entitled to leave to be heard under Rule 2018, and raises no new issues or changed circumstances which would justify granting him leave to file yet another dilatory response in the long string of responses already filed in connection with the Amended Application. Accordingly, the Court should deny Bartels' Motions.

WHEREFORE, Jill E. Durkin, Chapter 7 Trustee, respectfully requests that this Honorable Court deny Bartels' Motions for Leave to File a Limited Response to Documents 171 and 171-1.

Dated: August 28, 2026

Respectfully Submitted,

*/s/ Jill E. Durkin*

Jill E. Durkin, Esquire
Chapter 7 Trustee
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419
(570) 881-4158