**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

In re: Chapter 7

LUXURY TIME GLOBAL, LLC, Case No. 5:25-bk-00912-MJC

Debtor. Appeal from Doc. 181

**ERIC DAVID BARTELS' STATEMENT OF ISSUES ON APPEAL**

Eric David Bartels, appearing pro se solely in his individual capacity, states the following issues under Federal Rule of Bankruptcy Procedure 8009(a)(1) concerning the September 11, 2026 order at Document 181 approving the amended application at Document 151. References to the Court mean the Bankruptcy Court; references to the firms mean Tucker Arensberg, P.C. and Gendler & Gendler, PLLC.

These questions identify challenges for appellate review, not findings that the challenged errors occurred. They are subject to the actual rulings and record, applicable preservation requirements, standing, appealability, and standards of review. The statement does not independently request leave to appeal, enlarge the notice of appeal, or seek a merits determination of any avoidance, fraudulent-transfer, or other claim against Appellant or a third party.

**A. Threshold reviewability and participation**

1. Whether Document 181 is a final, appealable counsel-retention order under 28 U.S.C. § 158(a)(1), consistent with In re Boy Scouts of America, 35 F.4th 149, 156-57 (3d Cir. 2022), and In re Congoleum Corp., 426 F.3d 675, 684-85 (3d Cir. 2005); and whether Appellant satisfies Article III and bankruptcy appellate standing, including the retention-specific analysis in those decisions, based on the asserted impairment of his individual rights, the existing litigation activity identified in Doc. 153, and disposition of his own limited-participation request. Alternatively, if leave is required, whether interlocutory review is warranted under § 158(a)(3).

2. Whether the Court correctly applied Rule 2018(a)'s cause standard to Appellant's request for limited participation, considering the interests asserted in Docs. 153 and 163, their adequate representation by others, and the requested participation's effect on delay or prejudice; whether requiring Appellant to identify prejudice to the debtor or creditors, or relying on his potential-defendant status, displaced that inquiry; and whether the denial or restriction prejudiced his presentation despite the opportunity afforded him to speak.

3. Whether the Court properly distinguished § 327(c)'s limitation on objections based solely on creditor representation from Appellant's Rule 2018(a) request concerning disclosures, qualifications under § 327(a), effective date, scope, compensation, and proposed-order terms; whether the Court fulfilled its independent responsibility to determine § 327(a) qualifications notwithstanding the absence of an objection by a creditor or the U.S. Trustee, as discussed in In re Interwest Business Equipment, Inc., 23 F.3d 311 (10th Cir. 1994); and whether it correctly applied In re Team Systems International, LLC, No. 22-10066 (CTG), D.I. 420 (Bankr. D. Del. Feb. 1, 2024), reproduced in Doc. 163, including its alternative merits analysis, former-client relationship, and case-specific assessment of potential conflicts.

**B. Employment qualifications, disclosures, and safeguards**

4. Whether the Court correctly applied §§ 327(a) and 101(14), including the distinction between actual conflicts, potential conflicts subject to discretion, and appearance alone under Boy Scouts, 35 F.4th at 157-59, and In re Congoleum Corp., 426 F.3d 675, 690-93 (3d Cir. 2005); and whether its findings of disinterestedness and no adverse interest are supported by the specific facts at retention. This includes whether current duties to ORAFI, the same lead lawyers' estate role, and reliance on creditor-derived knowledge created a present material limitation on independent evaluation of ORAFI's claim, accounts, credits, transfers, conduct, or source information, affecting estate value or claim selection, without requiring an already-filed action against ORAFI or treating creditor representation alone as disqualifying.

5. Whether the application and verified disclosures satisfied Rule 2014(a)(2)-(3) and Local Bankruptcy Rule 2014-1; and whether the requested nonprivileged supplementation concerning the scope of current ORAFI representation, the waiver's scope, personnel, creditor connections, participation in the Malak litigation, and information-use arrangements was necessary for an informed employment determination. This includes whether the disclosed connections and asserted absence of known claims against ORAFI adequately addressed the specific requests in Docs. 153 and 163, without assuming that a verified disclosure was absent.

