UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA
(WILKES-BARRE)

FILED (EDSS)
**September 14, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

In re LUXURY TIME GLOBAL, LLC, Debtor
Chapter 7 | Case No. 5:25-bk-00912-MJC
Appeal from Doc. 181 | Related district appeal No. 3:26-cv-02620-KM

## Appellant's Supplemental Designation of Items for the Record on Appeal

Eric David Bartels, appearing pro se solely in his individual capacity, supplements his designation submitted September 14, 2026, under Federal Rule of Bankruptcy Procedure 8009 and Local Bankruptcy Rule 8009-1. This filing adds the items below; it does not withdraw or replace the prior designation, amend the statement of issues, or change the order appealed.

### Additional designated records

The following items are from Luxury Time Global LLC v. Peter Malak, Adv. No. 5:25-ap-00047-MJC, associated with this bankruptcy case. Each listed document includes its electronically associated attachments. Docket titles are reproduced with spacing normalized; explanatory descriptions follow separately.

1. Adversary docket entries through Doc. 24, including the text-only proceeding memoranda at Docs. 20 and 21 and the October 3, 2025 administrative dismissal entry.

2. Doc. 1, filed June 20, 2025: Adversary case 5:25-ap-00047. Complaint. Include attachment 1-1, Exhibit Exhibit 1 Preferential Payments Amended.

3. Doc. 15, filed August 21, 2025: First Amended Complaint. Include 15-1, Exhibit redlined amended complaint, and 15-2, Exhibit the payments.

4. Doc. 16, filed August 21, 2025: Stipulation upon consent pursuant to F.R.B.P. 7015(a)(2).

5. Doc. 20, filed and entered September 10, 2025: Proceeding Memo for hearing scheduled on: 09/09/2025. Matter: Motion to Dismiss Adversary Proceeding with Prejudice filed by Defendant, Peter Malak # 3.

6. Doc. 21, filed and entered September 10, 2025: Proceeding Memo for hearing scheduled on: 09/09/2025. Matter: Stipulation upon consent pursuant to F.R.B.P. 7015(a)(2) filed by the Debtor # 16.

7. Doc. 22, filed September 15, 2025: Order Granting Motion to Dismiss Adversary Proceeding 5:2025-ap-47-MJC. Include 22-1, Notice Recipients. The signed order is titled Order Dismissing Complaint Without Prejudice.

## Reason for supplementation and limited use

On September 14, 2026, Appellant received the additional recording of the resumed August 25, 2026 LTG proceeding after submitting his designation. The resumed discussion concerns a proposed arrangement permitting Malak to join as a co-plaintiff in bankruptcy litigation and participate in discovery, with proposed treatment of any individual claims. Review of that segment prompted this supplemental identification of the related adversary history. Appellant does not allege intentional withholding of the recording.

Main-case Doc. 152-1, paragraph 26, already references LTG's prior preference action. The designated adversary documents identify the allegations actually filed, the amendment stipulation, and the subsequent disposition. Doc. 15 alleges insider status and transfers between ninety days and one year before bankruptcy. Doc. 16 conditions consent on dismissal without prejudice if the bankruptcy converts to Chapter 7. Doc. 22 dismisses the proceeding without prejudice; Doc. 21 treats the amendment stipulation as moot. These documents are identified for that procedural history and the positions asserted, not as proof of insider status, avoidability, a recoverable amount, or current claim viability.

This history bears on the independent-evaluation and creditor-participation issues raised concerning retention, including the requests in main-case Docs. 153 and 163. Appellant does not represent that every separate-adversary document was presented during the retention hearing. Nor does designation establish joinder, a release, improper influence, or a conflict of interest.

