FILED (EDSS)
July 17, 2026
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA (WILKES-BARRE)**

| | |
|---|---|
| **In re:**<br>**LUXURY TIME GLOBAL, LLC,**<br>Debtor. | **Chapter 7**<br>**Case No. 5:25-bk-00912-MJC** |

**LIMITED OBJECTION OF ERIC D. BARTELS, SOLELY IN HIS INDIVIDUAL CAPACITY, TO TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL [DOC. 147] AND, TO THE EXTENT NECESSARY, MOTION FOR LEAVE TO BE HEARD UNDER FED. R. BANKR. P. 2018(a)**

**PRELIMINARY STATEMENT**

1. Eric D. Bartels ("Bartels") appears pro se solely for himself. He does not appear for Luxury Time Global, LLC (the "Debtor"), the Chapter 7 estate, any creditor, or any other entity. Bartels was the Debtor's managing member before conversion. He does not claim to be a creditor and does not invoke the creditor-specific objection mechanism in 11 U.S.C. § 327(c) as "another creditor."

2. Bartels nevertheless is not a stranger to the proposed employment. Document 147 authorizes the proposed firms to investigate, file, and prosecute, among other things, "director/officer actions"; to prepare subpoenas and discovery; to conduct depositions and witness preparation; and to develop facts. The firms' verified Rule 2014 statement separately identifies "Eric David Bartels" by name among the potential parties in interest included in their conflicts search. [Doc. 147 ¶ 12(b)-(d); Doc. 147-1, Schedule 1.] The requested order therefore concerns lawyers who may investigate, examine, and sue Bartels personally.

3. To the extent leave is required, Bartels moves under Federal Rule of Bankruptcy Procedure 2018(a) for permission to be heard only on the adequacy of the disclosures, statutory basis, compensation terms, effective date, scope, and conflict safeguards governing the proposed employment. Rule 2018(a) permits an interested entity, for cause and after such notice as the Court directs, to intervene generally or in a specified matter. Local Bankruptcy Rule 9001-1(j) defines a party in interest as a person or entity who may be affected by a bankruptcy proceeding. Rule 9010(a) permits an unrepresented party to appear on that party's own behalf.

4. This filing does not oppose a lawful investigation of estate claims. It does not ask the Court to decide the merits of any potential claim, does not admit any transfer, liability, damages, wrongdoing, or intent, and does not accuse the Trustee, ORAFI, Inc. ("ORAFI"), or the proposed firms of secret coordination, dishonesty, or misconduct. It asks the Court to decide the employment request on a complete and internally consistent record before entering findings that the proposed firms hold or represent no adverse interest and that the proposed terms are in the estate's best interests.

5. The issue is not whether ORAFI and the estate share an interest in maximizing recoveries from third parties. They do. The issue is whether lawyers who remain counsel to the estate's largest unsecured creditor in this same bankruptcy may simultaneously become contingency counsel to investigate claims against "multiple entities," while relying on knowledge obtained through the creditor representation, without a clear record identifying the boundaries of both roles, the permissible use of client-derived information, the independent process for ORAFI-related matters, and the actual terms the Court is being asked to approve.

6. This is not a former-client or unrelated-matter issue. The Firms' ORAFI representation is current, case-specific, and expressly extends to present and future contested matters and adversary proceedings. Forty-nine days after seeking admission for that broad ORAFI assignment, the same Firms asked to become the Trustee's contingency litigation counsel in this same case. Document 147 affirmatively presents knowledge gained through the ORAFI representation as a reason for selection. The public record also contains material contradictions concerning compensation, retroactivity, statutory authority, and scope. The Court should deny the Application without prejudice or defer it, require corrected papers and supplemental verified disclosures, establish independent safeguards for every ORAFI-related matter, and decide the matter on the written record or, only if the Court determines it necessary, conduct further proceedings before approval.

