**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(Wilkes-Barre)**

| | |
|---|---|
| In re: | : |
| | : |
| Luxury Time Global, LLC | : Case No. **5:25-bk-00912-MJC** |
| | : |
| Debtor | : |
| | : |

**TRUSTEE'S AMENDED APPLICATION TO EMPLOY SPECIAL COUNSEL**

Jill E. Durkin (the "Trustee"), the chapter 7 Trustee of the bankruptcy estate of LUXURY TIME GLOBAL, LLC (the "Debtor"), hereby submits to the Court this amended application (the "Application") seeking authority to retain Tucker Arensberg, P.C. and Gendler & Gendler, PLLC (collectively, the "Firms") as counsel to the Trustee pursuant to 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure. This Amended Application revises the Application filed at Doc. 147 to correct some typographical errors including an incorrect percentage in paragraph 22 of the Application, an incorrect effective date in the Wherefore clause and the omission of the word "interests" in paragraph 15. This Amended Application also states that the Firms commenced working as of the date of the filing of the Original Application on July 15, 2026. A redline of this Amended Application to the Application is attached hereto.

The Verified Statement of Beverly Weiss Manne (the "Manne Statement") filed at Doc. 147-1 is again attached as "Exhibit A," hereto.

**JURISDICTION**

1. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.
2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue for these proceedings and this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This Application is made pursuant to Sections 327(e) and 328 of the United States Bankruptcy Code.

## BACKGROUND

5. On April 2, 2025 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

6. On August 22, 2025, the Court converted this case to proceed under Chapter 7 of the United States Bankruptcy Code, and the Trustee was appointed as the Chapter 7 trustee.

## RELIEF REQUESTED

7. The Trustee seeks authority from this Court to retain the Firms, upon the terms and conditions set forth herein, for the limited purpose of providing representation and counsel in connection with the investigation, prosecution, and recovery of assets through litigation concerning avoidable transfers and related claims, including, without limitation, claims arising under the Trustee's avoidance powers, including preferences under 11 U.S.C. § 547, fraudulent transfers under 11 U.S.C. § 548, and the Trustee's "strong-arm" powers under 11 U.S.C. § 544, together with matters related thereto (collectively, the "Litigation Matters").

8. The Court has power to authorize the retention of the Firms, pursuant sections 327(a), 327(c), and 328(a) of the United States Bankruptcy Code, which provide in relevant part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.

> [ . . . ]
>
> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments…

**A. The Firms' Qualifications**

9. The Trustee has engaged the Firms to serve as special bankruptcy counsel in connection with this chapter 7 case, and the Firms are well qualified to so serve, for at least the following reasons:

(a) The Firms collectively employ close to 100 attorneys admitted to practice before the courts of various jurisdictions throughout the United States;

(b) The Firms have diverse practice groups with expertise in virtually all areas of law that may be significant in this case, including, *inter alia,* insolvency and creditors' rights, commercial litigation, banking and financial services, employee benefits, corporate finance, labor and employment, and real estate.

(c) Further, the Firms' insolvency and creditors' rights attorneys possess recognized expertise in bankruptcy and restructuring matters and have been actively involved in many major local and national bankruptcy cases. *See* Manne Statement ¶ 2.

(d) The Firms have the necessary background to deal effectively with the full range of potential legal issues and problems that the Trustee may encounter in the context of this chapter 7 case. *See* Manne Statement ¶ 3 & 4.

(e) The Firms have entered appearances on behalf of Orafi, Inc., the largest unsecured creditor in this case with claims in excess of One Million Dollars, and therefore are familiar with this bankruptcy, the Debtor, and the facts underlying various potential claims such that the Firms' assistance would be materially helpful to the Trustee.

10. Accordingly, the Trustee believes that the Firms are well qualified to represent her in pursuing the interests of the various creditors in this chapter 7 case.

11. Additionally, because the Firms possess independent knowledge of this bankruptcy action and the relevant facts surrounding same, the Trustee believes that the administrative cost to the Estate will be reduced as compared to bringing in a new law firm.

**B. <u>Services to be Provided by The Firms</u>**

12. The professional services anticipated to be rendered by the Firms will include, among other things:

(a) Attend meetings and negotiate with representatives of the Trustee and other parties in interest and advise and consult on the conduct of this case;

(b) Investigate, file, and prosecute litigation on behalf of the Trustee, including but not limited to, as may be applicable: avoidance, preference, fraudulent transfer, and director/officer actions;

(c) Preparing pleadings, motions, discovery requests, subpoenas, responses, briefs, and other litigation papers;

(d) Conducting written discovery, document review, depositions, witness preparation, retention of experts and expert coordination, and fact development;

(e) Appearing in state courts, federal courts, arbitration forums, mediation proceedings, and administrative tribunals, as appropriate;

(f) Negotiating settlements, stipulations, tolling agreements, and consensual resolutions;

(g) Enforcing judgments, pursuing recoveries, and implementing settlement agreements;

(h) Representing the Trustee at hearings and other proceedings related hereto;

(i) Assisting the Trustee in analyzing the Debtor's pre- and post-petition relationships with creditors, equity interest holders, and other parties in interest;

(j) Performing such other legal services as may be required and are deemed to be in the interests of the Trustee, in accordance with the Trustee's powers and duties as set forth in the Bankruptcy Code.

