FILED (EDSS)
**July 27, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

| | |
|---|---|
| **In re:**<br><br>**LUXURY TIME GLOBAL, LLC,**<br><br>**Debtor.** | **Chapter 7**<br><br>**Case No. 5:25-bk-00912-MJC** |

# ERIC DAVID BARTELS' RENEWED AND SUPPLEMENTAL LIMITED OBJECTION TO TRUSTEE'S AMENDED APPLICATION TO EMPLOY SPECIAL COUNSEL (DOC. 151), ALTERNATIVE MOTION FOR LEAVE TO BE HEARD UNDER FED. R. BANKR. P. 2018(a), REQUEST FOR HEARING, AND RESERVATION OF RIGHTS

Eric David Bartels ("Bartels"), appearing pro se and solely in his individual capacity, respectfully renews and supplements his Limited Objection at Document 148 to the Trustee's Amended Application to Employ Special Counsel at Document 151 (the "Amended Application"). In the alternative, Bartels moves for limited leave to be heard under Federal Rule of Bankruptcy Procedure 2018(a). Bartels incorporates Document 148 except to the extent expressly updated below. He does not appear for, and does not purport to represent, the Debtor.

## PRELIMINARY STATEMENT

1. The Amended Application corrects three facial defects identified in Document 148: it changes the pre-suit contingency percentage to 35%, changes the requested effective date from June 10, 2026 to July 15, 2026, and inserts the omitted word "interests." Bartels acknowledges those corrections and does not continue to rely on those corrected items as independent grounds for relief.

2. The central issues remain unresolved. The same Firms that currently or previously represent ORAFI, Inc. ("ORAFI") - the estate's largest unsecured creditor - seek authority to investigate and prosecute estate claims while expressly relying on knowledge obtained through that creditor representation. The Amended Application still does not adequately disclose the source and permitted use of that information, the scope of ORAFI's purported waiver, the personnel and files assigned to each representation, or an independent threshold process for identifying matters in which ORAFI's interests may diverge from the estate's.

3. The Amended Application also adds a material new fact: the Firms state that they commenced Trustee-side work on July 15, 2026, before entry of an employment order. On July 24, 2026, while the employment request remained pending and opposed, the Firms filed substantive pleadings in Malak v. Bartels et al., No. 3:26-cv-01222-JKM: a motion to substitute the Trustee for Malak as plaintiff or alternatively to intervene and to refer the action to Bankruptcy Court [District Court Doc. 20], a proposed order [Doc. 20-1], and a supporting brief [Doc. 21].

4. Filing those papers did not itself substitute the Trustee, permit intervention, refer the case, or stay the District Court action. Those forms of relief require judicial rulings. The filed papers are nevertheless concrete evidence that the Firms have already undertaken and publicly

appeared in substantive Trustee-side litigation directly adverse to Bartels while their employment remains unapproved and contested.

5. This filing does not address the merits of any actual or contemplated estate claim. Nothing herein admits any transfer, benefit, liability, insolvency, lack of value, breach of duty, fraudulent intent, damages, or other substantive allegation. Bartels expressly reserves every factual, legal, procedural, evidentiary, constitutional, privilege, and other right and defense.

## BARTELS' LIMITED BASIS TO BE HEARD

6. Bartels is the former managing member and officer of the Debtor. He appears only in his individual capacity. The renewed Manne Statement identifies "Eric David Bartels" as the only individual on Schedule 1, alongside eleven gaming entities. Doc. 151-1 at 8.

7. The proposed mandate includes director/officer claims, subpoenas, written discovery, document review, depositions, witness preparation, fact development, settlement activity, and recovery litigation. Doc. 151 at 4-5. The July 24 communication confirms that the Firms intend to seek a plaintiff-side role in pending litigation naming Bartels personally.

8. Local Bankruptcy Rule 9001-1(j) defines a "party in interest" as a person or entity who may be affected by a bankruptcy proceeding. Rule 2018(a) permits an interested entity, for cause, to intervene generally or in a specified matter. Cause exists for Bartels to be heard on the limited questions of disclosure, statutory authority, retroactivity, compensation, scope, information use, and conflict safeguards governing counsel that proposes to investigate and litigate claims involving him.

9. Bartels is not a creditor and does not invoke the creditor-specific objection language of 11 U.S.C. § 327(c). He instead requests limited participation under Rule 2018(a) and asks the Court to exercise its independent responsibility under 11 U.S.C. § 327(a), Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1 to approve only properly disclosed, nonadverse, and clearly defined estate employment.

## RELEVANT PROCEDURAL DEVELOPMENTS

10. On July 15, 2026, the Trustee filed the original application at Document 147. Bartels timely filed his limited objection at Document 148 on July 17, 2026.

11. On July 24, 2026, the Trustee filed the Amended Application, renewed verified statement, redline, proposed order, and certificate of service at Documents 151 through 151-4. The Amended Application states that the Firms commenced work on July 15, 2026. Doc. 151 ¶ 13.

12. The Amended Application continues to rely on the Firms' ORAFI representation and their "independent knowledge" of the bankruptcy and underlying facts as reasons for selection. Doc. 151 ¶¶ 9(e), 11. The renewed verified statement says Beverly Weiss Manne, Justin Gendler, and Kasey Bolton will coordinate and lead the Trustee representation and that ORAFI has waived actual or potential conflicts. Doc. 151-1 ¶¶ 8, 14-17.

13. On July 24, 2026, the proposed Firms filed District Court Documents 20, 20-1, and 21. The motion asserts that the claims Malak brings "rightfully belong" to the estate, seeks to replace Malak with the Trustee as plaintiff or alternatively to intervene, seeks referral of the action to Bankruptcy Court, and states that the Trustee intends to prosecute those claims. Later that same day, the Firms also filed Bankruptcy Document 152, a Motion to Enforce the Automatic Stay, asking this Court to enjoin Malak's continued prosecution, require

corrective action facilitating substitution of the Trustee, and facilitate referral of the District Court action to this Court.

14. The certificate of service at Document 151-4 lists Debtor's counsel and the Office of the United States Trustee, but not Bartels, notwithstanding his pending objection and his direct identification on Schedule 1. Bartels nevertheless obtained actual notice and files this renewed objection promptly.

## ARGUMENT

### I. THE AMENDED APPLICATION DOES NOT MOOT DOCUMENT 148; THE PRIOR OBJECTION SHOULD BE DEEMED RENEWED AND SUPPLEMENTED.

15. Document 151 amends material portions of Document 147 and seeks relief under amended papers. To eliminate procedural uncertainty, Bartels renews Document 148 as to Document 151. The Court should evaluate the request on the complete current record, including the admitted July 15 start date, the July 24 Malak communication, the refiled verified statement, and the revised compensation terms.

16. The corrections narrow the dispute, but they do not cure the conflict, disclosure, scope, retroactivity, compensation, or proposed-order issues described below.

### II. THE JULY 24 MALAK FILINGS MAKE THE EFFECT OF THE PROPOSED EMPLOYMENT CONCRETE, WHILE THE DISTRICT COURT RETAINS AUTHORITY TO DECIDE SUBSTITUTION, INTERVENTION, REFERRAL, AND ANY STAY.

17. District Court Documents 20 and 21 do not themselves grant substitution, intervention, referral, or a stay. Likewise, Bankruptcy Document 152 is a pending motion, not an entered stay-enforcement order. The proposed orders attached to those filings are unsigned. The District Court and this Court retain authority to decide the requested relief after notice and an opportunity to respond.

18. Federal Rule of Bankruptcy Procedure 6009 may permit a trustee to commence or defend estate litigation without a separate order authorizing each filing, but it does not dispense with 11 U.S.C. § 327 and Rule 2014 when outside professionals seek appointment and compensation from the estate. The Firms filed substantive pleadings as "COUNSEL TO JILL E. DURKIN, CHAPTER 7 TRUSTEE" before entry of an employment order and while Bartels's objection remained pending.

