**DAVID J. HARRIS, ESQUIRE**
**Counsel to Peter Malak**
**PA S. Ct. No.: 48558**
**FL Bar No.: 0451207**

**67-69 Public Square, Suite 700**
**Wilkes-Barre, PA 18701**
**Telephone: (570) 823-9400**
**Facsimile: (570) 208-1400**
**E-Mail: dh@lawofficeofdavidharris.com**

---

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LUXURY TIME GLOBAL, LLC, | : | Chapter 11 |
| | : | Case No.: 05:25-bk-00912-MJC |
| | : | |
| Debtor | : | |

---

## OBJECTION OF PETER MALAK TO THE MOTION OF TRUSTEE JILL E. DURKIN TO ENFORCE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(a)(3)

---

**COMES NOW**, the Plaintiff, PETER MALAK, by and through his counsel, David J. Harris, Esquire, who brings this Objection to the Motion of Trustee Jill E. Durkin to Enforce the Automatic Stay ("Trustee's Motion"), as follows:

## PRELIMINARY STATEMENT
## NARRATIVE IN RESPONSE TO TRUSTEE'S MOTION

Jill E. Durkin (the "Trustee") is the trustee in the bankruptcy case of Luxury Time Global, LLC, a case that was originally filed as a small business Chapter 11 on April 2, 2025 and converted to one under Chapter 7 on August 22, 2025.

Peter Malak ("Malak") is a creditor in the bankruptcy case, who filed a Proof of Claim on July 12, 2025.

The Debtor, Luxury Time Global, LLC (the "Debtor") is a limited liability company that is solely owned by Eric D. Bartels ("Bartels").

On May 6, 2026, more than one year after the bankruptcy filing, Malak filed a complaint in the United States District Court for the Middle District of Pennsylvania against Bartels and Claire Butler ("Butler"), and various entities owned or controlled in whole or in part by them ("Malak's Action"). (No. 3:26-cv-1222.) *The action was not instituted against the Debtor*.

The purpose of Malak's Action was to seek recourse against Bartels and Butler and their controlled entities resulting from Bartels' bad acts and not against the Debtor, nor was it an action that sought recourse against the assets of the Debtor's bankruptcy estate.

On February 25, 2026, Omar Baker ("Baker"), another creditor of the Debtor, filed an Amended Motion for Relief from the Automatic Stay to enable Baker to prosecute claims in another forum similar to those in the Malak Action (the "Baker Motion"). See, Doc. 129.

After *the Trustee declined to object* to the Baker Motion, this Court entered an Order on March 19, 2026, granting Baker relief from the stay to pursue, in another forum, the claims asserted in his companion adversary proceeding against Bartels in this bankruptcy case (Adv. Proc. 5:25-ap-00065). The Court's Order: (a) authorized Baker to proceed for the limited purpose of "establishing claims against Eric Bartlels, a non-debtor, including claims for fraud, Unfair Trade Practices and Consumer Protection, Laws, breach of contract, theft/civil conversion and piercing the corporate veil, among other claims"; and (b) "expressly prohibited [Baker] from enforcing any judgment, award or claim again the Debtor or property of the bankruptcy estate absent further order of this Court." *See*, Doc 131. (The Court's Order of March 19, 2026 is attached to this Objection as Exhibit "A.")

On July 24, 2026, the Trustee filed the Trustee's Motion seeking: (a) to enforce the automatic stay and enjoin Malak from continuing his action in Federal District Court against Bartels, Butler and their non-debtor entities; and (b) to allow the Trustee to be substituted as

plaintiff in that action without any reimbursement to Malak for having instituted the action. Moreover, in filing the Trustee's Motion, nowhere does she identify any facts that could distinguish the facts and relief sought in the Baker Motion (to which she has concurred) and the facts and relief that Malak seeks in his District Court action.

Since the Trustee had no issue permitting Baker to pursue claims against Bartels and non-estate assets, there should be no reason why the Trustee should object with Malak's doing so, subject to the same limitations set forth in this Court's order of March 19, 2026 issued with respect to Baker.

To prevent Malak from pursuing the Malak Action in District Court will be extremely prejudicial to him, as Malak will be prohibited from pursuing a claim against Bartels, Butler and their non-debtor-controlled entities and assets that are determined not to be estate assets. Further, *in the three months that have passed since the filing of Malak's Action without an objection from the Trustee*, Malak has incurred significant costs, solely in pursuit of relief to which is entitled to (*viz*., a claim against non-debtors to recoup non-estate assets).

By contrast, Malak's continuing action in District Court *can only benefit the bankruptcy estate* – if Malak locates or recoups assets that are determined to be assets of the bankruptcy estate, he will turnover those assets to the estate. Even if the Court were to allow the Trustee to intervene in the District Court case without displacing Malak, the estate would benefit by both the Trustee's efforts and Malak's efforts while preserving Malak's right to pursue claims and recoveries that do not involve property of the estate and to which the Trustee has no claim.

It is axiomatic that there is no legal basis to accord the Trustee the right to pursue a claim against Bartels, Butler and their non-debtor entities to recoup assets that are determined not to be estate assets. Why then should Malak not be able to engage in such pursuit.

## RESPONSIVE PLEADING TO THE AVERMENTS IN THE TRUSTEE'S MOTION

## JURISDICTION

1-2. DENIED. Movant's averments are conclusions of law to which no responsive pleading is required and therefore, such averments are deemed denied.

## BACKGROUND

3-9. ADMITTED.

