**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Luxury Time Global, LLC | : | Case No. **5:25-bk-00912-MJC** |
| | : | |
| Debtor | : | |

**TRUSTEE JILL E. DURKIN'S RESPONSE TO PETER MALAK'S OBJECTION TO TRUSTEE JILL E. DURKIN'S MOTION TO ENFORCE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(a)(3)**

Jill E. Durkin, the Chapter 7 Trustee (hereinafter the "Movant" or "Trustee") for the Estate of Luxury Time Global LLC, (the "Debtor"), pursuant to 11 U.S.C. §§ 362(a)(3) and 362(k), files this Response to Peter Malak's Objection to Motion to Enforce the Automatic Stay:

## PRELIMINARY STATEMENT

Peter Malak ("Malak") is a creditor in the bankruptcy case of Luxury Time Global ("Debtor"), pending before this Court. Malak has filed an Objection (ECF 165) to the Trustee's Motion to Enforce the Automatic Stay (ECF 152). The Objection filed by Peter Malak ("Malak") is devoid of any supporting case law and, put simply, mischaracterizes the issues facing this Court.

Malak attempts to characterize his claims as being entirely personal, against non-debtor parties, and without affect to the bankruptcy estate. That characterization is flawed. In reality, Malak seeks to circumvent the bankruptcy process and ensure his own recovery at the direct expense of other creditors – attempting to recover fraudulent transfers by the Debtor to third party insiders and entities that Malak alleges to be alter egos of the Debtor. Such efforts directly interfere with the Trustee's exclusive authority to administer the estate and therefore violate the Automatic Stay imposed by 11 U.S.C. Section 362.

Malak argues the automatic stay does not apply to him because he "recourse against Bartels and Butler and their controlled entities resulting from Bartels's bad acts and not against the

Debtor." (ECF 165 pg 2). But the "bad acts" at issue relate to Bartels's misuse and misappropriation of the Debtor's funds that resulted in the Debtor's failure to pay its debts to not just Malak but *all* the Debtor's creditors.

Like all other creditors, (i) Malak's claims arise out of an extension of credit to the Debtor, and (ii) Malak has filed a proof of claim in this bankruptcy. Malak alleges Bartels fraudulently induced him to extend credit and argues that this somehow constitutes a particularized injury enabling him to pursue his claims outside the bankruptcy process. But Malak's argument misstates the situation: the squandering of the Debtor's assets caused injury to the Debtor itself and to all other creditors just the same as those actions caused injury to Malak. Allowing Malak to pursue those claims individually would produce the very outcome the bankruptcy process is designed to prevent: a single creditor benefiting at the expense of all other creditors. The Court should therefore grant the Trustee's Motion.

I. **<u>Malak's Injury is Not Sufficiently Particularized</u>**.

A particularized injury is an injury that is personal and specific to an individual creditor and significantly different from the injuries suffered by other creditors in the bankruptcy case. "Personal" causes of action are "those in which the claimant has been harmed and `no other claimant or creditor has an interest in the cause.'" *In re Teknek,* 563 F.3d 639, 646 (7th Cir. 2009) quoting *Fisher v. Apostolou,* 155 F.3d 876, 879 (7th Cir. 1998). As the Seventh Circuit explained in that case, a creditor cannot manufacture a personal claim out of the individuality of his own dealings with the debtor: "a supplier's claim for payment on supplies would be deemed personal because no other creditor could claim payment for the same supplies . . . . If all such claims were 'personal,' no creditor would have to wait in line behind the bankruptcy trustee to assert her claims. With such segregation of claims, the bankruptcy system would collapse." *Teknek*, 563 F.3d at 644. But here the Trustee is charged with bringing fraudulent transfer (Section 548) and other

voidable transactions such as alter ego and UVTA actions (Section 544) for the benefit of all creditors.

Here, Malak may have been injured by the actions underlying his District Court Action. But so did the Debtor and all other creditors. Malak's injury was not a "particularized injury."

## II. MALAK'S SELF-SERVING CHARACTERIZATION OF HIS CLAIMS DO NOT DETERMINE WHETHER THEY ARE PROPERTY OF THE ESTATE

Throughout his Objection, Malak contends that the District Court action is proper because it only targets non-debtors. While on its face this may be true, this fact does not conclusively establish that the action does not involve property of the estate. The relevant consideration for this determination comes from the examination of the substance and theory of the claims, rather than how they are articulated.

Property of the estate is a very expansive term and "[i]t is well settled that causes of action may be considered property of a debtor's estate". *See United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n.9, 103 S. Ct. 2309, 76 L. Ed. 2d 515 (1983) ("The scope of this paragraph [§ 541(a)(1)] is broad. It includes all kinds of property, including tangible or intangible property, causes of action . . . and all other forms of property currently specified in section 70a of the Bankruptcy Act.") (citing S. Rep. No. 95-989, p. 82 (1978)).