6. Whether the ORAFI waiver, application paragraph 15, the trustee's proposed initial assessment in Doc. 156, paragraph 40, and future trustee and U.S. Trustee oversight adequately addressed the identified concerns at retention; or whether the Court improperly deferred a material qualification question until adversity was later identified. See In re Pillowtex, Inc., 304 F.3d 246, 251, 254-55 (3d Cir. 2002). This includes whether the ORAFI exclusion operated during initial investigation and claim selection, whether an assessment performed or advised upon by the same ORAFI lawyers would undermine that exclusion, and whether the Court reasonably declined the independent threshold review requested below. The question includes the actual scope limits, separate counsel, and information separation considered in Boy Scouts, without treating that decision as requiring identical safeguards in every case or assuming that a claim against ORAFI has been established.

7. Whether the Court adequately resolved the requested nonprivileged clarification and safeguards concerning creditor-derived information entering the estate investigation and estate information being provided to ORAFI or other private creditors, including sources, categories, transmission, permitted uses, corroboration for claim selection, staffing, and file separation. This includes Docs. 153, paragraphs 22-23 and 45(b)-(f), 163, and 170, pages 1 and 4; the August 25 and September 10 creditor-communication statements; and the Court's qualified comments about information sharing and confidentiality. Whether declining the requested safeguards was an abuse of discretion is presented without asserting that private interviews were unlawful or that the trustee's allegations concerning Malak were adjudicated facts.

**C. Authorized scope and effect of the order**

8. Whether Document 181's express authorization under § 327(a), together with its incorporation of the application and engagement terms, sufficiently resolved the objections to the papers' differing references to §§ 327(a), 327(c), 327(e), and 1103(b); and whether the actual scope approved was supported under the governing provision. If § 327(e) supplied any alternative basis, whether its prior-debtor-representation and specified-purpose requirements were met; and whether an asserted limited purpose could address materially overlapping investigative, information-use, or settlement duties involving a current creditor client. Compare In re M&M Marketing, L.L.C., 426 B.R. 796 (B.A.P. 8th Cir. 2010), aff'd, 397 F. App'x 258 (8th Cir. 2010), subject to the controlling Third Circuit conflict standards and this record's written ORAFI exclusion.

9. Whether the incorporated litigation-matter definition, enumerated services, catchall authorization, and engagement letter sufficiently defined the engagement and its exclusions; and whether any relied-upon upfront retainer or other payment arrangement required disclosure of its payer, amount, terms, ownership, and credit against the contingency fee, as requested in Doc. 163, without assuming that such an arrangement existed.

10. Whether paragraphs 3, 6, and 8 of Document 181 and the incorporated terms clearly preserve the ORAFI exclusions and require further disclosure and appropriate court relief before ORAFI-adverse work; how application paragraph 15 operates with paragraph 18 and verified-statement paragraphs 21 and 26 concerning consent or separate counsel; and whether any construction allowing consent alone to cure an actual § 327(a) conflict would be legal error. This includes whether initial evaluation can meaningfully be separated from later adverse litigation within the approved engagement. Compare In re Project Orange Associates, LLC, 431 B.R. 363 (Bankr. S.D.N.Y. 2010) (denying retention where a conflict involved matters central to the engagement despite a waiver and conflicts counsel), without assuming that ORAFI's role is equivalent or that separate counsel is never sufficient.

11. Whether the Court abused its discretion in declining requested language clarifying that employment approval itself does not adjudicate claim ownership, liability, insolvency, transfer allegations, or defenses, and does not resolve substitution, intervention, referral, jury-trial rights, Article III adjudication, or consent in the related litigation.

12. Whether the Court abused its discretion in declining the clarifications requested in Doc. 153, paragraph 45(e)-(f), that employment approval itself does not supply separate authorization for particular discovery or decide objections concerning examinations, subpoenas, confidentiality, privilege, or constitutional protections, and in declining the requested advance notice, only to the extent legally permitted, before third-party subpoenas for Appellant's specified personal or current-business records. This issue concerns the requests made before Doc. 181; it does not seek review of the later Rule 8007 motion or any ruling on it.