In re Indian Palms Associates, Ltd., 61 F.3d 197, 203-06 (3d Cir. 1995), supports use of bankruptcy filings for procedural history and positions taken, with limits on using them to resolve disputed merits facts. Appellant identifies these related public records for that limited use, including judicial notice where appropriate under Federal Rule of Evidence 201. He does not claim automatic inclusion: In re Gilbert, No. 23-2944, slip op. at 16-18 (3d Cir. Oct. 24, 2024), recognizes review of record-designation disputes under Rule 8009(e)(1). Any dispute over inclusion or permissible use should be resolved under Rule 8009(e), with an opportunity for the affected parties to respond.

## Previously designated transcripts remain unchanged

The original designation already includes the complete LTG portion of August 25, 2026, including recall or further proceedings that day, and September 10, 2026. The additional recording is a continuation of the already-designated hearing. Appellant is not substituting a private Rev transcription for the official transcript, adding unrelated proceedings, or appealing the 2025 dismissal. The written transcript order is a separate filing under Rule 8009(b).

Respectfully submitted,
/s/ Eric David Bartels Dated: September 14, 2026
Eric David Bartels, Pro Se Appellant, solely in his individual capacity
6 Dickinson Close, Moosic, PA 18507
570-479-7141 | edb5020@gmail.com

## Certificate of Use of Generative AI

In re Luxury Time Global, LLC | Case No. 5:25-bk-00912-MJC
Concerning the Supplemental Designation of Items for the Record on Appeal

I make the following disclosure and certification under the Bankruptcy Court's requirements concerning generative artificial intelligence:

1. The AI tool used was OpenAI ChatGPT, including its Codex tools.

2. ChatGPT assisted with researching, organizing, drafting, revising, and checking all text in this filing, including the document descriptions, explanation, legal references, this certificate, and the certificate of service. The underlying court records are the sources of the factual and procedural references.

3. By signing below, I certify that I personally checked the accuracy of the AI-assisted portions against the underlying records and applicable legal sources, including every citation and representation of legal authority, and reviewed and adopted this filing as my own.

/s/ Eric David Bartels
Dated: September 14, 2026
Eric David Bartels, Pro Se Appellant
Solely in his individual capacity

## Certificate of Service

In re Luxury Time Global, LLC | Case No. 5:25-bk-00912-MJC

I certify that on September 14, 2026, I served a true and correct copy of the Supplemental Designation of Items for the Record on Appeal, including its Certificate of Use of Generative AI, by first-class United States mail, postage prepaid, addressed to the recipients below. This list identifies recipients of service, not a determination that each is an appellee.

Jill E. Durkin, Chapter 7 Trustee
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419

Beverly Weiss Manne, Esq.
Tucker Arensberg, P.C.
One PPG Place, Suite 1500
Pittsburgh, PA 15222

Kasey D. Bolton, Esq.
Tucker Arensberg, P.C.
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011

Justin Gendler, Esq.
Gendler & Gendler, PLLC
P.O. Box 450135
Sunrise, FL 33345

C. Stephen Gurdin, Jr., Esq.
67-69 Public Square, Suite 501
Wilkes-Barre, PA 18701-2512

Kenneth G. Lau, Esq.
DOJ - U.S. Trustee Program
125 Ottawa Avenue NW, Suite 200R
Grand Rapids, MI 49503

Office of the United States Trustee
Attn: Joseph P. Schalk
1501 North 6th Street, Box 302
Harrisburg, PA 17102

David J. Harris, Esq.
67-69 Public Square, Suite 700
Wilkes-Barre, PA 18701

Geff Blake, Esq.
Blake & Walsh, LLC
436 Jefferson Avenue
Scranton, PA 18510

Lisa M. Doran, Esq.
Doran & Doran, P.C.
69 Public Square, Suite 700
Wilkes-Barre, PA 18701

ORAFI, Inc. d/b/a Timeless Jewelers
17616 Collins Avenue
North Miami Beach, FL 33160-2825

Peter Malak
6 Bredder Court, Unit B
Elmwood Park, NJ 07407

Additional recipients, if any, are listed on an attached service list identifying their addresses, service date, and method.

/s/ Eric David Bartels Dated: September 14, 2026
Eric David Bartels, Pro Se Appellant