**PUBLIC-DOCKET FACTS**

7. The Debtor commenced this case under Chapter 11 on April 2, 2025. The case was converted to Chapter 7 on August 22, 2025, and Jill E. Durkin was appointed Chapter 7 Trustee. [Doc. 147 ¶¶ 5-6.]

8. On May 19, 2026, Beverly Weiss Manne, Kasey D. Bolton, and Tucker Arensberg, P.C. entered appearances expressly "on behalf of Creditor, Orafi, Inc." Their appearance requested service of all orders, notices, applications, motions, petitions, pleadings, requests, complaints, demands, answers, schedules, and other filings relating to the case. [Doc. 142 at 1-2.]

9. On May 27, 2026, Tucker Arensberg moved to admit Justin J. Gendler pro hac vice for ORAFI. That motion stated that Gendler intended to appear for ORAFI in this bankruptcy and in "all proceedings or contested matters arising in or related to this case," including pending and future adversary proceedings. The proposed order likewise authorized him to appear for ORAFI in any present or future contested matter or adversary proceeding. [Doc. 143 at 1-2; Doc. 143-2.]

10. Document 147, filed July 15, 2026, asks to employ Tucker Arensberg and Gendler & Gendler, PLLC collectively as special counsel to the Trustee. The Application and verified statement identify ORAFI as the largest unsecured creditor, with a claim exceeding $1 million, and state that the firms currently represent ORAFI. [Doc. 147 ¶¶ 9(e), 15; Doc. 147-1 ¶ 14.]

11. The Application relies affirmatively on the ORAFI representation as a reason to select the firms. It states that, because the firms entered appearances for ORAFI, they are familiar with the bankruptcy, the Debtor, and facts underlying potential claims, and that this familiarity would be materially helpful to the Trustee. It further states that the firms possess "independent knowledge" of the bankruptcy and relevant facts that will reduce estate cost. [Doc. 147 ¶¶ 9(e), 11.]

12. The verified statement is equally direct. It says Gendler & Gendler has independent knowledge of facts surrounding this bankruptcy and related litigation; that the firms' ORAFI appearances make them familiar with the Debtor and potential claims; and that their independent knowledge of the Debtor's affairs will be a significant asset to the Trustee. [Doc. 147-1 ¶¶ 2, 5(e), 12.]

13. The Trustee seeks authority for the firms to investigate, file, and prosecute avoidance, preference, fraudulent-transfer, and director/officer actions; prepare pleadings, discovery, and subpoenas; conduct document review, depositions, witness preparation, expert work, and fact development; negotiate settlements and tolling agreements; enforce judgments; analyze relationships with creditors, equity holders, and other parties; and perform other legal services deemed necessary. [Doc. 147 ¶ 12(a)-(j); Doc. 147-1 ¶ 11(a)-(j).]

14. The signed engagement letter describes the matter as investigation and pursuit of claims against "multiple entities" that received prepetition payments that might be avoidable. It also permits the firms and Trustee to add other matters later by a writing that may consist of an acknowledged email. [Doc. 147-2 at 2.]

15. The verified statement says ORAFI waived any actual or potential conflict and gave informed consent. No waiver is attached, and the filed papers do not describe its material scope. [Doc. 147-1 ¶ 16.]

16. The verified statement says the firms are not aware of potential causes of action against ORAFI. If one later must be brought, the Trustee will bring it herself or use conflicts counsel. [Doc. 147-1 ¶ 17.] The engagement letter similarly states that the firms will not represent the Trustee in a matter adverse to ORAFI and that the Trustee will retain conflicts counsel if an estate claim against ORAFI is identified. [Doc. 147-2 at 5.]

17. The scope requested in Document 143 - representation of ORAFI in present and future contested matters and adversary proceedings - has not been withdrawn or narrowed in any public filing identified to Bartels. Document 147, however, says the firms will not represent ORAFI in litigation brought by the Trustee. The papers do not explain the present boundaries of the ORAFI engagement or how those two positions will operate together.