*See* Manne Statement ¶ 6.

13. The Firms have advised the Trustee that they are ready and willing to render the necessary professional services described herein. *See* Manne Statement ¶ 7. The Firms commenced work as of July 15, 2026 when the original Application was filed at Doc. 147.

**C. <u>Disinterestedness of The Firms</u>**

14. To the best of the Trustee's knowledge, information, and belief, based on and except as set forth in the Manne Statement, the Firms do not represent any interest adverse to the Trustee, the creditors or other parties in interest in connection with this chapter 7 case and constitute a "disinterested person," as that term is defined in Section 101(14) of the United States Bankruptcy Code and to the extent required by Bankruptcy Rule 2014.

15. The Trustee acknowledges that the Firms have represented and/or currently represent Orafi, Inc., the largest unsecured creditor in this case. The Trustee submits that such representation does not, standing alone, disqualify the Firms from employment under section 327(c) of the Bankruptcy Code because that creditor's interests and the Trustee's interests are presently aligned with respect to the investigation and pursuit of estate claims for the benefit of unsecured creditors generally. The Firms will not represent Orafi in connection with any litigation brought by the Trustee, will not represent the Trustee in any matter adverse to Orafi absent further disclosure and appropriate relief, and the Trustee will retain conflicts counsel if any estate claim against that creditor is identified.

16. Further, to the best of the Trustee's knowledge, information, and belief, and except as disclosed in the Manne Statement and any supplemental verified statement, the Firms do not hold or represent any interest adverse to the estate with respect to the Litigation Matters and are disinterested persons within the meaning of section 101(14) of the Bankruptcy Code to the extent required by section 327(a).

17. As set forth in the Manne Statement, the Firms have assessed, and will continue to assess, client relationships to ensure that they do not hold or represent any interest adverse to the estate with respect to the Litigation Matters and will disclose on an ongoing basis any relationship that may bear upon their disinterestedness.

18. To the extent that the Trustee becomes involved in any litigation that is directly adverse to a current client of the Firms, the Firms will either obtain consent of the client to represent the Trustee in such litigation or the Trustee will engage conflicts counsel. *See* Manne Statement ¶ 10.

**D. <u>Compensation of The Firms</u>**

19. As compensation for the services to be rendered in connection with the Litigation Matters, the Trustee proposes to retain the Firms on a contingency fee basis, subject to the Court's "improvident" review under section 328(a) of the Bankruptcy Code.

20. The Trustee believes that a contingency fee arrangement is reasonable, appropriate, and in the best interests of the estate because it aligns the Firms' compensation with actual recoveries obtained for the benefit of the estate, preserves estate liquidity during this Bankruptcy Case, and avoids the burden of substantial hourly fees and expenses in connection with inherently uncertain litigation outcomes.

21. Under the proposed engagement, the Firms shall be entitled to receive a contingency fee (the "Contingency Fee") calculated as a percentage of any gross amounts recovered, whether by judgment, settlement, mediation, arbitration award, negotiated resolution, sale of claims, insurance proceeds, or otherwise (collectively, "Recoveries"),[1] with the applicable percentage determined based upon the procedural stage at which the applicable Litigation Matter is resolved.

22. Specifically, the Contingency Fee shall be equal to (1) 35% of any Recoveries obtained prior to the filing of a lawsuit, arbitration, or other formal proceeding, and (2) forty percent (40%) of any Recoveries obtained after the filing of a lawsuit, arbitration, or other formal proceeding.

23. The Firms may allocate fees between themselves pursuant to their co-counsel arrangement, subject to Court approval of compensation and reimbursement. No compensation received in connection with this case will be shared with any person or entity other than the Firms and their attorneys or professionals, and only as disclosed herein and permitted by applicable law.

---

[1] "Recoveries" include both any monetary sums and any nonmonetary benefits, non-cash equivalent property and other things of value received by the Client or its affiliates in connection with this Engagement. In calculating the Contingency Fee, the amount of the Recovery shall not be reduced by the amount of any related costs paid by the Client or advanced by the Firm as described below. In the event some or all of the Recovery includes property or other nonmonetary benefits, the fee calculation shall be based on the present cash value of the Recovery as determined by generally recognized accounting and appraisal standards.