19. The actual filings make the effect of the proposed employment concrete. The District Court brief and Bankruptcy Document 152 repeat disputed allegations concerning Bartels's alleged lifestyle, personal expenses, gambling, and transfers, and use those allegations to justify taking control of and staying the litigation. Bartels denies that those allegations establish any claim or liability. The Firms' filings demonstrate actual substantive Trustee-side work and present adversity, not merely a hypothetical future assignment.

20. No employment order should be construed as deciding: (a) which Malak claims belong to the estate; (b) whether substitution, intervention, referral, or a stay is warranted; (c) whether any claim is adequately pleaded or timely; (d) whether the District Court or Bankruptcy Court may finally adjudicate any claim; (e) jury-trial or Article III rights; or (f) any merits issue or defense. Those matters should be expressly reserved.

## III. THE RULE 2014 DISCLOSURES REMAIN INCOMPLETE AND ARE NOT CURRENT AS TO THE ANNOUNCED MALAK WORK.

21. Rule 2014 requires an application to state the specific facts showing the need for employment, the reasons for selecting the professional, the proposed services and compensation, and, to the best of the applicant's knowledge, all of the professional's connections with the debtor, creditors, other parties in interest, their attorneys and accountants, the United States Trustee, and persons employed in that office. Fed. R. Bankr. P. 2014(a). The professional's verified statement must accompany the application. L.B.R. 2014-1(a).

22. The Firms affirmatively rely on knowledge obtained through ORAFI and Gendler & Gendler. Yet the papers do not identify, even by nonprivileged category: (a) information supplied by ORAFI, its owners, employees, investigators, or professionals; (b) information independently developed by either Firm; (c) information already transmitted to the Trustee; (d) whether ORAFI personnel may receive estate-investigation information; (e) whether creditor-side work product will be used to select estate targets; or (f) restrictions on cross-use between the two representations.

23. The papers state that ORAFI has waived any actual or potential conflict, but the waiver is not attached, its scope is not described, the persons giving informed consent are not identified, and the application does not explain whether the waiver addresses the Firms' use of ORAFI-developed information for estate claims that may affect ORAFI's proof of claim, defenses, discovery obligations, or distribution.

24. The renewed statement says the Firms will supplement as additional parties or information become known. Doc. 151-1 ¶¶ 20, 28. On the same day, however, the Firms announced intended participation in Malak v. Bartels without supplementing the disclosed conflict universe to address that action, its parties, or counsel. The Court should require a current supplemental statement before ruling.

25. The renewed statement also says the July 14 engagement letter is attached as Exhibit A. Doc. 151-1 ¶ 7. Document 151-1 contains the verified statement and Schedules 1 and 2, but not the referenced engagement letter. Because Document 151 changes the percentage and effective date and seeks approval under revised papers, the controlling engagement agreement should be refiled or expressly incorporated and conformed to the Amended Application.

26. Finally, paragraph 29 of the renewed verified statement refers to 11 U.S.C. § 1103(b), while the application concerns a Chapter 7 Trustee and elsewhere relies on § 327. Doc. 151-1 at 7. Whether that reference is a typographical error or reflects a different theory, the governing statutory basis should be made consistent throughout the application, verified statement, engagement agreement, and proposed order.

## IV. THE PRESENT RECORD REQUIRES INDEPENDENT THRESHOLD REVIEW OF ORAFI-RELATED MATTERS AND INFORMATION USE.

27. The Third Circuit evaluates § 327 conflicts case by case. An actual conflict exists when the specific facts suggest that a professional is likely to be placed in a position permitting it to favor one interest over an impermissibly conflicting interest. In re Boy Scouts of Am., 35 F.4th 149, 158-59 (3d Cir. 2022) (quoting In re Pillowtex, Inc., 304 F.3d 246, 251 (3d Cir.

2002)). Actual conflicts require disqualification; potential conflicts are committed to the Court's discretion; appearance alone is insufficient. Id.

28. Bartels does not argue that representation of ORAFI alone creates automatic disqualification. The problem is the combined record: ORAFI is the largest unsecured creditor; the Firms currently or previously represent it; the Firms use that representation and related knowledge as the principal cost-saving justification for selection; the same identified lawyers will lead the Trustee representation; and conflicts counsel will be retained only if an estate claim against ORAFI is first "identified."

29. That proposed sequence leaves the threshold decision - whether ORAFI should be investigated, challenged, examined, or treated as adverse - to the Trustee and Firms whose selection depends on ORAFI-derived knowledge. The application does not identify a neutral attorney to examine ORAFI's proof of claim, account reconciliation, payments, credits, inventory, returns, defenses, discovery obligations, possible preferences, possible setoffs, or any other issue on which ORAFI's individual interests may differ from the estate's collective interests.

30. ORAFI's private waiver cannot, by itself, waive duties owed to the estate or other creditors. If employment is considered, independent conflicts counsel should conduct the threshold review from the outset, and the Firms should be excluded from evaluating or influencing any ORAFI-related issue unless and until the Court approves their participation on a complete record.

## V. THE STATUTORY BASIS AND SCOPE REMAIN INTERNALLY INCONSISTENT.

31. Paragraph 4 invokes 11 U.S.C. §§ 327(e) and 328. Paragraph 8 and the renewed verified statement rely on §§ 327(a), 327(c), and 328(a). Section 327(e) concerns employment, for a specified special purpose, of an attorney who previously represented the debtor. The disclosed prior or current representation here is ORAFI, not the Debtor. The Trustee should identify one controlling statutory basis and satisfy its requirements.

32. The request is also described as "limited" special-counsel employment, but the listed services include broad case advice, appearances in multiple tribunals, analysis of pre- and post-petition relationships, and a catchall for other services deemed necessary. Doc. 151 ¶ 12. The proposed order compounds the problem by calling the Firms "Special Counsel" while finding that the case justifies a "general retainer." Doc. 151-3. A special-purpose engagement should be defined by identified claims, parties, and exclusions; a general retainer should not be approved through a one-page order that omits the actual scope and protections.

## VI. RETROACTIVE APPROVAL REQUIRES A PARTICULARIZED SHOWING; THE JULY 15 DATE SHOULD NOT BE APPROVED BY DEFAULT.

33. The Amended Application asks for employment effective July 15, 2026 and admits that work began that day. Third Circuit law permits retroactive professional employment only in extraordinary circumstances, after the Court determines that the professional satisfied § 327 when the work was performed and that the delay in obtaining approval was justified. In re Arkansas Co., 798 F.2d 645, 648-51 (3d Cir. 1986); In re F/S Airlease II, Inc., 844 F.2d 99, 105-08 (3d Cir. 1988).

34. The present papers do not describe any emergency, limitations deadline, court-imposed deadline, unavoidable hardship, or circumstance outside the Firms' control that required substantive work before approval. The fact that an application was filed on the same date work began does not itself establish extraordinary circumstances or entitlement to compensation for all work thereafter.

35. Before considering any retroactive relief, the Court should require a verified itemization of: (a) each preapproval task; (b) the date and time; (c) the professional performing it; (d) who requested or authorized it; (e) the deadline or necessity asserted; (f) the information source used; (g) whether the work concerned Malak, Bartels, ORAFI, or another target; and (h) the compensation and expenses that may be sought.

36. Any work performed before approval should remain at the Firms' risk unless the Court later approves it on the required record. No order should imply that the filing of the application itself created automatic authority, automatic compensation, or a presumption of retroactive approval.