## THE MALAK DISTRICT COURT LITIGATION

10. ADMITTED.

11. DENIED. The averments in the Complaint filed in Malak's Action speak for themselves. By way of further answer, the crux of Malak's Action is to seek recourse against Bartels, Butler, and certain non-debtor entities as a result of Bartels bad acts, and not to seek recourse against the Debtor or assets of the Debtor's estate.

12. ADMITTED. By way of further answer, the crux of Malak's Action is to seek recourse against Bartels, Butler, and certain non-debtor entities as a result of Bartels bad acts, and not to seek recourse against the Debtor or assets of the Debtor's estate.

13. ADMITTED.

## ARGUMENT

14.-18. DENIED. Movant's averments are conclusions of law to which no responsive pleading is required and therefore, such averments are deemed denied.

19. DENIED AS STATED. The averments of Malak's Complaint speak for themselves. By way of further answer, the crux of Malak's Action is to seek recourse against Bartels, Butler, and certain non-debtor entities as a result of Bartels bad acts, and not to seek recourse against the Debtor or assets of the Debtor's estate.

20. ADMITTED. By way of further answer, the crux of Malak's Action is to seek recourse against Bartels, Butler, and certain non-debtor entities as a result of Bartels bad acts, and not to seek recourse against the Debtor or assets of the Debtor's estate.

21. DENIED. Strict proof thereof is demanded for hearing. By way of further answer, the crux of Malak's Action is to seek recourse against Bartels, Butler, and certain non-debtor entities as a result of Bartels bad acts, and not to seek recourse against the Debtor or assets of the Debtor's estate.

22. DENIED. Movant's averment is a conclusion of law to which no responsive pleading is required and therefore, such averment is deemed denied. By way of further answer, from the commencement of the bankruptcy case, Malak has repeatedly asked the Trustee to pursue claims that would benefit the bankruptcy estate. His pleas, however, were ignored. In any event, the crux of Malak's Action is to seek recourse against Bartels, Butler, and certain non-debtor entities as a result of Bartels bad acts, and not to seek recourse against the Debtor or assets of the Debtor's estate.

23. DENIED. Movant's averment is a conclusion of law to which no responsive pleading is required and therefore, such averment is deemed denied.

24. DENIED. It is denied that the trustee should be substituted for Malak in the Federal District Court case. At best, the Trustee should be allowed to intervene as a co-party. To strip Malak from his status as Plaintiff in the action would be extremely prejudicial to him. Malak has incurred significant fees and costs in bringing the action for which the Trustee did not raise an objection for three months, an action that only seeks recourse against Bartels, Butler and their non-debtor entities and non-estate assets. If through his efforts, Malak is able to locate and recoup estate assets, such assets will be turned over to the Trustee. To that end, in pursuing recovery against

Bartels, Butler, and certain non-debtor entities under their control, Malak hereby expressly reserves his right to assert an administrative expense claim for the fees and costs incurred in identifying, recovering, and returning assets *of the bankruptcy estate*, all of which assets *will be turned over* to the estate.

25. DENIED. Movant's averment is a conclusion of law to which no responsive pleading is required and therefore, such averment is deemed denied. By way of further answer, there is no legal basis for the Court to issue such order. At best, the Court should issue an order consistent with its Order in response to the Baker Motion.

**CONCLUSION**

For the reasons set forth in this Objection, it is respectfully submitted that the Court should deny the relief sought by the Trustee. To rule otherwise would be inconsistent with the Court's Order with respect to the Baker Motion and would be extremely prejudicial to Malak. By contrast, affirming Malak's objection to the Trustee's Motion causes no harm or prejudice to the estate. It can only benefit the estate.

RESPECTFULLY SUBMITTED:

Dated: August 17, 2026
Wilkes-Barre, Pennsylvania

BY: /s/ David J. Harris
DAVID J. HARRIS, ESQUIRE

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re:**<br><br>**Luxury Time Global, LLC d/b/a Luxury Time Global**<br><br>**Debtor**<br><br>**Omar Baker**<br><br>**Plaintiff**<br>**vs.**<br><br>**Luxury Time Global, LLC and Eric Bartels**<br>**Defendants** | Case No.: 5:25-bk-00912-MJC<br><br>Adversary No. 5:25-ap-00065-MJC<br><br>Chapter 7<br><br>Judge Mark J. Conway |

**<u>ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY</u>**

Upon consideration of the Amended Motion for Relief from the Automatic Stay filed by Omar Baker filed March 6, 2026, Doc. 129 (the "Motion"), and it appearing that cause exists pursuant to 11 U.S.C. § 362(d)(1), and no opposition having been filed, and the Chapter 7 Trustee having concurred, it is hereby:

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that relief from the automatic stay is granted to permit Movant to prosecute the claims set forth in the adversary proceeding entitled Omar Baker v. Luxury Time Global LLC and Eric Bartel, Docket No. 5:25-ap-00065-MJC, in another forum solely for the limited purpose of establishing claims against Eric Bartels, a non-debtor, including claims for fraud, Unfair Trade Practices and Consumer Protection Laws, breach of contract, theft / civil conversion, and piercing the corporate veil, among other claims; and it is further

EXHIBIT "A"

**ORDERED** that the adversary complaint, entitled Omar Baker v. Luxury Time Global LLC and Eric Bartel, Docket No. 5:25-ap-00065-MJC, is hereby **DISMISSED** without prejudice to be filed in another forum; and it is further

**ORDERED** that Movant is expressly prohibited from enforcing any judgment, award, or claim against the Debtor or property of the bankruptcy estate absent further order of this Court.

By the Court,

Mark J. Conway, Bankruptcy Judge
Dated: March 19, 2026

EXHIBIT "A"