Indeed, courts have long held that fraudulent conveyance claims, preferences, diversion, alter ego and successor liability claims are general claims and are property of the estate. *See e.g., In re Whittaker Clark & Daniels Inc.*, 176 F.4th 241, 267 (3d Cir. 2026); *In re PA Co-Man, Inc.,* 644 B.R. 553, 633 (Bankr. W.D. Pa. 2022). Malak's Objection repeatedly states that he seeks recourse against the individual, non-debtors as a result of "bad acts." However, Malak fails to identify what these "bad acts" may be. This is likely because the "bad acts" involved in this matter

are fraudulent transfers that Bartels made via the Debtor. Malak even admits that he repeatedly implored the Trustee to pursue these claims, further evidencing that these claims are within the Trustee's exclusive authority.

As observed by the Bankruptcy court in the Western District of Pennsylvania in analyzing an action that belongs to the estate, "if the cause of action is one that, under state law, "is a general one, with no particularized injury arising from it, ***and that claim could be brought by any creditor of the debtor . . .***" it will constitute property of the estate. [citations omitted]. *Official Comm. of Unsecured Creditors of Shubh Hotels Pittsburgh, LLC v. Bisaria (In re Shubh Hotels Pittsburgh, LLC*), ("*Shubh*"), No. 10-26337-JAD, 2011 Bankr. LEXIS 5283, at *7 (Bankr. W.D. Pa. May 16, 2011). The causes of action brought by Malak readily could be brought by every creditor in the case. Thus, the causes of action belong to the estate and are for the Trustee to undertake.

Notably, Malak's Objection suggests that the District Court action will aid the bankruptcy case as it will likely result in the recovery of assets that are property of the estate. Malak cannot unilaterally pursue claims that belong to the estate. Allowing this behavior would encourage the very race between creditors to obtain judgments that the automatic stay is designed to prevent. Indeed, the Trustee is charged with collecting and liquidating property of the estate -including the pursuit of transfers that may be avoided under Chapter 5 of the Bankruptcy Code. Permitting Malak to usurp this role to pursue claims only for himself would be prejudicial to all the other creditors abiding by the automatic stay. *Accord, Shubh supra*, 2011 Bankr. LEXIS 5283, at *15 ["To allow selected creditors to artfully plead their way out of bankruptcy court would unravel the bankruptcy process and undermine an ordered distribution of the bankruptcy estate"]. Accordingly, the mere fact that Malak has named only non-debtors in the District Court action is irrelevant to the nature of his claims, which undoubtedly involve estate property and therefore, his Objection should be overruled.

## III. THE BAKER ORDER DOES NOT ALLOW MALAK TO INFRINGE ON THE TRUSTEE'S EXCLUSIVE AUTHORITY OVER THESE CLAIMS.

Malak's Objection suggests that because this Court granted Baker relief from the stay to pursue claims against non-debtors, Malak should be entitled to pursue any claims he wants in any court he wants. But this suggestion assumes the two proceedings are identical. They are not.

First, Baker's relationship with Debtor/Bartels was that of a customer. Malak was a general unsecured creditor. Naturally, the claims associated with those relationships are significantly different. Second, as a customer, Baker was largely pursuing Unfair Trade Practices Consumer Protection Law and breach of contract claims. Additionally, the Baker claims were significantly smaller in value to those pursued by Malak and the Baker claims were unique to Baker, whereas Malak's claims would generally apply to all the other similarly situated supplier creditors. Most importantly, Baker asked for Court permission and Malak did not. Baker moved this Court for relief from the automatic stay, and this Court granted that relief for "cause" under 11 U.S.C. § 362(d)(1). That is the procedure the Bankruptcy Code prescribes for a creditor who wants to pursue claims of this kind, and it is the procedure the courts have identified as the creditor's remedy. Seeking relief also gave the Trustee the opportunity to analyze Baker's claims and to exercise her discretion about whether to pursue them. Malak bypassed all of it. He filed suit in another court without notice to this Court, to the Trustee, or to any other creditor, and he asks now to be excused because Baker did what Malak did not. Further, when that relief was granted, Baker was expressly prohibited from enforcing any judgment or award against the Debtor or the estate without Order of the Court, preserving for the estate any estate property that may be recovered.

Conversely, Malak has done no such thing. Malak simply raced to secure a judgment before other creditors on claims directly related to other creditors. In fact, Malak admits that he implored the Trustee to pursue these claims, which he now suggests the Trustee should be barred from doing.

Considering the above, the only similarity between the Baker Order and Malak's action is they stem from interactions with the same Debtor. As noted above, it is the Trustee that is charged with determining what claims to pursue in order to maximize the estate for **all** creditors. The Trustee has the authority to abandon specific individual claims in order to pursue large fraudulent transfer claims that will benefit all creditors. It is the Trustee's judgment that should be given deference rather than an individual creditor. The Trustee has reviewed Malak's claims and determined that they are worthy of pursuit for the benefit of all creditors of the estate. Malak is not and cannot be harmed by the Trustee's rightful exercise of authority and prosecutorial discretion. As such, the Objection should be Overruled.