**D. Effective date, preapproval work, and compensation**

13. Whether the Court applied the correct standard and had a sufficient factual basis for employment effective July 15, 2026, distinguishing work before an application from work while the July 15 original and July 24 amended applications were pending. This includes whether any reliance on asserted urgency properly addressed the § 546(a) calculation and any separately identified claim-specific deadline disputed in Doc. 163, paragraphs 9-14.

14. Whether the order's treatment of preapproval services, including the July 24 district-court motion and brief reproduced in Doc. 153, counsel's appearances in the Malak-related proceedings, and the August 25 statement concerning work performed before employment approval, required further disclosure, findings, limitations, or reservation of later compensation review; and whether the July 15 effective date improperly resolves a separate question concerning those services. This issue does not assume that every act performed before approval was automatically void.

15. Whether the Court properly exercised its discretion under § 328(a) in approving the contingency terms, and whether paragraphs 4 and 5 of Document 181 adequately define the interaction between § 328 review, § 330, and later fee-application requirements, considering Appellant's request that unresolved compensation terms remain subject to full review.

16. Whether the approved 35%/40% fee structure sufficiently defines its formal-proceeding trigger, including substitution or intervention in an existing action; and whether the Court should have required clarification of the particular litigation matter, covered estate recovery, and application of the higher tier to the July 24 services identified in Doc. 163 before approving the terms under § 328(a).

17. Whether the gross-recovery definition and expense provisions sufficiently resolve valuation of noncash benefits, recoveries involving affiliates, allocation between estate and personal claims or mixed settlements, overlapping services or fees of other counsel, the treatment and allocation of costs, and any incorporated termination-fee, interest, lien, or collection provisions challenged in the proposed response at Doc. 173; and whether approval without further clarification of the objections on these subjects was an abuse of discretion.

**E. Procedure, record, findings, and relief**

18. Whether the Court committed prejudicial procedural error by treating Docs. 173 and 174 as moot, considering its stated view that the matter was sufficiently briefed and the oral opportunity afforded Appellant, where the proposed limited response addressed Doc. 171 and the revised proposed order at Doc. 171-1, including disputed allegations and the operative compensation, effective-date, and controlling-order language. This includes whether the ruling depended on disputed material allegations in Doc. 171 without the procedures required by Rules 9014(d) and 9017, as raised in the proposed response, while distinguishing investigation from adjudication of liability.

19. Whether the notice, service, and opportunity to address the operative employment and proposed-order terms were legally sufficient; and whether, to the extent reviewable in this appeal, denial of the continuance requested at Document 178 was an abuse of discretion that prejudiced Appellant's ability to present the limited matters properly before the Court.

20. Whether the written order, proceeding memorandum, and oral findings and conclusions, considered together, supply a sufficient factual and legal basis for meaningful appellate review, including the standards applied to actual and potential conflicts and the reasons the existing arrangements addressed the requested safeguards; whether any material factual finding was clearly erroneous; and whether the resulting retention decision rested on legal error or an abuse of discretion under Boy Scouts, 35 F.4th at 156.

21. If reversible error is established, whether appropriate relief is reversal or vacatur of Document 181, modification of particular terms, or remand for further disclosures, findings, and a renewed determination under the correct standards; including the narrower scope, initial independent review, information-use safeguards, and compensation clarifications requested in Docs. 153 and 163. These alternatives are preserved as relief requested below, in light of the preservation issue addressed in Boy Scouts, 35 F.4th at 161 n.7.

**Scope of the issues**

These issues include subsidiary questions only as properly preserved and reviewable. The Court heard Appellant, addressed Rule 2018, and explained its ruling orally. Appellant challenges the governing standards and resulting determination; potential-defendant status alone does not establish standing or disqualify counsel.