18. The Application's compensation term conflicts with the signed engagement letter. The Application requests 33% of recoveries obtained before a formal proceeding and 40% afterward. The signed engagement requires 35% before filing and 40% afterward. [Doc. 147 ¶ 22; Doc. 147-2 at 2.] Both are calculated on gross recovery, and the engagement states that costs do not reduce the base used to calculate the fee. [Doc. 147-2 at 2-3.]

19. The requested effective date is stated three different ways. Paragraph 31 requests July 15, 2026. The WHEREFORE clause requests June 10, 2026. The proposed order says the firms would be authorized as of the date of the Application. [Doc. 147 ¶ 31 and WHEREFORE; Doc. 147-3.]

20. The engagement letter is dated July 14, 2026 and was accepted by the Trustee on July 15, 2026. It states that the firms require a signed engagement letter before providing legal services. [Doc. 147-2 at 1, 9.] The papers do not identify what occurred on June 10, what services were performed before July 15, who authorized them, or why retroactive approval is requested.

21. The statutory basis also shifts. Paragraph 4 says the Application is made under §§ 327(e) and 328. Paragraph 8 invokes §§ 327(a), 327(c), and 328(a). The verified statement elsewhere references § 1103(b), which concerns committee counsel, before concluding under §§ 327(a), 327(c), and 328(a). [Doc. 147 ¶¶ 4, 8; Doc. 147-1 ¶¶ 29, 32.]

22. The requested scope is internally inconsistent. The Application calls the engagement limited; the service descriptions include advice on the conduct of the case and other legal services; the engagement may be expanded by email; and the proposed order says this case justifies employment under a "general retainer." [Doc. 147 ¶¶ 7, 12(a), 12(j); Doc. 147-2 at 2; Doc. 147-3.]

23. The proposed order does not identify the controlling contingency percentage, does not state a specific effective date, does not define the litigation matters, does not incorporate the ORAFI carve-out or an independent threshold protocol, and makes a proposed finding that the firms represent no adverse interest. [Doc. 147-3.]

24. As of the date of this filing, no order approving Document 147 appears on the docket.

## GOVERNING STANDARDS

25. Section 327(a) permits employment only of professionals who do not hold or represent an interest adverse to the estate and who are disinterested. Section 327(c) provides that representation of a creditor is not, standing alone, disqualifying; if another creditor or the United States Trustee objects, employment must be disapproved upon an actual conflict. 11 U.S.C. § 327(a), (c). Bartels does not contend otherwise.

26. Third Circuit law distinguishes actual conflicts, potential conflicts, and appearances of conflict. Actual conflicts require disqualification; potential conflicts are entrusted to the bankruptcy court's discretion; appearance alone is insufficient. A conflict is actual when the facts make it likely that counsel will be placed in a position permitting counsel to favor one interest over an impermissibly conflicting interest. In re Boy Scouts of Am., 35 F.4th 149, 157-59 (3d Cir. 2022); In re BH & P, Inc., 949 F.2d 1300, 1315 (3d Cir. 1991).

27. Rule 2014 requires specific facts showing the need for employment, the reasons for selection, services, compensation, and all connections with the debtor, creditors, parties in interest, their professionals, and the United States Trustee, together with a verified statement. Fed. R. Bankr. P. 2014(a). Disclosure is what enables the Court to conduct the independent review required by § 327.

28. Section 327(e) is narrower. It concerns employment, for a specified special purpose, of an attorney who previously represented the debtor. 11 U.S.C. § 327(e). The firms disclose prior and current representation of ORAFI, not the Debtor. If the request proceeds under §§ 327(a) and (c), the papers and proposed order should say so consistently.

29. The Court may approve reasonable employment terms under § 328(a), but the terms must be definite. A 33% term and a 35% term are not the same agreement. Likewise, retroactive employment requires a developed record and extraordinary circumstances, not an unexplained date. Matter of Ark. Co., 798 F.2d 645, 649-50 (3d Cir. 1986); F/S Airlease II, Inc. v. Simon, 844 F.2d 99, 105-07 (3d Cir. 1988).