24. The Trustee respectfully submits that the proposed contingency structure reflects market terms for comparable contingent litigation engagements and constitutes a sound exercise of the Trustee's business judgment.

25. In addition to any Contingency Fee, the Firms shall also be reimbursed for reasonable and necessary out-of-pocket expenses incurred in connection with the Litigation Matters in accordance with their engagement agreement and applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and any orders of the Court. If there are insufficient funds on hand from recoveries, the Firms shall receive an administrative expense for such costs which shall be paid as soon as recoveries are received from Litigation Matters or on a pro-rata basis with other administrative expenses if no recoveries are received.

26. The Firms will charge the Trustee for certain services provided and costs and expenses incurred in connection with the services provided. It is the policy of the Firms to charge their clients in all areas of practice for most expenses and costs incurred on behalf of a client and in connection with a client's case. Such expenses include, but are not limited to, travel expenses (mileage, parking, airfare, lodging, meals and ground transportation), delivery and courier services, express mail, computerized research tools such as LEXIS, WESTLAW and PACER, court costs and filing fees, court reporters, hearing transcripts, expert witnesses, and certain secretarial overtime expenses. The Firms will charge the Trustee for these costs and expenses consistent with charges generally made to the Firms' other clients. The Trustee shall not be personally liable for any such costs.

27. Except as set forth herein, (a) no commitments have been made or received by the Firms with respect to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code; and (b) there is no agreement or

understanding between the Firms and any other entity, other than a partner, associate or legal professional of the Firms, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

28. To the extent required, the Firms shall file appropriate applications for approval of compensation and reimbursement of expenses or otherwise seek approval of compensation pursuant to the terms of any order approving this Application, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

29. The Trustee respectfully submits that its fee arrangement with the Firms, as set forth above, is similar to fee arrangements that have been authorized in other Chapter 7 cases and is reasonable in light of industry practice, market rates, both in and out of chapter 7 proceedings, the Firms' experience in bankruptcy proceedings, and the scope of the work to be performed pursuant to their retention. The Trustee believes that, given the nature of the services to be provided, the fee structure is both fair and reasonable.

30. Based upon the foregoing, the Trustee believes that the employment of the Firms as her counsel would be appropriate and that the Firms are well qualified to represent the Trustee in these Litigation Matters.

31. The Trustee requests that the Firms' retention as counsel in connection with this chapter 7 case be approved *nunc pro tunc*, effective as of July 15, 2026.

**NO PRIOR REQUEST**

32. This Amended Application amends the previous request for the relief sought herein at Doc. 147, but other than that no other request has been made to this or any other Court.

WHEREFORE, the Applicant respectfully requests that the Court enter an order authorizing the Trustee to employ the Firms, *nunc pro tunc* to ***July 15, 2026,*** upon the terms outlined in this Application and grant such other relief as is just and proper.

Dated: July 24, 2026

Respectfully Submittted,
*/s/ Jill E. Durkin*______________________
Jill E. Durkin, Esquire
Chapter 7 Trustee
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419
(570) 881-4158

# VERIFIED STATEMENT OF BEVERLY WEISS MANNE

Beverly Weiss Manne, under penalty of perjury, states:

1. I am a shareholder in the firm of Tucker Arensberg, P.C. ("Tucker"), which maintains offices for the practice of law at 1500 One PPG Place, Pittsburgh, Pennsylvania 15222 and 300 Corporate Center Drive, Suite 200, Camp Hill, PA 17011.

2. For purposes of the Litigation Matters described herein as well as other matters related to this bankruptcy case, Tucker has affiliated itself with Gendler & Gendler, PLLC (referred to herein, collectively with Tucker, as the "Firms"), whose mailing address is PO Box 450135 Sunrise, Florida 33345 and who has independent knowledge of certain facts surrounding this bankruptcy matter and related litigation.

3. I submit this verified statement pursuant to Federal Bankruptcy Rule 2014 in support of the Trustee's Application to Employ Special Counsel (the "Application"), filed contemporaneously herewith by the Chapter 7 Trustee appointed in this case (the "Trustee").

4. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness would testify competently thereto.[1]

## A. **The Firms' Qualifications**

5. The Firms are well qualified to serve as the Trustee's counsel in this chapter 7 case for at least the following reasons:

(a) The Firms collectively employ over 100 attorneys admitted to practice before the courts of various jurisdictions throughout the United States;

(b) The Firms have diverse practice groups with expertise in virtually all areas of law that may be significant in this case, including, *inter alia,* insolvency and

[1] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at the Firms and are based on information provided to me by them.

creditors' rights, commercial litigation, banking and financial services, employee benefits, corporate finance, labor and employment, and real estate.