## VII. THE CONTINGENCY TERMS ARE UNCLEAR AS APPLIED TO AN ALREADY-FILED ACTION AND MIXED ESTATE/PERSONAL CLAIMS.

37. The Amended Application proposes 35% of gross recoveries before filing a lawsuit or other formal proceeding and 40% after filing, plus expenses. "Recoveries" include monetary and nonmonetary benefits, are not reduced by costs, and may include sale proceeds, insurance proceeds, or other value. Doc. 151 ¶¶ 19-26 & n.1.

38. The announced Malak action was already filed before the Firms sought estate employment. The application does not explain whether substitution or intervention into that existing case automatically triggers the 40% rate, even though the Firms did not originate the action; whether another plaintiff's counsel may also seek a fee; how fees would be allocated between estate-owned claims and Malak's personal claims; how a joint settlement among multiple parties would be allocated; or how a noncash recovery, claim reduction, or other mixed benefit would be valued.

39. Those issues are foreseeable now, not hypothetical future developments. Approval under § 328(a) may materially constrain later compensation review. The Court should therefore decline to approve the percentage terms under § 328(a) until the trigger, allocation, valuation, expense treatment, and interaction with existing litigation and other counsel are fully disclosed. Alternatively, compensation should remain subject to full review under 11 U.S.C. § 330.

40. The proposed order does not state any compensation percentage, gross-recovery definition, expense term, or § 328 limitation. It therefore does not accurately state the terms the Trustee asks the Court to approve.

## VIII. THE PROPOSED ORDER SHOULD NOT BE ENTERED.

41. Document 151-3: (a) uses both "Special Counsel" and "general retainer"; (b) authorizes employment "as of the date of the application" without specifying July 15 or July 24; (c) contains a conclusory no-adverse-interest finding without addressing ORAFI; (d) omits the 35%/40% terms and expenses; (e) does not define the Litigation Matters or exclusions; (f) contains no information-use, screening, or independent-review safeguards; (g) does not

reserve compensation review for preapproval work; and (h) does not preserve the District Court's authority over the announced Malak motion.

42. Judge Conway's procedures require a proposed order to accurately reflect the relief requested. The one-page proposed order does not. It should be rejected and replaced with a conformed order after supplementation and a hearing.

## IX. THE SERVICE RECORD SUPPORTS DEEMING THIS RENEWED OBJECTION TIMELY AND REQUIRING DIRECT SERVICE GOING FORWARD.

43. Local Bankruptcy Rule 9013-3 requires a certificate of service to identify the paper served, the names and addresses of all persons served, the entities represented, and when and how service was made, unless service occurred through the Court's electronic filing system. Document 151-4 identifies only Debtor's counsel and the Office of the United States Trustee. It does not show direct service on Bartels.

44. Bartels does not ask the Court to treat that omission as automatically fatal. He had actual notice and files this renewed objection on the date of the amendment. He requests that the objection be deemed timely and that the Trustee and Firms serve him directly with all future papers concerning employment, supplementation, compensation, discovery protocols, and any proposed order affecting him.

## X. IF EMPLOYMENT IS NOT DENIED, EXPRESS SAFEGUARDS ARE NECESSARY.

45. If the Court does not deny the Amended Application without prejudice, Bartels requests that any order include, at minimum, the following safeguards:

**a.** A precisely defined special-purpose scope identifying the claims or categories authorized and excluding general case administration and all ORAFI-related matters absent further order;

**b.** Independent conflicts counsel from the outset to review ORAFI's claim and transactions, determine whether ORAFI should be investigated, and decide whether and how ORAFI-derived information may be used;

**c.** A written staffing, file-separation, and information-use protocol identifying the attorneys and nonattorney personnel assigned to each representation and prohibiting voluntary disclosure of nonpublic Trustee-side information to ORAFI, Malak, Baker, or other private creditors absent consent, further order, or a legal duty to disclose;

**d.** No cross-use of Trustee-side information for ORAFI's private representation and no use of creditor-side information to select or prosecute estate targets except as specifically disclosed, independently reviewed, and authorized;

**e.** A statement that the employment order itself does not authorize a Rule 2004 examination, subpoena, deposition, document demand, or discovery against Bartels or any third party, and that each such request remains subject to separate process, notice, objections, privileges, confidentiality protections, and protective-order relief;

**f.** Advance notice to Bartels, to the extent legally permitted and not prohibited, before third-party subpoenas seek his personal bank, gaming, tax, communications, or current-business records;

**g.** No blanket retroactive approval; itemized review of every preapproval task and expense under the Third Circuit standard;

**h.** No automatic 40% contingency trigger merely because the Trustee enters an already-filed action, and no percentage fee on mixed estate/personal or noncash recoveries absent a disclosed allocation method and further approval;

**i.** Supplemental Rule 2014 disclosures before the Firms appear for the Trustee in Malak or any other pending action, and continuing supplementation as parties, counsel, and relationships become known;

**j.** A statement that the order makes no finding concerning claim ownership, liability, merits, standing in any other proceeding, substitution, intervention, referral, venue, jury-trial rights, consent to final bankruptcy adjudication, withdrawal of the reference, privilege, Fifth Amendment rights, or any future discovery dispute; and

**k.** Further Court approval before any material expansion of scope, change in compensation, waiver, information-use arrangement, or use of the Firms in a matter adverse to or materially affecting ORAFI.

## REQUEST FOR RELIEF

46. For these reasons, Bartels respectfully requests that the Court:

**a.** deem Document 148 renewed and supplemented as to Document 151;

**b.** grant Bartels limited leave to be heard under Rule 2018(a) concerning the disclosures, statutory basis, effective date, compensation, scope, information use, and conflict safeguards governing the proposed employment;

**c.** deny the Amended Application without prejudice or, alternatively, defer ruling and require a controlling engagement agreement, a current supplemental verified Rule 2014 statement, and a revised proposed order;

d. schedule an expedited hearing before approving the employment or compensation terms, and before treating the Firms' already-filed District Court work as authorized or compensable;

e. deny nunc pro tunc or other retroactive approval on the present record, without prejudice to a separately supported request identifying every preapproval task, date, professional, time entry, expense, legal necessity, benefit to the estate, and reason court approval was not obtained first;

**f.** decline to enter the proposed order at Document 151-3;

g. require a supplemental verified Rule 2014 statement addressing District Court Documents 20, 20-1, and 21 and Bankruptcy Document 152, all work performed and communications concerning the Malak action, all updated connections and conflict searches, and the source and use of information supporting those filings;

h. if employment is approved, impose the safeguards requested above, including independent threshold review and express limitations on cross-use of ORAFI-derived, Malak-derived, and Trustee-side information;

i. deem this renewed objection timely, require direct service on Bartels of future papers concerning the employment, and grant such other relief as the Court deems just and proper.

## RESERVATION AND NO ADMISSION

47. This limited filing concerns only the employment record and related procedural protections. It is not an answer to, or adjudication of, any actual or contemplated claim. Bartels expressly

preserves all defenses and objections, including jurisdiction, standing, claim ownership, pleading sufficiency, statutes of limitation and repose, causation, value, insolvency, damages, privilege, work product, confidentiality, Fifth Amendment, due process, jury trial, Article III adjudication, consent or nonconsent under 28 U.S.C. § 157(c), withdrawal of the reference under 28 U.S.C. § 157(d), appellate standing, stay relief, and every other available right.

Dated: July 24, 2026

Respectfully submitted,

/s/ Eric D. Bartels

**ERIC D. BARTELS, Pro Se**
Solely in His Individual Capacity
6 Dickinson Close
Moosic, PA 18507
570-479-7141
edb5020@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

| | |
|---|---|
| **In re:**<br><br>**LUXURY TIME GLOBAL, LLC,**<br><br>**Debtor.** | **Chapter 7**<br><br>**Case No. 5:25-bk-00912-MJC** |

## DECLARATION OF ERIC DAVID BARTELS

I, Eric David Bartels, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Objector. I make this declaration to authenticate the copies of the July 24, 2026 District Court filings attached as Exhibits A and B and to confirm when they were provided to me.
2. On July 24, 2026, counsel representing me in Malak v. Bartels provided me with copies of District Court Documents 20, 20-1, and 21, filed that same day.
3. Exhibits A and B are true and correct copies of those filings as they were provided to me.
4. This declaration does not admit any allegation, claim, transfer, liability, wrongdoing, damages, or other substantive matter, and I reserve all rights and defenses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2026.