## IV. THE FACT THAT MALAK INCURRED COSTS IS IRRELEVANT

Malak suggests that because he has incurred "significant" costs in pursuit of his District Court action, the proper application of § 362(a)(3) would be prejudicial to him. Malak's decision to incur costs associated with an action that not only attempts to "leapfrog" similarly situated creditors but is also contrary to § 362(a)(3) does not grant him the authority to continue said action. Malak admits that the District Court action "*can only benefit the bankruptcy estate*" (emphasis in original) as it is likely to result in recovery of estate property. Similarly, Malak states he implored the Trustee to pursue said actions, further evidencing his understanding that these actions are property of the estate. Most egregious of all, however, is that despite his understanding of the facts above, Malak decided to unilaterally pursue these actions himself without acquiring relief from the stay. Malak claims his situation is identical to Baker, but completely omits the fact that Baker sought and was subsequently granted relief from the stay. Baker followed the rules. Malak on the other hand, attempted to sidestep the Bankruptcy Court by simply racing to file his District Court action. Malak did not seek relief from the stay. Malak did not provide the Trustee with the opportunity to review and analyze his claims. Malak simply did not follow the rules. Malak's

decision to recklessly incur costs pursuing an action he is not entitled to pursue is an irrelevant consideration to the Trustee's Motion to Enforce the Automatic Stay. Accordingly, Malak's objection should be Overruled.

## V. BECAUSE THE CAUSES OF ACTION ASSERTED ARE PROPERTY OF THE ESTATE, MALAK'S LITIGATION VIOLATES THE AUTOMATIC STAY

Because the claims asserted in the Malak Complaint are property of the estate, the filing of the Complaint was an attempt to "exercise control over property of the estate" in violation of the automatic stay. Shubh at *17, [citing In re S.I. Acquisition. Inc., 817 F.2d 1142, 1153 (5th Cir. 1987) (holding the automatic stay applies to bar an attempt by a party other than the debtor in possession or Trustee to bring a cause of action that is property of the estate].The Trustee has moved to substitute herself as the Plaintiff in the Malak Complaint and to have the Complaint transferred to this Court, but that is being opposed by Malak. The proper remedy by this Court would be to enjoin Malak from pursuing the Complaint.

WHEREFORE, for the above stated reasons, Jill E. Durkin, Chapter 7 Trustee, respectfully requests this Honorable Court to issue an order (a) finding Malak in violation of the Automatic Stay pursuant to 11 U.S.C. § 362 (b); enjoining further Automatic Stay violations by Malak, including his continued prosecution of the competing District Court Action titled Peter Malak v. Eric D. Bartels, et al., filed at Case #3:26-cv-01222-JKM, United States District Court for the Middle District of Pennsylvania (the "District Court Action"), and (c) ordering Malak to take appropriate action to correct his stay violations and facilitate the substitution of the Trustee as Plaintiff in the District Court Action and the referral thereof to this Court; and (d) awarding any further relief this Court deems just and proper.

Dated: August 24, 2026

Respectfully Submitted,

*<u>/s/ Beverly Weiss Manne</u>*
Beverly Weiss Manne, Esq.
PA ID No. 34545
**TUCKER ARENSBERG, P.C.**
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-594-5525
Email: bmanne@tuckerlaw.com

Kasey D. Bolton, Esq.
PA I.D. No. 321169
300 Corporate Center Drive, Suite 200
Camp Hill, PA 17011
Phone: 717- 234-4121
Email: kbolton@tuckerlaw.com

Justin G. Gendler, Esq.
Gendler & Gendler
PO Box 450135
Fort Lauderdale Florida 33345-0135
Phone: 954-728-4569
Email: jgendler@gendlerlawyers.com.

PROPOSED SPECIAL COUNSEL TO JILL E. DURKIN, CHAPTER 7 TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Luxury Time Global, LLC | : | Case No. **5:25-bk-00912-MJC** |
| | : | |
| Debtor | : | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Enforce the Automatic Stay was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all parties including counsel for Respondent:

Geff Blake
Blake & Walsh, LLC
436 Jefferson Avenue
Scranton, PA 18510
Email: Gblake@blakewalshlaw.Com

David J. Harris, Esq.
67-69 Public Square, Suite 700
Wilkes-Barre, PA 18701
Email: dh@lawofficeofdavidharris.com
Counsel for Peter Malak

Date: August 24, 2026

*/s/ Beverly Weiss Manne*
Beverly Weiss Manne, Esq.
PA ID No. 34545
**TUCKER ARENSBERG, P.C.**
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-594-5525
Email: bmanne@tuckerlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Luxury Time Global, LLC | : | Case No. **5:25-bk-00912-MJC** |
| | : | |
| Debtor | : | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Enforce the Automatic Stay was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all parties including counsel for Respondent:

Geff Blake
Blake & Walsh, LLC
436 Jefferson Avenue
Scranton, PA 18510
Email: Gblake@blakewalshlaw.Com

David J. Harris, Esq.
67-69 Public Square, Suite 700
Wilkes-Barre, PA 18701
Email: dh@lawofficeofdavidharris.com
Counsel for Peter Malak

Date: August 24, 2026

*/s/ Beverly Weiss Manne*
Beverly Weiss Manne, Esq.
PA ID No. 34545
**TUCKER ARENSBERG, P.C.**
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-594-5525
Email: bmanne@tuckerlaw.com