The information-use issues concern the requested nonprivileged disclosures and safeguards, not permission to conduct creditor interviews, authentication of every investigative lead, or production of privileged communications.

The corrected percentage, June 10 effective-date, and omitted-word defects acknowledged in Doc. 153 are not independent errors asserted here. The July 15 effective date and operative 35%/40% terms remain at issue. The oral and written rulings must be considered together; disputed litigation allegations are not treated as adjudicated findings of liability.

Respectfully submitted,

/s/ Eric David Bartels

Eric David Bartels, Pro Se Appellant

Dated: September 14, 2026

6 Dickinson Close, Moosic, PA 18507

570-479-7141 | edb5020@gmail.com

## CERTIFICATE OF USE OF GENERATIVE AI

In re Luxury Time Global, LLC | Bankruptcy Case No. 5:25-bk-00912-MJC

Related District Court Appeal No. 3:26-cv-02620-KM

Concerning Eric David Bartels' Statement of Issues on Appeal, I make this disclosure and certification under Judge Conway's published procedures concerning generative artificial intelligence and the Bankruptcy Court's General Order 2026-02, and under paragraph 8 of Judge Karoline Mehalchick's Bankruptcy Appeal Practice Order entered September 11, 2026, in the related district-court appeal (District Court ECF No. 2):

1. The generative AI tool used was OpenAI ChatGPT, including its Codex tools.

2. ChatGPT assisted with organizing, drafting, revising, and checking all text in this filing, including the statement of issues, descriptions of the record, and discussion of legal authorities, this certificate, and the certificate of service. The underlying court records are the source materials for the factual and procedural references.

3. By signing below, I certify that I have personally checked the accuracy of the AI-assisted portions against the underlying record and applicable legal sources, including all citations and representations of law, and have reviewed and adopted the final filing as my own.

Dated: September 14, 2026

/s/ Eric David Bartels

Eric David Bartels, Pro Se Appellant
Solely in his individual capacity

## CERTIFICATE OF SERVICE

In re Luxury Time Global, LLC | Case No. 5:25-bk-00912-MJC

I certify that on September 14, 2026, I served a true and correct copy of Eric David Bartels' Statement of Issues on Appeal, including its Certificate of Use of Generative AI, by first-class United States mail, postage prepaid, addressed to each recipient listed below. This certificate records service on the identified recipients and does not designate each recipient as an appellee.

Jill E. Durkin, Chapter 7 Trustee
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419

Beverly Weiss Manne, Esq.
Counsel for Trustee; Tucker Arensberg, P.C.; counsel appearing for ORAFI, Inc.
One PPG Place, Suite 1500
Pittsburgh, PA 15222

Kasey D. Bolton, Esq.
Tucker Arensberg, P.C.; special counsel
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011

Justin Gendler, Esq.
Gendler & Gendler, PLLC; special counsel
P.O. Box 450135
Sunrise, FL 33345

C. Stephen Gurdin, Jr., Esq.
Counsel for Luxury Time Global, LLC
67-69 Public Square, Suite 501
Wilkes-Barre, PA 18701-2512

Kenneth G. Lau, Esq.
Counsel for Office of the United States Trustee
DOJ - U.S. Trustee Program
125 Ottawa Avenue NW, Suite 200R
Grand Rapids, MI 49503

Office of the United States Trustee
U.S. Courthouse
1501 North 6th Street
Harrisburg, PA 17102

David J. Harris, Esq.
Counsel for Peter Malak
67-69 Public Square, Suite 700
Wilkes-Barre, PA 18701

Geff Blake, Esq.
Counsel for Peter Malak; Blake & Walsh, LLC
436 Jefferson Avenue
Scranton, PA 18510

ORAFI, Inc. d/b/a Timeless Jewelers
17616 Collins Avenue
Sunny Isles Beach, FL 33160

Additional recipients, if any, are identified on an attached service list stating their names, represented parties, mailing addresses, and service date and method.

Dated: September 14, 2026

/s/ Eric David Bartels

Eric David Bartels, Pro Se Appellant