## <u>OBJECTION AND REQUEST FOR LIMITED RELIEF</u>

**I. Bartels should be permitted to be heard on the facial adequacy of the employment record.**

30. Bartels is not seeking to act for the Debtor. He seeks to protect only his own interests where the proposed assignment specifically includes claims against former management, compulsory discovery, depositions, and fact development, and where the firms' own disclosure identifies him by name. That is cause for limited participation under Rule 2018(a) and fits the Local Rules' definition of a person who may be affected.

31. To the extent § 327(c)'s text limits Bartels's ability to demand mandatory disapproval based solely on creditor representation, this filing does not ask the Court to disregard that text. It asks the Court to perform its own § 327(a), Rule 2014, and § 328 review and to correct facial contradictions before approving lawyers who may proceed directly against him. Retention disputes implicate the integrity of the bankruptcy process as a whole. Boy Scouts, 35 F.4th at 155-56 (discussing In re Congoleum Corp., 426 F.3d 675, 685-87 (3d Cir. 2005)).

II. The same-case concurrent ORAFI representation is disclosed, but the information-use and role boundaries are not.

32. The Firms disclosed that ORAFI is a current client. This is not a former-client or unrelated-matter relationship. The ORAFI representation is in this bankruptcy and, by Document 143, extends to present and future contested matters and adversary proceedings. The defect is not nondisclosure of the client's name. The defect is that the Application makes knowledge gained through that current, same-case representation a principal qualification for estate employment without identifying, even by nonprivileged category, the source of the knowledge, the authority for its use, or the safeguards separating the roles.

33. The public record leaves unanswered whether the relevant knowledge is limited to public filings; consists of ORAFI's invoices, account records, communications, or litigation information; includes confidential or privileged information; was developed while advising ORAFI about future contested matters; or has already been shared with the Trustee. Bartels does not request privileged substance. He requests enough nonprivileged disclosure for the Court to understand what the firms mean when they cite ORAFI-derived familiarity and independent knowledge as reasons for selection.

34. The papers also do not say whether the May 2026 ORAFI appearances remain fully active, whether the same lawyers will work both matters, whether separate files and teams exist, whether an ethical screen has been implemented, or whether information is restricted in either direction. Those are practical safeguards, not abstract concerns.

35. The issue does not depend on speculation about private communications. The Firms' own filings establish that they represent ORAFI broadly in this case and seek estate employment because of knowledge acquired through that representation. Boy Scouts is instructive. Retention was approved there after the bankruptcy court found that the debtor had dedicated counsel for the potentially conflicting subject, the retained firm's bankruptcy role excluded that subject, an ethics screen existed, and confidential information was not shared between teams. 35 F.4th at 153-60. Document 147 does not identify comparable prospective safeguards. The ORAFI representation is also in this same bankruptcy and was expressly framed to include future adversary proceedings. A supplemental record is therefore necessary before the Court can determine whether the overlap is an actual conflict, a manageable potential conflict, or no disqualifying conflict.

**III. A conflict protocol that activates only after ORAFI counsel identifies a claim against ORAFI is incomplete.**

36. The proposed protocol is reactive: the firms say they presently know of no claim against ORAFI, and separate counsel will be used if an estate claim against ORAFI is later identified. That does not disclose who performs the threshold review or who decides when an ORAFI issue has become sufficiently adverse to trigger separate counsel.

37. The threshold inquiry is broader than an affirmative avoidance complaint. It may include allowance or objection to ORAFI's proof of claim, setoff, recoupment, account reconciliation, inventory, credits, returns, discovery from ORAFI, treatment of affiliates, defenses, settlement positions, allocation decisions, or any issue on which ORAFI's individual interest differs from the estate's duty to evaluate all parties neutrally. ORAFI's consent can address ORAFI's own rights; it cannot substitute for the Court's § 327(a) inquiry or the estate's need for an independent decision maker.