(c) Further, the Firms' insolvency and creditors' rights attorneys possess recognized expertise in bankruptcy and restructuring matters and have been actively involved in many major local and national bankruptcy cases.

(d) The Firms have the necessary background to deal effectively with the full range of potential legal issues and problems that the Trustee may encounter in the context of this chapter 7 case.

(e) The Firms have entered appearances on behalf of Orafi, Inc., the largest unsecured creditor in this case with claims in excess of One Million Dollars, and therefore are familiar with this bankruptcy, the Debtor, and the facts underlying various potential claims such that the Firms' assistance would be materially helpful to the Trustee.

6. The Firms have the necessary background to deal effectively with the full range of potential legal matters that the Trustee may encounter in the context of this chapter 7 case.

7. The Trustee has engaged the Firms to serve as its special bankruptcy counsel in connection with this chapter 7 case. Attached hereto and incorporated herein by reference as "**Exhibit A**" is a copy of the Engagement Letter sent to the Trustee and dated July 14, 2026 and accepted by the Trustee on July 15, 2026.

8. The Firms have assembled a highly qualified team of attorneys to service the Trustee during this chapter 7 case. I, along with Justin Gendler from Gendler & Gendler, PLLC and Kasey Bolton from Tucker Arensberg, P.C. will coordinate and lead the representation of the Trustee in this case.

9. The Firms' attorneys have extensive experience in reorganization and insolvency matters, including the representation of debtors, committees, lenders, and trade creditors in cases throughout the United States.

10. All attorneys who will work on this matter have read and are fully familiar with the Bankruptcy Code and the Bankruptcy Rules, and the Local Rules of this Court, and are sufficiently competent to handle all foreseeable matters on behalf of the Trustee.

**B. <u>Services to be Provided by The Firms</u>**

11. The Trustee anticipates that the Firms will:

(a) Attend meetings and negotiate with representatives of the Trustee and other parties in interest and advise and consult on the conduct of this case;

(b) Investigate, file, and prosecute litigation on behalf of the Trustee, including but not limited to, as may be applicable: avoidance, preference, fraudulent transfer, and director/officer actions;

(c) Preparing pleadings, motions, discovery requests, subpoenas, responses, briefs, and other litigation papers;

(d) Conducting written discovery, document review, depositions, witness preparation, retention of experts and expert coordination, and fact development;

(e) Appearing in state courts, federal courts, arbitration forums, mediation proceedings, and administrative tribunals, as appropriate;

(f) Negotiating settlements, stipulations, tolling agreements, and consensual resolutions;

(g) Enforcing judgments, pursuing recoveries, and implementing settlement agreements.

(h) Representing the Trustee at hearings and other proceedings related hereto;

(i) Assisting the Trustee in analyzing the Debtor's pre- and post-petition relationships with creditors, equity interest holders, and other parties in interest;

(j) Performing such other legal services as may be required and are deemed to be in the interests of the Trustee, in accordance with the Trustee's powers and duties as set forth in the Bankruptcy Code.

12. The Firms' independent knowledge of the Debtor's affairs will be a significant asset to the Trustee as the bankruptcy estate is administered.

13. Subject to this Court's approval of the Application, the Firms are ready and willing to render the necessary professional services as attorneys for the Trustee.

## C. <u>Disinterestedness of The Firms</u>

14. The Firms currently represent Orafi, Inc., the largest unsecured creditor in these bankruptcy proceedings with a claim valued at over One Million Dollars.

15. The interests of the Trustee and that creditor in maximizing the return to unsecured creditors are aligned. The Firms will not represent that creditor in connection with litigation being brought by the Trustee in this Chapter 7 case.

16. That creditor has waived any actual or potential conflict and provided informed consent to enable the Firms to represent the Trustee.

17. The Firms are not aware of any potential causes of action against the Creditor. But in the event any such action needs to be brought, the Trustee will bring such an action herself, or with conflicts counsel.

18. To the best of my knowledge, information and belief, and other than as set forth herein, the Firms do not hold or represent any interest adverse to the estate with respect to the Litigation

Matters and are "disinterested persons" as that term is defined in Bankruptcy Code section 101(14), to the extent required by section 327(a) and Bankruptcy Rule 2014.

19. Further, to the best of my knowledge, information, and belief, and other than as stated herein, the shareholders and associates of the Firms do not have any connection with the Debtor or its estate, its creditors, the United States Trustee, or any person employed in the office of the United States Trustee, any United States District Judge or United States Bankruptcy Judge for the Middle District of Pennsylvania, or any other party in interest, or their respective attorneys and accountants.