/s/ Eric D. Bartels
**ERIC D. BARTELS**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

| | |
|---|---|
| **In re:**<br><br>**LUXURY TIME GLOBAL, LLC,**<br><br>**Debtor.** | **Chapter 7**<br><br>**Case No. 5:25-bk-00912-MJC** |

## CERTIFICATE OF SERVICE

I certify that on July 24, 2026, I served a true and correct copy of the foregoing Eric David Bartels' Renewed and Supplemental Limited Objection to Trustee's Amended Application to Employ Special Counsel (Doc. 151), Alternative Motion for Leave to Be Heard Under Fed. R. Bankr. P. 2018(a), Request for Expedited Hearing, and Reservation of Rights, together with the Declaration of Eric David Bartels, Exhibits A and B, the accompanying Proposed Order, and the Certificate of Use of Generative AI, by first-class United States mail, postage prepaid, and transmitted courtesy copies by electronic mail where an email address is listed below, upon the following:

**Jill E. Durkin, Esquire**
*Chapter 7 Trustee*
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419
Email: jilldurkinesq@gmail.com; jdurkin@jilldurkinlaw.com

**Beverly Weiss Manne, Esquire**
*Counsel for ORAFI, Inc.; Proposed Special Counsel to Trustee*
Tucker Arensberg, P.C.
One PPG Place, Suite 1500
Pittsburgh, PA 15222
Email: bmanne@tuckerlaw.com

**Kasey D. Bolton, Esquire**
*Counsel for ORAFI, Inc.; Proposed Special Counsel to Trustee*
Tucker Arensberg, P.C.
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011
Email: kbolton@tuckerlaw.com

**Justin J. Gendler, Esquire**
*Counsel for ORAFI, Inc.; Proposed Special Counsel to Trustee*
Gendler & Gendler, PLLC
P.O. Box 450135
Sunrise, FL 33345
Email: jgendler@gendlerlawyers.com

**ORAFI, Inc. d/b/a Timeless Jewelers**
*Creditor*

17616 Collins Avenue
Sunny Isles Beach, FL 33160
Email: Orafiinc@yahoo.com

**C. Stephen Gurdin, Jr., Esquire**
*Counsel for Debtor*
67-69 Public Square, Suite 501
Wilkes-Barre, PA 18701
Email: stephen@gurdinlaw.com

**Kenneth G. Lau, Esquire and Office of the United States Trustee**
*Counsel for the Office of the United States Trustee / United States Trustee*
Sylvia H. Rambo United States Courthouse
1501 N. 6th Street, Box 302
Harrisburg, PA 17102
Email: Kenneth.G.Lau@usdoj.gov; USTPRegion03.HA.ECF@usdoj.gov

Dated: July 24, 2026

/s/ Eric D. Bartels
**ERIC D. BARTELS, Pro Se**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

| | |
|---|---|
| **In re:**<br><br>**LUXURY TIME GLOBAL, LLC,**<br><br>**Debtor.** | **Chapter 7**<br><br>**Case No. 5:25-bk-00912-MJC** |

## CERTIFICATE OF USE OF GENERATIVE AI

Pursuant to Judge Mark J. Conway's published procedures concerning the use of generative artificial intelligence, I certify as follows:

1. The specific generative AI tool used was OpenAI's ChatGPT.

2. ChatGPT assisted with organization, initial drafting, editing, issue spotting, chronology, citation formatting, preparation of the Certificate of Service, and preparation of the accompanying Proposed Order.

3. Before filing, I personally reviewed the Objection, Exhibits A and B, Certificate of Service, and Proposed Order; compared factual statements against the cited docket filings and the attached communication; and checked the accuracy of all citations and legal authority.

I understand that I remain responsible for the accuracy of the filing and should not sign or file this certificate unless the foregoing statements are true.

Dated: July 24, 2026

/s/ Eric D. Bartels
**ERIC D. BARTELS, Pro Se**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE)**

| | |
|---|---|
| **In re:**<br><br>**LUXURY TIME GLOBAL, LLC,**<br><br>**Debtor.** | **Chapter 7**<br><br>**Case No. 5:25-bk-00912-MJC** |

## EXHIBIT A

District Court Document 20 and Proposed Order Document 20-1
Motion for Substitution of Real Party in Interest, Alternative Intervention, and Referral
Malak v. Bartels et al., No. 3:26-cv-01222-JKM

# EXHIBIT B

District Court Document 21
Brief in Support of Motion for Substitution, Alternative Intervention, and Referral
Malak v. Bartels et al., No. 3:26-cv-01222-JKM

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CASE NUMBER: 3:26-cv-01222-JKM

**PETER MALAK**

Plaintiff,

v.

**ERIC D. BARTELS**, **EMB TRADING LLC** dba **SUPERLATIVE WATCH CO.**, **CLAIRE BUTLER**, and **B&B LUXURY TRADING GROUP, LLC**

Defendants.
_______________________________________________/

**MOTION FOR SUBSTITUTION OF REAL PARTY IN INTEREST OR IN THE ALTERNATIVE TO INTERVENE, AND FOR REFERRAL OF CASE TO BANKRUPTCY COURT**

Jill E. Durkin (the "TRUSTEE"), as the Chapter 7 Trustee of the bankruptcy estate of LUXURY TIME GLOBAL, LLC, hereby submits this Motion for an order pursuant to Federal Rules of Civil Procedure 17 and 25, substituting the TRUSTEE for Peter Malak ("MALAK") as the real party in interest in this litigation, or in the alternative permitting the TRUSTEE to intervene, and in either instance then referring this matter to the Bankruptcy Court pursuant to the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016.

In support, the TRUSTEE states:

FACTS

1. This Action stems from a $1.1 million loan that MALAK issued to non-party Luxury Time Global, LLC (the "DEBTOR"), an entity that at all relevant times was controlled by Defendant Eric Bartels ("BARTELS"). Comp. ¶ 14.

2. The crux of MALAK's Complaint is that the DEBTOR was a mere alter ego of the named defendants. Comp. ¶¶ 40-48, 53-56, 59, 62-77.

3. MALAK therefore sues the named defendants, *inter alia,* as recipients of fraudulent transfers of the DEBTOR's assets. Comp. ¶¶ 107-114.

4. Prior to the filing of the MALAK Complaint, the DEBTOR had filed a petition for relief under Subchapter (V), Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy"). *See In re Luxury Time Global, LLC*, Case No. 5:25-BK-912-MJC.

5. The Bankruptcy was converted to a Chapter 7 case on August 22, 2025.

6. That same day, the TRUSTEE was appointed as the interim Chapter 7 Trustee charged with administering the Bankruptcy estate.

7. The 341 First Meeting of Creditors was initially held in October 2025, but was adjourned and/or continued several times until January 6, 2026. The Debtor appeared, and, because no other trustee was elected, the TRUSTEE became the Chapter 7 trustee in the Bankruptcy by operation of law. *See* Bankruptcy ECF 112; 11 U.S.C. 702(d).

8. MALAK is a creditor and has filed a proof of claim in the Bankruptcy.

9. Contemporaneously with the filing of this Motion, TRUSTEE has filed a Motion with the Bankruptcy Court to Enforce the Automatic Stay against MALAK.

10. The claims MALAK brings in this action rightfully belong to the Bankruptcy estate and can only be asserted by the TRUSTEE. No single creditor of the Estate has the right to enforce such causes of action.