38. The sound safeguard is an independent threshold reviewer from the outset. Independent conflicts counsel should control all ORAFI-related review and should decide whether any ORAFI matter is adverse, discoverable, objectionable, recoverable, or otherwise requires action. The proposed firms should be excluded from investigating, advising on, negotiating, or litigating those matters. Alternatively, the firms should end and withdraw their ORAFI representation in this case before undertaking the estate assignment.

**IV. The Court cannot approve conflicting compensation terms or an undefined gross-recovery arrangement.**

39. The Application asks the Court to approve 33% before filing; the signed agreement requires 35%. The difference is material, especially where the fee is calculated on gross recoveries and the engagement says costs do not reduce the fee base. The Court cannot approve both. The Trustee should file one controlling agreement, identify the intended percentage, and submit a conforming proposed order.

40. The corrected papers should also state whether the fee applies to noncash value, settlements paid over time, sale of claims, insurance proceeds, and recoveries obtained through counsel other than the firms. Section 328(a) approval should attach only to terms actually disclosed and approved, not to later matters added by email.

**V. The June 10 retroactive date requires a factual explanation and separate ruling.**

41. The June 10 date falls after the firms entered appearances for ORAFI and more than a month before the Trustee signed the engagement. If no trustee services were performed before July 15, no apparent basis exists for a June 10 effective date. If services were performed, the record should identify their nonprivileged nature, who requested and authorized them, the client matter under which they were performed, the time incurred, the reason court approval was not sought, and the safeguards in place while the firms were already acting for ORAFI.

42. The engagement itself states that a signed copy was required before legal services would be provided. The Trustee signed on July 15. Paragraph 31, the WHEREFORE clause, and the proposed order cannot all be correct. Retroactive relief should be denied without prejudice unless the Trustee makes the showing required by Third Circuit law.

**VI. The statutory basis, scope, and proposed order must be rewritten to match the actual engagement.**

43. Section 327(e) does not fit the disclosed relationship because the firms do not claim prior representation of the Debtor. The verified statement's reference to § 1103(b) likewise concerns a different statutory role. The Trustee may seek approval under §§ 327(a) and (c), but the Application should identify one legal basis and address its requirements directly.

44. The scope must also be fixed. A limited special-counsel assignment cannot simultaneously be an undefined general retainer, include any other services deemed necessary, and expand through later emails without further Court approval. Any order should identify the claim categories, exclude ORAFI-related matters, require further approval for expansion, state the controlling fee, and specify the effective date.

45. The present proposed order should not be entered. Its findings assume away the unresolved questions, use general-retainer language, and omit the material compensation and conflict limitations. A revised order should follow only after supplemental disclosure and the Court's further review.

**VII. THE COURT CAN ADDRESS THE FACIAL DEFECTS ON THE WRITTEN RECORD.**

46. The issues are concrete and appear on the face of the docket: a current same-case creditor representation, a broad ORAFI appearance covering future adversary matters, reliance on creditor-derived knowledge, no disclosed threshold reviewer, two fee percentages, three effective-date formulations, shifting statutory provisions, and incompatible descriptions of scope.

47. Because this Objection rests on the public docket and the proposed Firms' own filed papers, Bartels respectfully requests that the Court decide the Objection on the existing written record or require supplemental verified disclosures before ruling. Bartels does not affirmatively request oral argument or an evidentiary hearing. If the Court determines that oral argument or factual development would materially assist its review, Bartels requests reasonable notice of any proceeding and, before any evidentiary proceeding or testimony concerning potential estate claims, a reasonable opportunity to obtain limited personal counsel.