20. The Firms have conducted conflicts checks, through a search of its client database regarding connections with the Debtor, creditors, and other parties in interest (collectively, the "Potential Parties in Interest"). A search of the Firms' client database is designed to reveal any representation of, or potential conflict with the entity searched or any known subsidiary or affiliate. A list of Potential Parties in Interest that were the subject of the Firms' conflicts search is attached hereto as **"Schedule 1."** This search was as complete as possible under the circumstances, but the Firms recognize that additional parties in interest or additional information regarding such parties in interest may surface during the course of this Chapter 7 case. As further information or further parties becomes known or based upon appearances in this case, the Firms will supplement their disclosures as necessary or appropriate.

21. To the extent that the Trustee becomes involved in any litigation that is directly adverse to any client of the Firms, the Firms will either obtain consent of the client to represent the Trustee in such litigation or the Trustee will engage conflicts counsel.

22. Set forth on **"Schedule 2,"** attached hereto and incorporated herein by reference, are the connections with Potential Parties in Interest revealed by the investigations described above.

The conflicts check and general inquiry revealed that certain of the Potential Parties in Interest or their subsidiaries or affiliates are currently or were previously clients of the Firms in matters not related to this chapter 7 case, other than as set forth herein. All such relationships discovered through the conflicts search as of the date of this Verified Statement are set forth on Schedule 2.

23. To the best of my knowledge as of the date of this Verified Statement, the Firms do not represent the entities listed on Schedule 2 in any matters adverse to the interests of the Trustee. The Firms' representations of the clients identified in Schedule 2 consist of representations in transactional or litigation matters not related in any way to the Debtor or to this Chapter 7 case.

24. To the best of my knowledge, neither the Firms nor any of the Firms' attorneys are or were a creditor, an equity holder, or an insider of the Debtor.

25. Because all other representations disclosed herein are unrelated to the Debtor's case, I believe that no such representation constitutes a conflict with the Firms' representation of the Trustee or will likely create a conflict in the future.

26. Without obtaining waivers or consents where necessary or appropriate, the Firms will not represent the Trustee in an adversary proceeding or contested matter against any current client. In addition, the Firms will not represent any client on any matter involving the Trustee while retained as the Trustee's counsel in this case. In the event such a matter arises, the Trustee intends to retain appropriate conflicts counsel.

27. To the best of my knowledge, no attorneys at the Firms now are or ever were a director, officer, or employee of the Debtor.

28. The Firms will maintain an ongoing inquiry regarding the Parties in Interest and, if appropriate, will file promptly with the Court any supplemental disclosure that becomes necessary.

29. In view of the foregoing, I believe that the Firms are a "disinterested person" within the meaning of Bankruptcy Code Section 101(14), and to the extent required by section 1103(b) and Bankruptcy Rule 2014.

## CONCLUSION

30. Based upon the information available to me, and except as otherwise described herein, the Firms hold no interest adverse to the Trustee, the Debtor, its estate or its creditors as to the matters in which they are to be employed other than the representation of the Trustee.

31. I believe that the Firms are a "disinterested person" as defined in the Bankruptcy Code.

32. I am not aware of any reason why the Firms cannot act as attorneys for the Trustee. The foregoing constitutes the statement of the Firms pursuant to Sections 327(a), 327(c), and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1.

Dated: July 15, 2026

Beverly Weiss Manne, Esq

COMMONWEALTH OF PENNSYLVANIA :
: ss
COUNTY OF ALLEGHENY :

Subscribed, sworn to and acknowledged before me by Beverly Weiss Manne, a shareholder of Tucker Arensberg, P.C. on this 15th th day of July 2026

Notary Public

The foregoing has been reviewed and accepted by:
/s/ Jill E. Durkin

Jill Durkin, Chapter 7 Trustee

Commonwealth of Pennsylvania - Notary Seal
Stacey L. Sims, Notary Public
Allegheny County
My commission expires March 8, 2028
Commission number 1239784
Member, Pennsylvania Association of Notaries

Schedule 1: Potential Parties in Interest that were the subject of the Firms' conflicts search

Windcreek-PA online casino,
BetRivers,
Sugar House online casino,
Fanatics Sportsbook,
Bet365,
Pointsbet PA,
Caesars Sportsbook,
Fanduel,
Mohegan Sun casino,
Parx Casino- Bensalem,
Jackpot City online casino,
Eric David Bartels

Schedule 2 Clients involved in the Case (other than ORAFI)

None

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(Wilkes-Barre)**

| | |
|---|---|
| In re: | : |
| | : |
| Luxury Time Global, LLC | : Case No. **5:25-bk-00912-MJC** |
| | : |
| Debtor | : |
| | : |

**TRUSTEE'S AMENDED APPLICATION TO EMPLOY SPECIAL COUNSEL**

Jill E. Durkin (the "Trustee"), the chapter 7 Trustee of the bankruptcy estate of LUXURY TIME GLOBAL, LLC (the "Debtor"), hereby submits to the Court this amended application (the "Application") seeking authority to retain Tucker Arensberg, P.C. and Gendler & Gendler, PLLC (collectively, the "Firms") as counsel to the Trustee pursuant to 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure. ~~In support, the Trustee incorporates the Verified Statement of Beverly Weiss Manne (the "Manne Statement"), attached as "Exhibit A," and states:~~This Amended Application revises the Application filed at Doc. 147 to correct some typographical errors including an incorrect percentage in paragraph 22 of the Application, an incorrect effective date in the Wherefore clause and the omission of the word "interests" in paragraph 15. This Amended Application also states that the Firms commenced working as of the date of the filing of the Original Application on July 15, 2026. A redline of this Amended Application to the Application is attached hereto.