11. Recovery by MALAK in this action would necessarily harm the rights of the Bankruptcy Estate and the interests of the creditors entitled to a distribution therefrom.

**12.** The real party in interest with the right to pursue the claims is the TRUSTEE.

## ARGUMENT

13. Because the TRUSTEE is the real party in interest, only she may maintain the actions MALAK has brought here. The TRUSTEE is therefore the real party in interest in this litigation, and the Court should grant this Motion to substitute her as Plaintiff here.

14. The Court should then refer this Action to the Bankruptcy Court in accordance with the Amended Order of Reference In Bankruptcy Matters, Standing Order No. 16-3.

15. Federal Rule of Civil Procedure Rule 25(c) allows the court, on motion, to substitute a trustee for a party where the trustee is the proper party in interest. Per Rule 17(a) the trustee in bankruptcy is permitted to be substituted as the named plaintiff." Where, as here, the claim is property of the Bankruptcy Estate, the trustee is the party appropriately authorized to bring a claim.

### I. MALAK'S ASSERTED CLAIMS BELONG TO THE BANKRUPTCY ESTATE.

16. A pre-petition cause of action generally becomes property of the Chapter 7 bankruptcy estate. The definition of property of the estate is very broad and includes "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

17. Prepetition causes of action are property of the estate and in a chapter 7 bankruptcy case only the chapter 7 trustee is the real party in interest to pursue prepetition causes of action.

18. Fraudulent conveyance claims, preferences, alter ego and successor liability claims are general claims and are property of the estate. The Bankruptcy Code provides that core proceedings include "proceedings to determine, avoid, or recover fraudulent conveyances." 28 U.S.C. § 157(b)(2)(H).

19. Once a bankruptcy is filed, creditors cannot pursue general claims in another court for their own benefit. Instead, these claims are property of the estate and must be pursued by the estate's representative, which is the trustee in Chapter 7 bankruptcy cases.

20. The relevant inquiry analyzes both timing and particularity. A claim is within the "exclusive province of the trustee" rather than a creditor if (1) the cause of action existed at the time of the debtor's bankruptcy filing, and (2) the claim can be said to be "general" to the estate rather than "personal" to a specific creditor. *See In re Wilton Armetale, Inc.*, 968 F.3d 273, 282 (3d Cir. 2020).

21. Here, MALAK's theory of liability is essentially that the DEBTOR, while insolvent, dissipated millions of dollars that would otherwise be available for the repayment of his loans to instead support BARTELS's lifestyle, personal expenses, and gambling habits. Comp. ¶¶ 20-39. MALAK further alleges that BARTELS controlled and operated other entities as alter egos through which he "improperly and fraudulently diverted" the DEBTOR's funds for his own use. *Id.* at ¶¶ 41, 56, 59-92. MALAK largely relies on the Bankruptcy proceedings to establish the facts in his Complaint – appending the U.S. Trustee's Motion for Conversion or Dismissal as Exhibit "A," the Bankruptcy Auditor's declaration as Exhibit "B," and setting forth dozens of factual allegations discussing the DEBTOR's Bankruptcy. Comp. ¶¶ 20 - 61.

22. But the misappropriation and diversion of the DEBTOR'S funds affects all creditors: not just MALAK; and MALAK's claim is therefore one that belongs to the estate and within the TRUSTEE's exclusive purview. See *In re Wilton Armetale*, 968 F.3d 273 at 277–78 ["As a company nears insolvency, some may plunder the sinking ship. By depleting its remaining assets, they lower the odds that the company will repay its creditors. That risk of loss gives the creditors constitutional standing to sue the plunderers. If the company declares bankruptcy, though,

creditors may lose the statutory authority to pursue those claims. **Under the Bankruptcy Code, a trustee manages the company's estate, including those creditors' asset-plundering claims. The Code thus shifts the statutory authority to pursue those claims from the creditors to the trustee, unless the trustee relinquishes it."**] emphasis added.

23. Because the TRUSTEE is the proper party to assert the claims MALAK raises in his Complaint, the Court should grant this Motion to substitute the TRUSTEE as plaintiff.

## II. THE TRUSTEE HAS NOT ABANDONED THESE CLAIMS.

24. A trustee abandons a claim otherwise available to the estate only where evidence of abandonment is "clear and unequivocal."

25. The Bankruptcy Code explicitly dictates when a bankruptcy trustee may be deemed to have abandoned property that is otherwise available to the estate and thereon 11 U.S.C.A. §554 provides in part:

> (d) **Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.**

(emphasis added).

26. No abandonment pleading or motion has been filed by the TRUSTEE in the Bankruptcy and there is no evidence of the TRUSTEE'S intent to abandon the claims brought by MALAK.

27. Indeed, the Trustee has moved to employ special counsel who will represent the Trustee in any future avoidance and/or diversion actions.

28. Because the claims continue to belong to the TRUSTEE, the Court should substitute the TRUSTEE as the proper party in interest in this litigation.

## III. IN THE ALTERNATIVE, THE TRUSTEE HAS A RIGHT TO INTERVENE AS A MATTER OF RIGHT.

29. Alternatively, the Trustee should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24, and the Trustee is entitled to intervene as "of right" under Federal Rule of Civil Procedure 24(a)(2)[1].

30. Federal Rule of Civil Procedure 24(a)(2) requires a court to grant intervention to a movant who establishes four elements: (i) "a timely application" to intervene; (ii) "a sufficient interest in the litigation"; (iii) "a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action"; and (iv) "inadequate representation of the prospective intervenor's interest by existing parties to the litigation."

31. This Motion to Intervene is timely. The Trustee's intervention request is neither delayed nor prejudicial to the parties and no party will be prejudiced by the Trustee's intervention at this very early stage of the case, and intervention will not cause any delay or disruption to the case schedule.

32. The Trustee has a sufficient interest in this action because the causes of action are property of the Estate. As set forth above, the law is clear that the Trustee in a bankruptcy case has the right to bring such actions because fraudulent convenance claims, preferences, diversion and successor liability claims are general claims and are property of the estate. The Trustee is the proper representative o of the Estate to pursue these claims.

33. There is a threat that the Trustee's separate interests will be impaired or affected by the disposition of this action. Here a MALAK recovery for fraudulent transfers and diversions would certainly dissipate and impair the Trustee's rights to recover for the same or similar claims.

---

[1] The Trustee most certainly satisfies the liberal requirements for "permissive intervention" under Federal Rule of Civil Procedure 24(b)(1)(B).

34. The Trustee's interests in this dispute are not adequately represented by the existing parties. This element requires only a "minimal" showing that the existing parties' representation "may be" inadequate. Here MALAK is interested in protecting his claims and not the claims of all creditors of the Debtor. The Trustee is the entity that can and MUST protect all creditors of the Debtor's estate and that would include MALAK who is a claimant in the Bankruptcy Case.

35. Because each of Rule 24(a)(2)'s requirements are satisfied, the Trustee is entitled to intervene as of right.

## IV. <u>THIS CASE SHOULD BE REFERRED TO THE BANKRUPTCY COURT.</u>

36. This Court's Standing Order No. 16-3 provides:

> … as provided in 28 U.S.C. § 157(a), any and all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district, If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge in a particular core proceeding as described in 28 U.S.C. § 157(b)(2) would not be consistent with Article III of the United States Constitution, the bankruptcy judge shall, unless the parties consent to the entry of a final order or judgment by the bankruptcy judge or the district court orders otherwise, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court, The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution. In non-core cases that are otherwise related to a bankruptcy case, except as otherwise provided in 28 U.S.C. § 157, a bankruptcy judge may enter final orders and judgments if the parties consent. If the parties do not consent to a bankruptcy judge entering final orders or judgments, unless otherwise ordered by the district court, the bankruptcy judge shall hear the proceeding and submit proposed findings of fact and conclusions of law to the district court.