**<u>RELIEF REQUESTED</u>**

For these reasons, Bartels respectfully requests that the Court:

**(a)** grant Bartels leave under Federal Rule of Bankruptcy Procedure 2018(a) to be heard solely on Document 147's disclosures, terms, statutory basis, effective date, scope, and conflict safeguards;

**(b)** deny the Application without prejudice or defer decision and decline to enter the proposed order pending corrected papers and supplemental verified disclosures;

**(c)** require a supplemental Rule 2014 statement addressing: (i) the present scope and status of each firm's ORAFI representation; (ii) whether Documents 142 and 143 remain unrestricted; (iii) the nonprivileged categories and permitted use of information obtained through ORAFI; (iv) the scope of ORAFI's consent; (v) the personnel, files, screens, and information barriers proposed; (vi) all work performed for the Trustee before July 15; and (vii) the identity and authority of the independent threshold decision maker for ORAFI-related matters, with privileged material submitted in camera if the Court directs;

**(d)** require independent conflicts counsel from the outset for all matters involving ORAFI or its affiliates, including claim allowance, account reconciliation, inventory, credits, returns, discovery, transfers, defenses, settlements, allocation, and any other matter in which ORAFI's individual interest may differ from the estate's;

**(e)** prohibit the proposed firms from investigating, evaluating, advising on, negotiating, or litigating ORAFI-related matters unless and until the Court enters a further order on a complete record;

**(f)** require one corrected application, one controlling engagement agreement, and one revised proposed order stating a single compensation percentage, a single effective date, the correct statutory basis, a precisely limited scope, and all exclusions and safeguards;

**(g)** deny retroactive approval to June 10, 2026 without prejudice unless the Trustee establishes the factual and legal basis for that relief;

**(h)** strike the proposed order's general-retainer language and require further Court approval before any expansion of the engagement;

**(i)** decide this Objection on the written record or, only if the Court determines it necessary, schedule oral argument or further proceedings, with reasonable notice and a reasonable opportunity for Bartels to obtain limited personal counsel before any evidentiary proceeding or testimony concerning potential estate claims; and

**(j)** grant such other relief as the Court deems just and appropriate.

## RESERVATION AND NO ADMISSION

This limited objection concerns only the employment record. Nothing in it admits any potential cause of action, transfer, benefit, damages, insolvency, lack of value, breach of duty, fraudulent intent, or other substantive allegation. Bartels expressly reserves every factual, legal, procedural, evidentiary, constitutional, privilege, and other right and defense.

Dated: July 17, 2026

*Respectfully submitted,*
**/s/ Eric D. Bartels**
**ERIC D. BARTELS, Pro Se**
Solely in His Individual Capacity
6 Dickinson Close
Moosic, PA 18507
570-479-7141
edb5020@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA (WILKES-BARRE)**

| | |
|---|---|
| **In re:**<br>**LUXURY TIME GLOBAL, LLC,**<br>Debtor. | **Chapter 7**<br>**Case No. 5:25-bk-00912-MJC** |

## CERTIFICATE OF SERVICE

I certify that on July 17, 2026, I served a true and correct copy of the foregoing Limited Objection and Alternative Motion for Leave to Be Heard, together with the Proposed Order and Certificate of Use of Generative AI, by first-class United States mail, postage prepaid, upon the following:

**Jill E. Durkin, Chapter 7 Trustee**
**Durkin Law, LLC**
**401 Marshbrook Road**
**Factoryville, PA 18419**

**Beverly Weiss Manne, Esq. (ORAFI counsel / proposed special counsel)**
**Tucker Arensberg, P.C.**
**One PPG Place, Suite 1500**
**Pittsburgh, PA 15222**
**Kasey D. Bolton, Esq. (ORAFI counsel / proposed special counsel)**
**Tucker Arensberg, P.C.**
**300 Corporate Center Drive, Suite 200**
**Camp Hill, PA 17011**

**Justin J. Gendler, Esq. (ORAFI counsel / proposed special counsel)**
**Gendler & Gendler, PLLC**
**P.O. Box 450135**
**Sunrise, FL 33345**

**ORAFI, Inc. d/b/a Timeless Jewelers (Creditor)**
**17616 Collins Ave.**
**North Miami Beach, FL 33160**

**C. Stephen Gurdin, Jr., Esq. (Counsel for Debtor)**
**67-69 Public Square, Suite 501**
**Wilkes-Barre, PA 18711**

**Kenneth G. Lau, Esq. (Counsel for the Office of the U.S. Trustee)**
**DOJ-U.S. Trustee Program**
**125 Ottawa Avenue NW, Suite 200R**
**Grand Rapids, MI 49503**