The Verified Statement of Beverly Weiss Manne (the "Manne Statement") filed at Doc. 147-1 is again attached as "Exhibit A," hereto.

**JURISDICTION**

1. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue for these proceedings and this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This Application is made pursuant to Sections 327(e) and 328 of the United States Bankruptcy Code.

**BACKGROUND**

5. On April 2, 2025 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

6. On August 22, 2025, the Court converted this case to proceed under Chapter 7 of the United States Bankruptcy Code, and the Trustee was appointed as the Chapter 7 trustee.

**RELIEF REQUESTED**

7. The Trustee seeks authority from this Court to retain the Firms, upon the terms and conditions set forth herein, for the limited purpose of providing representation and counsel in connection with the investigation, prosecution, and recovery of assets through litigation concerning avoidable transfers and related claims, including, without limitation, claims arising under the Trustee's avoidance powers, including preferences under 11 U.S.C. § 547, fraudulent transfers under 11 U.S.C. § 548, and the Trustee's "strong-arm" powers under 11 U.S.C. § 544, together with matters related thereto (collectively, the "Litigation Matters").

8. The Court has power to authorize the retention of the Firms, pursuant sections 327(a), 327(c), and 328(a) of the United States Bankruptcy Code, which provide in relevant part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. The court may authorize the trustee to act as

> attorney or accountant for the estate if such authorization is in the best interest of the estate.
>
> [ . . . ]
>
> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments…

**A. <u>The Firms' Qualifications</u>**

9. The Trustee has engaged the Firms to serve as special bankruptcy counsel in connection with this chapter 7 case, and the Firms are well qualified to so serve, for at least the following reasons:

(a) The Firms collectively employ close to 100 attorneys admitted to practice before the courts of various jurisdictions throughout the United States;

(b) The Firms have diverse practice groups with expertise in virtually all areas of law that may be significant in this case, including, *inter alia,* insolvency and creditors' rights, commercial litigation, banking and financial services, employee benefits, corporate finance, labor and employment, and real estate.

(c) Further, the Firms' insolvency and creditors' rights attorneys possess recognized expertise in bankruptcy and restructuring matters and have been actively involved in many major local and national bankruptcy cases. *See* Manne Statement ¶ 2.

(d) The Firms have the necessary background to deal effectively with the full range of potential legal issues and problems that the Trustee may encounter in the context of this chapter 7 case. *See* Manne Statement ¶ 3 & 4.

(e) The Firms have entered appearances on behalf of Orafi, Inc., the largest unsecured creditor in this case with claims in excess of One Million Dollars, and therefore are familiar with this bankruptcy, the Debtor, and the facts underlying various potential claims such that the Firms' assistance would be materially helpful to the Trustee.

10. Accordingly, the Trustee believes that the Firms are well qualified to represent her in pursuing the interests of the various creditors in this chapter 7 case.

11. Additionally, because the Firms possess independent knowledge of this bankruptcy action and the relevant facts surrounding same, the Trustee believes that the administrative cost to the Estate will be reduced as compared to bringing in a new law firm.

**B. <u>Services to be Provided by The Firms</u>**

12. The professional services anticipated to be rendered by the Firms will include, among other things:

(a) Attend meetings and negotiate with representatives of the Trustee and other parties in interest and advise and consult on the conduct of this case;

(b) Investigate, file, and prosecute litigation on behalf of the Trustee, including but not limited to, as may be applicable: avoidance, preference, fraudulent transfer, and director/officer actions;

(c) Preparing pleadings, motions, discovery requests, subpoenas, responses, briefs, and other litigation papers;

(d) Conducting written discovery, document review, depositions, witness preparation, retention of experts and expert coordination, and fact development;

(e) Appearing in state courts, federal courts, arbitration forums, mediation proceedings, and administrative tribunals, as appropriate;

(f) Negotiating settlements, stipulations, tolling agreements, and consensual resolutions;

(g) Enforcing judgments, pursuing recoveries, and implementing settlement agreements;

(h) Representing the Trustee at hearings and other proceedings related hereto;

(i) Assisting the Trustee in analyzing the Debtor's pre- and post-petition relationships with creditors, equity interest holders, and other parties in interest;

(j) Performing such other legal services as may be required and are deemed to be in the interests of the Trustee, in accordance with the Trustee's powers and duties as set forth in the Bankruptcy Code.