37. The Bankruptcy Court routinely hears fraudulent transfer and alter ego claims and the Bankruptcy Courts have jurisdiction over such matters pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016.

38. The Bankruptcy Code clearly controls actions such as this and the plain language of §548(a)(1) states, in material part:

> (a)(1) The trustee may avoid any transfer ... of an interest of the debtor in property, or any obligation ... incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition...

39. The claims asserted are CORE proceedings under 28 U.S.C. §157 and are property of the Estate.

40. It is appropriate to refer this case to the Bankruptcy Court for adjudication.

## CONCLUSION

The causes of action before the Court in this case belong to the Bankruptcy Estate and therefore must be asserted by the TRUSTEE, not by MALAK individually. The causes of action are core proceedings under 28 U.S.C. § 157(b)(2)(H) and the TRUSTEE has not abandoned those claims and intends to prosecute them accordingly. This Motion should therefore be granted.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that this Motion be granted and that the Court enter an order: (i) substituting the TRUSTEE as the real party in interest in place of PETER MALAK, or alternatively authorizing the TRUSTEE to intervene, (ii) directing the Clerk of Court to amend the docket to reflect the substitution, and (iii) referring this Action to the Bankruptcy Court pursuant to the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016.

Dated: July 24, 2025

Respectfully Submitted,

*<u>/s/ Beverly Weiss Manne</u>*
Beverly Weiss Manne, Esq.
PA ID No. 34545
**TUCKER ARENSBERG, P.C.**
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-594-5525
Email: bmanne@tuckerlaw.com

Kasey D. Bolton, Esq.
PA I.D. No. 321169
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011
Phone: 717- 234-4121
Email: kbolton@tuckerlaw.com

COUNSEL TO JILL E. DURKIN, CHAPTER 7 TRUSTEE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CASE NUMBER: 3:26-cv-01222-JKM

**PETER MALAK**

Plaintiff,

v.

**ERIC D. BARTELS**, **EMB TRADING LLC** dba **SUPERLATIVE WATCH CO.**, **CLAIRE BUTLER**, and **B&B LUXURY TRADING GROUP, LLC**

Defendants.
_____________________________________________/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to COUNSEL FOR PLAINTIFF and DEFENDANTS:

Geff Blake
Blake & Walsh, LLC
436 Jefferson Avenue
Scranton, PA 18510
Email: Gblake@blakewalshlaw.Com

Counsel for Plaintiff

Paul George Batyko , III
Batyko Law LLC
4113 Birney Avenue
Moosic, PA 18507
Email: Pbatyko@batykolaw.Com

Counsel for Defendants

Date: July 24, 2026

*/s/ Beverly Weiss Manne*
Beverly Weiss Manne, Esq.
PA ID No. 34545
**TUCKER ARENSBERG, P.C.**
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-594-5525
Email: bmanne@tuckerlaw.com

**CERTIFICATE OF CONSCURRENCE / NON-CONCURRENCE**

I hereby certify that, in compliance with Local Rule 7.1 Counsel for the Trustee sought concurrence in the Motion from counsel for Plaintiff and Defendant and concurrence was

______ Given
x______Denied

Dated: July 24, 2025

Respectfully Submitted,

*/s/ Beverly Weiss Manne*
Beverly Weiss Manne, Esq.
PA ID No. 34545
**TUCKER ARENSBERG, P.C.**
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-594-5525
Email: bmanne@tuckerlaw.com

Kasey D. Bolton, Esq.
PA I.D. No. 321169
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011
Phone: 717- 234-4121
Email: kbolton@tuckerlaw.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CASE NUMBER: 3:26-cv-01222-JKM

**PETER MALAK**

Plaintiff,

v.

**ERIC D. BARTELS**, **EMB TRADING LLC** dba **SUPERLATIVE WATCH CO.**, **CLAIRE BUTLER**, and **B&B LUXURY TRADING GROUP, LLC**

Defendants.
____________________________________________/

**ORDER GRANTING MOTION FOR SUBSTITUTION OF REAL PARTY IN INTEREST REFERRING CASE TO BANKRUPTCY COURT**

This ________ day of July, 2025, upon the Motion of JILL E. DURKIN, CHAPTER 7 TRUSTEE, seeking to substitute herself as Plaintiff and for referral of this Action to the Bankruptcy Court pursuant to the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016, it is hereby ORDERED, ADJUDGED and DECREED that the Motion is GRANTED, and Jill E. Durkin, Chapter 7 Trustee is substituted as Plaintiff in this Action, and it is

FURTHER, ORDERED, ADJUDGED and DECREED that this Action is referred to the United States Bankruptcy Court for the Middle District of Pennsylvania, Wilkes Barre division for all further adjudications and proceedings.

________________________________, J.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**PETER MALAK** CASE NUMBER: 3:26-cv-01222-JKM

Plaintiff,

v.

**ERIC D. BARTELS**, **EMB TRADING LLC** dba **SUPERLATIVE WATCH CO.**, **CLAIRE BUTLER**, and **B&B LUXURY TRADING GROUP, LLC**

Defendants. /

**BRIEF IN SUPPORT OF CHAPTER 7 TRUSTE'S MOTION FOR SUBSTITUTION OF REAL PARTY IN INTEREST AND REFERRAL OF CASE TO BANKRUPTCY COURT OR, IN THE ALTERNATIVE, MOTION TO INTERVENE**

Jill E. Durkin (the "Trustee"), as the Chapter 7 Trustee of the bankruptcy estate of LUXURY TIME GLOBAL, LLC, by her undersigned counsel, files this Brief in Support of Her Motion for Substitution of Real Party in Interest and Referral of Case to Bankruptcy Court (the "Motion") pursuant to Federal Rules of Civil Procedure 17 and 25, substituting the Trustee for named Plaintiff Peter Malak ("Malak") as the real party in interest in this litigation and referral of this case to the United States Bankruptcy Court for the Middle District of Pennsylvania. In the event the Court declines to substitute the Trustee, Trustee should be permitted to intervene AND this matter should be stayed as it violates the Bankruptcy Code Automatic Stay.

FACTS

Jill E. Durkin is the Chapter 7 Trustee in the Bankruptcy case of Luxury Time Global, LLC (the "DEBTOR") pending in the United States Bankruptcy Court for the Middle District of Pennsylvania.

The Action brought by Malak stems from*, inter alia,* a $1.1 million loan that Malak issued to non-party entity that at all relevant times was controlled by Defendant Eric Bartels ("Bartels"). Comp. ¶ 14.

The crux of Malak's Complaint is that the Debtor was a mere alter ego of the named defendants. Comp. ¶¶ 40-48, 53-56, 59, 62-77. Malak sued the named defendants, *inter alia,* as recipients of fraudulent transfers of the Debtor's assets. Comp. ¶¶ 107-114.

The Bankruptcy Proceedings.

Prior to the filing of the Malak Complaint, in May 2025, the Debtor had filed a petition for relief under Subchapter (V), Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy") at *In re Luxury Time Global, LLC*, Case No. 5:25-BK-912-MJC.

The Office of the United States Trustee conducted an audit and determined that numerous questionable and potentially voidable transactions had occurred when Bartel's used Debtor's funds for gambling and also engaged in other improper transfers of the Debtor's funds.

The US Trustee filed motions to dismiss or convert the Chapter 11 case, and the Bankruptcy was converted to a Chapter 7 case on August 22, 2025.

That same day, the Trustee was appointed as the interim Chapter 7 Trustee charged with administering the Bankruptcy estate. In October 2025, the 341 First Meeting of Creditors was initially held but was adjourned and or continued several times until January 6, 2026 at which time Debtor appeared (Bankruptcy ECF 112). No trustee was elected and by operation of law, Trustee Durkin became the Trustee in the proceeding. 11 U.S.C. 702(d).