Dated: July 17, 2026

**/s/ Eric D. Bartels**
Eric D. Bartels, Pro Se
6 Dickinson Close, Moosic, PA 18507
570-479-7141 | edb5020@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA (WILKES-BARRE)**

| | |
|---|---|
| In re:<br>LUXURY TIME GLOBAL, LLC,<br>Debtor. | Chapter 7<br>Case No. 5:25-bk-00912-MJC |

## CERTIFICATE OF USE OF GENERATIVE AI

Pursuant to Judge Conway's published procedures regarding generative artificial intelligence, I certify:

1. The specific generative AI tool used was OpenAI's ChatGPT.
2. I independently identified and raised the central conflict concern, the relevant docket sequence, and the principal factual issues presented in the Limited Objection. ChatGPT was used as a drafting and editing aid to help organize those points, refine wording, structure the presentation, and format citations. It did not replace my judgment or independently supply the underlying factual concern.
3. Before filing, I personally reviewed the entire filing, compared every factual assertion against the cited docket documents, and checked the accuracy of the legal citations and authorities. I adopt the filing as my own and remain solely responsible for its contents.

I understand that I remain responsible for the filing and that this certificate must not be signed unless the statements above are true.

Dated: July 17, 2026

/s/ Eric D. Bartels
Eric D. Bartels, Pro Se
6 Dickinson Close
Moosic, PA 18507
570-479-7141
edb5020@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA (WILKES-BARRE)**

| | |
|---|---|
| **In re:**<br>**LUXURY TIME GLOBAL, LLC,**<br>Debtor. | **Chapter 7**<br>**Case No. 5:25-bk-00912-MJC** |

**ORDER ON LIMITED OBJECTION OF ERIC D. BARTELS AND MOTION FOR LEAVE TO BE HEARD REGARDING TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL [DOC. 147]**

AND NOW, upon consideration of the Trustee's Application to Employ Special Counsel [Doc. 147], the Limited Objection and Motion of Eric D. Bartels, solely in his individual capacity, and the record of this case, it is ORDERED:

1. Bartels is permitted under Federal Rule of Bankruptcy Procedure 2018(a) to be heard solely concerning the disclosures, terms, statutory basis, effective date, scope, and conflict safeguards governing Document 147.
2. Consideration of Document 147 is DEFERRED. The proposed order at Document 147-3 shall not be entered pending further order of this Court.
3. Within fourteen (14) days, the Trustee and proposed firms shall file a corrected application, a controlling engagement agreement, a revised proposed order, and a supplemental verified Rule 2014 statement addressing: (a) the current scope and status of each firm's ORAFI representation; (b) whether Documents 142 and 143 remain unrestricted; (c) the nonprivileged categories and permitted use of information obtained through ORAFI; (d) the scope of any consent or waiver; (e) personnel, files, screens, and information barriers; (f) all trustee services performed before July 15, 2026 and the basis for any retroactive request; (g) a single compensation percentage; (h) a single statutory basis and effective date; and (i) a precisely limited scope of employment.
4. Pending further order, the proposed firms shall not investigate, evaluate, advise on, negotiate, or litigate any matter involving ORAFI or its affiliates. The Trustee shall propose an independent conflicts-counsel protocol for all such matters.
5. The request for an effective date earlier than July 15, 2026 is DENIED WITHOUT PREJUDICE to a renewed request supported by an appropriate factual and legal showing.
6. After supplementation, the Court may decide the matter on the written record or schedule further proceedings if necessary. Before any evidentiary proceeding concerning potential estate claims, Bartels shall receive reasonable notice and an opportunity to obtain limited personal counsel.
7. The Court reserves all issues concerning final approval, disqualification, compensation, scope, and any additional relief.

**BY THE COURT:**