*See* Manne Statement ¶ 6.

13. The Firms have advised the Trustee that they are ready and willing to render the necessary professional services described herein. *See* Manne Statement ¶ 7. The Firms commenced work as of July 15, 2026.

**C. Disinterestedness of The Firms**

14. To the best of the Trustee's knowledge, information, and belief, based on and except as set forth in the Manne Statement, the Firms do not represent any interest adverse to the Trustee, the creditors or other parties in interest in connection with this chapter 7 case and constitute a

"disinterested person," as that term is defined in Section 101(14) of the United States Bankruptcy Code and to the extent required by Bankruptcy Rule 2014.

15. The Trustee acknowledges that the Firms have represented and/or currently represent Orafi, Inc., the largest unsecured creditor in this case. The Trustee submits that such representation does not, standing alone, disqualify the Firms from employment under section 327(c) of the Bankruptcy Code because that creditor's interests and the Trustee's interests are presently aligned with respect to the investigation and pursuit of estate claims for the benefit of unsecured creditors generally. The Firms will not represent Orafi in connection with any litigation brought by the Trustee, will not represent the Trustee in any matter adverse to Orafi absent further disclosure and appropriate relief, and the Trustee will retain conflicts counsel if any estate claim against that creditor is identified.

16. Further, to the best of the Trustee's knowledge, information, and belief, and except as disclosed in the Manne Statement and any supplemental verified statement, the Firms do not hold or represent any interest adverse to the estate with respect to the Litigation Matters and are disinterested persons within the meaning of section 101(14) of the Bankruptcy Code to the extent required by section 327(a).

17. As set forth in the Manne Statement, the Firms have assessed, and will continue to assess, client relationships to ensure that they do not hold or represent any interest adverse to the estate with respect to the Litigation Matters and will disclose on an ongoing basis any relationship that may bear upon their disinterestedness.

18. To the extent that the Trustee becomes involved in any litigation that is directly adverse to a current client of the Firms, the Firms will either obtain consent of the client to represent the Trustee in such litigation or the Trustee will engage conflicts counsel. *See* Manne Statement ¶ 10.

**D. Compensation of The Firms**

19. As compensation for the services to be rendered in connection with the Litigation Matters, the Trustee proposes to retain the Firms on a contingency fee basis, subject to the Court's "improvident" review under section 328(a) of the Bankruptcy Code.

20. The Trustee believes that a contingency fee arrangement is reasonable, appropriate, and in the best interests of the estate because it aligns the Firms' compensation with actual recoveries obtained for the benefit of the estate, preserves estate liquidity during this Bankruptcy Case, and avoids the burden of substantial hourly fees and expenses in connection with inherently uncertain litigation outcomes.

21. Under the proposed engagement, the Firms shall be entitled to receive a contingency fee (the "Contingency Fee") calculated as a percentage of any gross amounts recovered, whether by judgment, settlement, mediation, arbitration award, negotiated resolution, sale of claims, insurance proceeds, or otherwise (collectively, "Recoveries"),[1] with the applicable percentage determined based upon the procedural stage at which the applicable Litigation Matter is resolved.

22. Specifically, the Contingency Fee shall be equal to (1) ~~33~~35% of any Recoveries obtained prior to the filing of a lawsuit, arbitration, or other formal proceeding, and (2) forty percent (40~~%~~%) of any Recoveries obtained after the filing of a lawsuit, arbitration, or other formal proceeding.

23. The Firms may allocate fees between themselves pursuant to their co-counsel arrangement, subject to Court approval of compensation and reimbursement. No compensation

[1] "Recoveries" include both any monetary sums and any nonmonetary benefits, non-cash equivalent property and other things of value received by the Client or its affiliates in connection with this Engagement. In calculating the Contingency Fee, the amount of the Recovery shall not be reduced by the amount of any related costs paid by the Client or advanced by the Firm as described below. In the event some or all of the Recovery includes property or other nonmonetary benefits, the fee calculation shall be based on the present cash value of the Recovery as determined by generally recognized accounting and appraisal standards.

received in connection with this case will be shared with any person or entity other than the Firms and their attorneys or professionals, and only as disclosed herein and permitted by applicable law.

24. The Trustee respectfully submits that the proposed contingency structure reflects market terms for comparable contingent litigation engagements and constitutes a sound exercise of the Trustee's business judgment.