The claims Malak brings in this action rightfully belong to the Bankruptcy estate. Malak is a creditor in the Bankruptcy and has filed a proof of claim in the Bankruptcy.

The Trustee has contemporaneously filed with the Bankruptcy Court a Motion to Enforce the Automatic Stay against Malak because this Action violates that Automatic Stay under 11 U.S.C. 362 because of Malak's actions to exercise control over assets of the Bankruptcy estate.

The causes of action set out in the Complaint belong to the Bankruptcy Estate to be pursued by the Trustee, and no single creditor of the Estate has the right to enforce such causes of action. Indeed, recovery by Malak in this action would necessarily harm the rights of the Bankruptcy estate and the interests of the creditors entitled to a distribution therefrom.

The real party in interest with the right to pursue the claims is the Trustee. Additionally, since the causes of action would constitute "core" or "related" proceedings under the Bankruptcy Code, this Court should refer the case to the Bankruptcy Court under in accordance with the Amended Order of Reference In Bankruptcy Matters, Standing Order No. 16-3.

**ARGUMENT**

This Court should substitute the Trustee as Plaintiff as she is the real party in interest and only she may bring the actions that Malak is trying to pursue here. The Court should then refer this Action to the Bankruptcy Court. In the alternative, that the Chapter 7 Trustee be permitted in intervene in this matter pursuant to Fed. R. Civ. P. 24, and the Court should then refer this Case to the Bankruptcy Court.

Federal Rule of Civil Procedure 25(c) allows the court, on motion, to substitute a trustee for a party where the trustee is the proper party in interest. *Killmeyer v. Oglebay Norton Co.*, 817 F. Supp. 2d 681, 689 (W.D. Pa. 2011). And Rule 17(a) "permits the trustee in bankruptcy to be substituted as the named plaintiff." *Saellam* 2007 WL 1653737, at *4. To determine whether the trustee is the party appropriately authorized to bring a claim, the court must determine if that claim is property of the estate. *See In re Wilton Armetale, Inc.,* 968 F.3d 273, 282 (the inquiry

"start[s] with whether the [] claims . . . became property of the estate. If they did, then only the bankruptcy trustee has the statutory authority to bring them unless abandoned.")

Pursuant to Fed. R. Civ. P. 25(c), "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." The Chapter 7 Trustee is the real party-in-interest and should therefore be substituted for Malak in this case.

In the alternative, the Chapter 7 Trustee requests leave to intervene in this matter. Federal Rule of Civil Procedure 24(a) establishes the requirements for intervention as of right. The Rule provides in relevant part:

> On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

## I. <u>MALAK'S ASSERTED CLAIMS BELONG TO THE BANKRUPTCY ESTATE.</u>

A pre-petition cause of action generally becomes property of the Chapter 7 bankruptcy estate. *Saellam v. Norfolk S. Corp.*, No. CIV.A.06-123, 2007 WL 1653737, at *3 (W.D. Pa. June 6, 2007); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204 (1983) (estate property is construed broadly); *Killmeyer*, 817 F. Supp. at 689 (pre-petition cause of action becomes estate property); 11 U.S.C.A. § 541(a)(1) (estate includes "all legal and equitable interests of the debtor [] as of the commencement of the case."; *Killmeyer*, 817 F. Supp. at 689; *Saellam* 2007 WL 1653737, at *3 ("[o]nly the chapter 7 trustee is the real party in interest to pursue prepetition causes of action.").

Fraudulent conveyance claims, preferences and successor liability claims are general claims and are property of the estate. *See e.g., In re PA Co-Man, Inc.,* 644 B.R. 553, 633 (Bankr. W.D. Pa. 2022). Indeed, the Bankruptcy Code provides that core proceedings include "proceedings to determine, avoid, or recover fraudulent conveyances." 28 U.S.C. § 157(b)(2)(H).

"When a debtor declares bankruptcy, most of its property gets transferred to its estate. 11 U.S.C. § 541. The estate encompasses 'all kinds of property, including . . . causes of action.' *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc*., 296 F.3d 164, 169 (3d Cir. 2002) (quoting *United States v. Whiting Pools, Inc*., 462 U.S. 198, 205 n.9, 103 S. Ct. 2309, 76 L. Ed. 2d 515 (1983)); see 11 U.S.C. § 541(a)(1). 'A cause of action [becomes] property of the estate if the claim existed at the commencement of the [bankruptcy] filing and the debtor could have asserted the claim on his own behalf under state law.' *Foodtown*, 296 F.3d at 169 n.5. A court-appointed bankruptcy trustee manages the estate's property, including those causes of action. The trustee 'is the representative of the estate' with the 'capacity to sue and be sued' on its behalf. 11 U.S.C. § 323(a), (b). So once a cause of action becomes the estate's property, the Bankruptcy Code gives the trustee, and only the trustee, the statutory authority to pursue it." *See also In re Emoral, Inc.,* 740 F.3d 875, 879 (3d Cir. 2014) [Once a bankruptcy is filed, creditors cannot pursue general claims in state court for their own benefit. Instead, these claims are property of the estate and must be pursued by the appropriate estate representative.] A*ccord In re Stinson,* 221 B.R. 726, 731 (Bankr. E.D. Mich. 1998) ["Once a trustee is appointed in a bankruptcy case, the trustee, not the debtor or the debtor's principal, has the capacity to represent the estate and to sue and be sued under 11 U.S.C. §§ 323(a) and (b)."]. *See also In re Squire,* 282 Fed. Appx. 413, 415 (6th Cir. 2008).

The relevant inquiry analyzes both timing and particularity. *See In re Wilton Armetale, Inc.*, 968 F.3d 273, 282 (3d Cir. 2020). A claim is within the "exclusive province of the trustee" rather than a creditor if (1) the cause of action existed at the time of the debtor's bankruptcy filing, and (2) the claim can be said to be "general" to the estate rather than "personal" to a specific creditor. *Id.*

Here, liability of the Defendants is predicated on the fact that there were transfers from the Debtor, which while insolvent, dissipated millions of dollars that would otherwise be available for the repayment of his loans to instead support Bartels's lifestyle, personal expenses, and gambling habits. Comp. ¶¶ 20-39. Malak further alleges that Bartels controlled and operated other entities as alter egos through which he "improperly and fraudulently diverted" the Debtor's funds for his own use. *Id.* at ¶¶ 41, 56, 59-92. Malak largely relies on the Bankruptcy proceedings to establish the facts in his Complaint – appending the U.S. Trustee's Motion for Conversion or Dismissal as Exhibit "A," the Bankruptcy Auditor's declaration as Exhibit "B," and setting forth dozens of factual allegations discussing the Debtor's Bankruptcy. Comp. ¶¶ 20 - 61.

But the misappropriation and diversion of the Debtor's funds affects all creditors: not just Malak; and Malak's claim is therefore one that belongs to the estate and within the Trustee's exclusive purview. See *In re Wilton Armetale*, 968 F.3d 273 at 277–78 ["As a company nears insolvency, some may plunder the sinking ship. By depleting its remaining assets, they lower the odds that the company will repay its creditors. That risk of loss gives the creditors constitutional standing to sue the plunderers. If the company declares bankruptcy, though, creditors may lose the statutory authority to pursue those claims.

Because under the Bankruptcy Code, a trustee manages the debtor's estate, including 'creditor asset-plundering claims', the statutory authority to pursue creditors for such claims

belongs to the trustee, unless the trustee relinquishes it. Here, the Trustee is the proper party to assert the claims raised in the Complaint, and the Court should grant this Motion.