25. In addition to any Contingency Fee, the Firms shall also be reimbursed for reasonable and necessary out-of-pocket expenses incurred in connection with the Litigation Matters in accordance with their engagement agreement and applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and any orders of the Court. If there are insufficient funds on hand from recoveries, the Firms shall receive an administrative expense for such costs which shall be paid as soon as recoveries are received from Litigation Matters or on a pro-rata basis with other administrative expenses if no recoveries are received.

26. The Firms will charge the Trustee for certain services provided and costs and expenses incurred in connection with the services provided. It is the policy of the Firms to charge their clients in all areas of practice for most expenses and costs incurred on behalf of a client and in connection with a client's case. Such expenses include, but are not limited to, travel expenses (mileage, parking, airfare, lodging, meals and ground transportation), delivery and courier services, express mail, computerized research tools such as LEXIS, WESTLAW and PACER, court costs and filing fees, court reporters, hearing transcripts, expert witnesses, and certain secretarial overtime expenses. The Firms will charge the Trustee for these costs and expenses consistent with charges generally made to the Firms' other clients. The Trustee shall not be personally liable for any such costs.

27. Except as set forth herein, (a) no commitments have been made or received by the Firms with respect to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code; and (b) there is no agreement or understanding between the Firms and any other entity, other than a partner, associate or legal professional of the Firms, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

28. To the extent required, the Firms shall file appropriate applications for approval of compensation and reimbursement of expenses or otherwise seek approval of compensation pursuant to the terms of any order approving this Application, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

29. The Trustee respectfully submits that its fee arrangement with the Firms, as set forth above, is similar to fee arrangements that have been authorized in other Chapter 7 cases and is reasonable in light of industry practice, market rates, both in and out of chapter 7 proceedings, the Firms' experience in bankruptcy proceedings, and the scope of the work to be performed pursuant to their retention. The Trustee believes that, given the nature of the services to be provided, the fee structure is both fair and reasonable.

30. Based upon the foregoing, the Trustee believes that the employment of the Firms as her counsel would be appropriate and that the Firms are well qualified to represent the Trustee in these Litigation Matters.

31. The Trustee requests that the Firms' retention as counsel in connection with this chapter 7 case be approved *nunc pro tunc*, effective as of July 15, 2026.

**NO PRIOR REQUEST**

32. No This Amended Application amends the previous request for the relief sought herein at Doc. 147, but other than that no other request has been made to this or any other Court.

WHEREFORE, the Applicant respectfully requests that the Court enter an order authorizing the Trustee to employ the Firms, *nunc pro tunc* to June 10***July 15*****, 2026,** upon the terms outlined in this Application and grant such other relief as is just and proper.

Dated: July 1623, 2026

Respectfully Submitted,

*/s/ Jill E. Durkin*

Jill E. Durkin, Esquire
Chapter 7 Trustee
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419
(570) 881-4158

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | **CHAPTER 7** |
| **Luxury Time Global, LLC,** | : | |
| | : | **CASE NO. 25-00912** |
| **Debtor** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER AUTHORIZING TUCKER ARENSBERG, P.C. AND GENDLER & GENDLER, PLLC AS SPECIAL COUNSEL FOR TRUSTEE**

AND NOW, upon consideration of the Application of Jill E. Durkin, Trustee, for authority to employ Tucker Arensberg, P.C. and Gendler & Gendler, PLLC to serve as Special Counsel in connection with this case, and it appearing that Tucker Arensberg, P.C. and Gendler & Gendler, PLLC are attorneys duly admitted to practice in this Court, and the Court being satisfied that said attorney represents no interest adverse as Attorney for the Trustee of the estate of the Debtor in the matters upon which it is to be engaged; that its employment is necessary and would be in the best interest of the estate, and the case is one justifying the employment of an attorney under a general retainer, it is hereby

ORDERED AND DECREED that Tucker Arensberg, P.C. and Gendler & Gendler, PLLC, be, and hereby is, authorized to serve as Special Counsel for Trustee in this case, as of the date of the application.

By the Court:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | **CHAPTER 7** |
| Luxury Time Global, LLC, | : | |
| | : | **CASE NO.** 5:25-00912 |
| **Debtor.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**CERTIFICATE OF SERVICE**

I, Tricia E. DeRasmo, do hereby certify that on July 24, 2026, I caused a true and correct copy of the Trustee's Amended Application to Authorize Employment to be served on the following parties by the method indicated:

VIA CM/ECF:

C. Stephen Gurdin, Jr.
Attorney for Debtor
Stephen@gurdinlaw.com

Kenneth G. Lau
Attorney for Office of the United States Trustee
Kenneth.G.Lau@usdoj.gov

Office of the United States Trustee
Ustpregion03.ha.ecf@usdoj.gov

Dated: July 24, 2026

/s/Tricia E. DeRasmo
Tricia E. DeRasmo
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419
570-881-4158
jilldurkinesq@gmail.com