## II. THE TRUSTEE HAS NOT ABANDONED THESE CLAIMS.

A trustee abandons a claim otherwise available to the estate only where evidence of abandonment is "clear and unequivocal." *In re Wilton Armetale*, 968 F.3d 273 at 284; *O'Dowd v. Trueger (In re O'Dowd)*, 233 F.3d 197, 200 n.3 (3d Cir. 2000); *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 123 (2d Cir. 2008).

The Bankruptcy Code explicitly dictates when a bankruptcy trustee may be deemed to have abandoned property that is otherwise available to the estate and thereon.

The Bankruptcy Code, §554 provides, in part:

> (d) **Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.**

(emphasis added).

No abandonment pleading or motion has been filed by the Trustee in the Bankruptcy and there is no evidence of the Trustee's intent to abandon the claims brought by Malak. Indeed, the Trustee has moved to employ special counsel who will represent the Trustee in avoidance and diversion action.

Because the claims continue to belong to the Trustee, the Court should substitute the Trustee in as the proper party in interest in this litigation.

## III. IF THE TRUSTEE IS NOT SUBSTITUTED AS PLAINTIFF, THE TRUSTEE HAS A RIGHT TO INTERVENE AS A MATTER OF RIGHT.

Alternatively, the Trustee should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24, which "demands flexibility" to account for "the myriad situations in which claims for intervention arise." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998).

First, the Trustee is entitled to intervene as "of right" under Federal Rule of Civil Procedure 24(a)(2)[1].

Federal Rule of Civil Procedure 24(a)(2) requires a court to grant intervention to a movant who establishes four elements: (i) "a timely application" to intervene; (ii) "a sufficient interest in the litigation"; (iii) "a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action"; and (iv) "inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler*, 157 F.3d at 969. The Trustee satisfies each of these requirements.

***First***, the Motion to Intervene is timely. Timeliness is a flexible concept that is assessed based on "all the circumstances" of a case, including: (i) "the stage of the proceeding"; (ii) "the prejudice that delay may cause the parties"; and (iii) "the reason for the delay." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995) (citations omitted). Because "the stage of the proceeding is inherently tied to the question" of prejudice, the "critical inquiry is: what proceedings of substance on the merits have occurred?" *Id.* at 369-70 Here, the Trustee's intervention request is neither delayed nor prejudicial to the parties and no party will be prejudiced by the Trustee's intervention at this very early stage of the case, and intervention will not cause any delay or disruption to the case schedule. *See Mountain Top,* 72 F.3d 369-370 (holding intervention timely four years after complaint was filed, where only minimal written discovery had been taken and no substantive rulings had been made).

***Second***, the Trustee has a sufficient interest in this action because she has "an interest relating to the property or transaction which is the subject of the action." *Id.* at 366. The causes of action are property of the Estate. As set forth above, the law is clear that the Trustee in a

[1] The Trustee most certainly satisfies the liberal requirements for "permissive intervention" under Federal Rule of Civil Procedure 24(b)(1)(B).

bankruptcy case has the right to bring such actions because fraudulent conveyance claims, preferences and successor liability claims are general claims and are property of the estate. *In re PA Co-Man, Inc.,* 644 B.R. at 633. The Trustee is the proper representative of the Estate to pursue these claims. *In re Emoral, Inc., supra,* 740 F.3d at 79.

***Third***, there is a threat that these two separate interests will be impaired or affected by the disposition of this action. Indeed, "an applicant has a sufficient interest to intervene . . . where the contractual rights of the applicant may be affected by a . . . remedy." *F.T.C. v. Am. Idea Mgmt. Corp.*, 1992 WL 313823, at *2 (W.D. Pa. Aug. 20, 1992) (alterations in original) (quoting *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987)). That is plainly the case here, where the recoveries from these parties for fraudulent transfers and diversions would certainly dissipate and impair the Trustee's rights to recover for the same or similar claims.

***Fourth***, the Trustee's interests in this dispute are not adequately represented by the existing parties, an element that requires only a "minimal" showing that the existing parties' representation "may be" inadequate. *Mountain Top*, 72 F.3d at 368 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Here Malak is interested in protecting his claims and not the claims of all creditors of the Debtor. The Trustee is the entity that can and MUST protect all creditors of the Debtor's estate and that would include Malak.

Accordingly, because each of Rule 24(a)(2)'s requirements are satisfied, the Trustee is entitled to intervene as of right.

## III. THIS CASE SHOULD BE REFERRED TO THE BANKRUPTCY COURT.

This Court's Standing Order No. 16-3 provides:

> … as provided in 28 U.S.C. § 157(a), any and all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district, If a bankruptcy judge or district judge determines that entry of a final order or

> judgment by a bankruptcy judge in a particular core proceeding as described in 28 U.S.C. § 157(b)(2) would not be consistent with Article III of the United States Constitution, the bankruptcy judge shall, unless the parties consent to the entry of a final order or judgment by the bankruptcy judge or the district court orders otherwise, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court, The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution. In non-core cases that are otherwise related to a bankruptcy case, except as otherwise provided in 28 U.S.C. § 157, a bankruptcy judge may enter final orders and judgments if the parties consent. If the parties do not consent to a bankruptcy judge entering final orders or judgments, unless otherwise ordered by the district court, the bankruptcy judge shall hear the proceeding and submit proposed findings of fact and conclusions of law to the district court.

Whether the Court permits the Trustee to be substituted as the Plaintiff or permits the Trustee to intervene, this case must be referred to the Bankruptcy Court.

The Bankruptcy Court routinely hears fraudulent transfer and alter ego claims and the Bankruptcy Courts have jurisdiction over such matters pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016.

The Bankruptcy Code clearly controls actions such as this and the plain language of §548(a)(1) states "the *trustee* may avoid any transfer..." (emphasis added). It provides in material part:

> (a)(1) The trustee may avoid any transfer ... of an interest of the debtor in property, or any obligation ... incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition...

11 U.S.C. §548(a)(1).

The Court should refer this case to the Bankruptcy Court for adjudication.

Case 3:26-cv-02620-KM Document 6-13 Filed 10/16/26 Page 38 of 39

CONCLUSION

This Trustee's Motion should be granted. The causes of action alleged by Malak in this case belong to the Bankruptcy Estate and therefore must be asserted by the Trustee, not by Malak individually. The causes of action are core proceedings under 28 U.S.C. § 157(b)(2)(H) and the Trustee has not abandoned those claims and intends to prosecute them accordingly. Alternatively, the Trustee must be permitted to intervene in this case as she has demonstrated that all the elements for intervention are satisfied. In either event, the Court should refer this Action to the Bankruptcy Court pursuant to Amended Order of Reference In Bankruptcy Matters, Standing Order No. 16-3 of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016.

Dated: July 24, 2025

Respectfully Submitted,

*/s/ Beverly Weiss Manne*

Beverly Weiss Manne, Esq.
PA ID No. 34545
**TUCKER ARENSBERG, P.C.**
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-594-5525
Email: bmanne@tuckerlaw.com

Kasey D. Bolton, Esq.
PA I.D. No. 321169
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011
Phone: 717- 234-4121
Email: kbolton@tuckerlaw.com

COUNSEL TO JILL E. DURKIN, CHAPTER 7 TRUSTEE

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel for Plaintiff and Defendant in this action:

Geff Blake
Blake & Walsh, LLC
436 Jefferson Avenue
Scranton, PA 18510
Email:Gblake@blakewalshlaw.Com

Counsel for Plaintiff

Paul George Batyko , III
Batyko Law LLC
4113 Birney Avenue
Moosic, PA 18507
Email:Pbatyko@batykolaw.Com

Counsel for Defendants

Dated: July 24, 2026

*/s/ Beverly Weiss Manne*
Beverly Weiss Manne, Esq.
PA ID No. 34545
**TUCKER ARENSBERG, P.C.**
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-594-5525
Email: bmanne@tuckerlaw.com